UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC.<br><br>Plaintiff,<br><br>v.<br><br>T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO., and PLANET EARTH RECYCLING INC.,<br><br>Defendants. | : | C.A. No. 06-219-ML |

**ANSWER AND COUNTERCLAIM**

Defendants T G Plastics Trading Co. Inc. d/b/a National Plastics Trading Co. ("National Plastics") and Planet Earth Recycling Inc. ("Planet Earth") (hereinafter collectively referred to as Defendants) for their answer and counterclaims hereby state as follows:

**PARTIES AND JURISDICTION**

1. Defendants admit the allegations contained in this paragraph.

2. Defendants admit the allegations contained in this paragraph.

3. Defendant Planet Earth admits it is a Colorado corporation with a principal place of business at 2230 East Grand Avenue, Englewood, Colorado. Planet Earth denies it has sufficient contacts with Rhode Island to be subject to the jurisdiction of this Court and will move for a dismissal for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

4. Defendants deny the allegations contained in this paragraph.

5. National Plastics admits the allegations contained in this paragraph as they relate to it. Planet Earth denies the allegations contained in this paragraph as they relate to it.

## FACTS COMMON TO ALL ACCOUNTS

6. Defendants admit the allegations contained in this paragraph.

7. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and, accordingly, deny same.

8. Defendants admit the allegations contained in this paragraph.

9. Defendants admit National Plastics and Planet Earth have business locations at the same address in Englewood, Colorado. Defendants deny the remaining allegations contained in this paragraph.

10. Defendants admit Toray has contracted with National Plastics and its predecessor business entities since the early 1990's to remove the Excess Material from Toray's manufacturing facility. Defendants deny the remaining allegations contained in this paragraph.

11. Defendants admit National Plastics pays for an independent contractor to remove Excess Material from Toray's manufacturing facility and to prepare this material for sale to customers outside of the United States. Defendants deny the remaining allegations contained in this paragraph.

12. Defendants admit the allegations contained in this paragraph as they relate to National Plastics and deny the allegations contained in this paragraph as they relate to Planet Earth.

13. Defendants admit the allegations contained in this paragraph as they relate to National Plastics and deny the allegations contained in this paragraph as they relate to Planet Earth.

14. Defendants admit the allegations contained in this paragraph as they relate to National Plastics and deny the allegations contained in this paragraph as they relate to Planet Earth.

15. Defendants deny the allegations contained in this paragraph.

16. Defendants deny the allegations contained in this paragraph.

17. Defendants deny the allegations contained in this paragraph.

## COUNT I

## BREACH OF CONTRACT—NATIONAL PLASTICS

18. Defendants incorporate their responses to paragraphs 1 through 17 as if fully set forth herein.

19. Defendants deny the allegations contained in this paragraph.

20. Defendants deny the allegations contained in this paragraph.

21. Defendants admit National Plastics has withheld payment of some invoices, but deny such payments are due as alleged.

22. Defendants deny the allegations contained in this paragraph.

## COUNT II

## BOOK ACCOUNT—NATIONAL PLASTICS

23. Defendants incorporate their responses to paragraphs 1 through 22 as if fully set forth herein.

24. Defendants deny the allegations contained in this paragraph.

**COUNT III**

**QUANTUM MERIT AND UNJUST ENRICHMENT—NATIONAL PLASTICS**

25. Defendants incorporate their responses to paragraphs 1 through 24 as if fully set forth herein.

26. Defendants deny the allegations contained in this paragraph.

27. Defendants deny the allegations contained in this paragraph.

**COUNT IV**

**BREACH OF CONTRACT—PLANET EARTH**

28. Defendants incorporate their responses to paragraphs 1 through 27 as if fully set forth herein.

29. Defendants deny the allegations contained in this paragraph.

30. Defendants deny the allegations contained in this paragraph.

31. Defendants deny the allegations contained in this paragraph.

32. Defendants deny the allegations contained in this paragraph.

**COUNT V**

**BOOK ACCOUNT—PLANET EARTH**

33. Defendants incorporate their responses to paragraphs 1 through 32 as if fully set forth herein.

34. Defendants deny the allegations contained in this paragraph.

## COUNT VI

## QUANTUM MERIT AND UNJUST ENRICHMENT—PLANET EARTH

35. Defendants incorporate their responses to paragraphs 1 through 34 as if fully set forth herein.

36. Defendants deny the allegations contained in this paragraph.

37. Defendants deny the allegations contained in this paragraph.

38. Defendants hereby deny all allegations stated in the Complaint not expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Planet Earth and, accordingly, all claims alleged against Planet Earth should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's equitable claims are barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its material breach of the verbal contract upon which said claims are based.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's equitable claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to a set-off that would bar any recovery.

# COUNTERCLAIM

## PARTIES AND JURISDICTION

1. Counterclaim plaintiff National Plastics in a Colorado corporation with its principal place of business in Englewood, Colorado.

2. Counterclaim defendant Toray Plastics (America), Inc. ("Toray") is a Rhode Island corporation with a principal place of business in North Kingstown, Rhode Island.

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

5. Toray manufactures oriented polyester ("PET") and oriented polypropylene ("OPP") film products for consumer packaging and industrial applications.

6. As a by-product of PET and OPP manufacturing, Toray is left with material that does not meet the specifications for its manufacturing process (the "Excess Material").

7. National Plastics was in business for the sole purpose of acquiring the Excess Material from Toray for resale in China and Japan (the "Asian market").

8. As part of its business, National Plastics arranged and paid for the pick-up of the Excess Material, preparation of the Excess Material for international shipment and, ultimately, shipping the Excess Material to the Asian market for resale.

9. National Plastics and its predecessors in interest have continuously conducted this business with Toray as the lone source of supply for over 15 years.

10. The contractual agreements between National Plastics and Toray have been verbal and/or based upon their custom and practice and course of dealing over the years.

11. In November of 2004 an agreement was reached between National Plastics and Toray pursuant to which National Plastics was to receive 100% of the Excess Material in exchange for which National Plastics agreed to pay a higher price per pound for the Excess Material.

12. National Plastics and Toray operated under this agreement for several months. In September of 2005 Toray approached National Plastics and requested an additional increase in the price per pound National Plastics was paying for a portion of the Excess Material. National Plastics agreed to pay the higher price throughout the remainder of 2005 in exchange for an agreement that National Plastics would continue to receive 100% of the Excess Material throughout 2006.

13. In reliance on this agreement, National Plastics purchased the Excess Material from Toray for the remainder of 2005, and National Plastics otherwise fully performed under the agreement between Toray and National Plastics.

14. Throughout 2004 and 2005 National Plastics was selling the Excess Material in the Asian market. Toray knew National Plastic resold the Excess Material in the Asian market. At some point in 2005, in spite of the agreement Toray would sell 100% of the excess material to National Plastics, Toray provided some portion of the Excess Material, through a broker, for sale in the Asian market at a price far below the market price National Plastics was dependent upon to maintain its business. In fact, the Excess Material was sold in the Asian market at a price below that which National Plastics was being offered by Toray to purchase the Excess Material

in Rhode Island. This sale of Excess Material in the Asian Market was done completely without National Plastic's knowledge or consent. In fact, when National Plastics learned what had happened and asked Toray for an explanation, Toray denied any such sale of Excess Material had taken place.

15. When the Excess Material was sold in the Asian market at this greatly reduced price, National Plastics' customers were outraged. In the Asian market culture, this event seriously damaged National Plastics' reputation and ability to do business.

16. In addition, throughout 2004 and 2005 the amounts National Plastics paid for the Excess Material was improperly inflated by Toray. For example, the price for this material is based on weight. However, Toray was charging National Plastics for the cardboard rolls the material was wrapped around and the weight of the other types of packaging material as if it was part of the Excess Material. Obviously, these charges were improper.

17. The Excess Material includes within it several different, specific types of material that all have different market value and, accordingly different prices. On several occasions Toray would charge National Plastics for one specific type of Excess Material but provide a different, less expensive, type of Excess Material. The practice of providing non-conforming Excess Material led to a great deal of problems for National Plastics when the Excess Material was resold in the Asian market.

18. In January of 2006, Toray made the unilateral decision to reduce the amount of Excess Material it would provide to National Plastics without reducing the per pound price it charged National Plastics.

19. Further, Toray unilaterally altered the long-standing course of dealing between the parties by declaring that all Excess Material was being sold on an as-is basis and no claims for non-conforming sales of Excess Material would be considered.

20. The foregoing events and unilateral actions on the part of Toray combined to effectively close down National Plastics' business.

**FIRST COUNTERCLAIM**

**BREACH OF CONTRACT**

21. National Plastics hereby incorporates the allegations set forth in paragraphs 1 through 20 of the Counterclaim as if fully set forth herein.

22. Toray entered into a contract with National Plastics for the sale of Excess Material.

23. Toray breached this contract by improperly charging National Plastics for the Excess Material, by providing non-conforming types of Excess Material and by failing to provide National Plastics with 100% of the Excess Material.

24. National Plastics has substantially performed its obligations in the contract or is excused from further performance as a result of the breach of the contract by Toray.

25. As a result of Toray's breach of contract National Plastics has suffered financial losses and damages to its business and reputation which have crippled its ability to do business.

WHEREFORE, National Plastics demands judgment against Toray for such damages in an amount to be proven at trial plus statutory interest, costs and attorneys' fees allowed by law.

## SECOND COUNTERCLAIM

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

26. National Plastics hereby incorporates the allegations set forth in paragraphs 1 through 25 of the Counterclaim as if fully set forth herein.

27. Toray entered into a contract with National Plastics for the sale of Excess Material.

28. Toray failed to act in good faith and to deal fairly with National Plastics in performing under the contract by improperly charging National Plastics for the Excess Material, by providing non-conforming types of Excess Material and by failing to provide National Plastics with 100% of the Excess Material. In addition, Toray breached the covenant of good faith and fair dealing in the contract by selling Excess Material at below market prices in the Asian market.

29. As a result of Toray's breach of contract National Plastics has suffered financial losses and damages to its business and reputation which have crippled its ability to do business.

WHEREFORE, National Plastics demands judgment against Toray for such damages in an amount to be proven at trial plus statutory interest, costs and attorneys' fees allowed by law.

## THIRD COUNTERCLAIM

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

30. National Plastics hereby incorporates the allegations set forth in paragraphs 1 through 29 of the Counterclaim as if fully set forth herein.

31. Toray entered into a contract with National Plastics for the sale of Excess Material.

32. Toray failed to provide Excess Material that was merchantable or suitable for resale in the relevant market as part of this contract.

33. As a result, National Plastics suffered financial losses and damages to its business and reputation which have crippled its ability to do business.

WHEREFORE, National Plastics demands judgment against Toray for such damages in an amount to be proven at trial plus statutory interest, costs and attorneys' fees allowed by law.

**FOURTH COUNTERCLAIM**

**TORTIOUS INTERFERENCE WITH ADVANTAGEOUS AND PROSPECTIVE RELATIONSHIPS**

34. National Plastics hereby incorporates the allegations set forth in paragraphs 1 through 33 of the Counterclaim as if fully set forth herein.

35. National Plastics had ongoing business relationships with customers in the Asian market.

36. Toray was aware of National Plastics' business relationships with customers in the Asian market.

37. Toray interfered with National Plastics' business relationships by selling Excess Material in the Asian market in breach of its agreement with National Plastics and by selling that Excess Material at prices far below the market price.

38. Toray was fully informed that these sales at below market prices would substantially impact National Plastics' ability to conduct future business in the Asian market.

39. As a direct result of Toray's conduct, National Plastics suffered financial losses and damages to its business and reputation which have crippled its ability to do business.

WHEREFORE, National Plastics demands judgment against Toray for such damages in an amount to be proven at trial plus statutory interest, costs and attorneys' fees allowed by law.

T G PLASTICS TRADING CO., INC.
d/b/a NATIONAL PLASTICS TRADING CO. and
PLANET EARTH RECYCLING INC.

Ronald W. Del Sesto

Ronald W. Del Sesto (#242)
Del Sesto-Hall's Building
49 Weybosset Street,
Providence, Rhode Island 02903
Tel.: (401) 421-1492
Fax: (401) 421-9080

DATED: 17 July 2006

**VERIFICATION**

I hereby certify that I am the President of T G Plastics Trading Co., Inc., d/b/a National Plastics Trading Co. and Planet Earth Recycling Inc., the named Defendants in this case, that I have read the foregoing Answer and Verified Counterclaim, know the contents thereof, and the allegations contained therein are true and correct to the best of my knowledge and information.

Torge R Goderstad

Torge Goderstad
President
T G Plastics Trading Co., Inc.,
d/b/a National Plastics Trading Co.
and Planet Earth Recycling, Inc.

STATE OF COLORADO )
) ss.
COUNTY OF ARAPAHOE )

SUBSCRIBED AND SWORN to before me this ____ day of July, 2006.

______________________________
Notary Public

My commission expires: ______________________________

**CERTIFICATION**

I hereby certify that on the 17TH day of July, 2006, I mailed a true and accurate copy of the foregoing ANSWER AND VERIFIED COUNTERCLAIM to Jeffrey S. Brenner, Esq. and Joseph B. White, Esq., Nixon Peabody LLP, Suite 500, One Citizens Plaza, Providence, RI 02903.

Lynn C. Hunter