UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. | : | |
| | : | |
| V. | : | C.A. No. 06-219/ML |
| | : | |
| T G PLASTICS TRADING CO. INC. d/b/a | : | |
| NATIONAL PLASTICS TRADING CO. and | : | |
| PLANET EARTH RECYCLING INC. | : | JURY TRIAL CLAIMED |

# ANSWER TO COUNTERCLAIM

## PARTIES AND JURISDICTION

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

## GENERAL ALLEGATIONS

5. Admitted.

6. Admitted. Additionally, Toray admits that the term "Excess Material" is defined for polyester (PET) to be material that does not meet specification, and that for polypropylene (OPP), Excess Material means material that does not meet specification and includes material that is aged (over 12 months) or obsolete.

7. Toray admits that National Plastics was in the business of acquiring the Excess Material from Toray for resale in China and Japan. Toray neither admits nor denies that this was National Plastics' "sole purpose" of business and leaves National Plastics to its burden of proof.

8. Admitted.

9. Toray admits that National Plastics and its predecessors have continuously conducted its business with Toray as a source of supply for over 15 years. Toray neither admits

nor denies that it was National Plastics' "lone source" of supply and leaves National Plastics to its burden of proof.

10. Admitted. Additionally, Toray admits that the parties made agreements via e-mail in 2005 and 2006.

11. Toray admits that an agreement was reached between National Plastics and Toray, evidenced by an e-mail dated October 25, 2004, from George Watts to Torge Goderstad, pursuant to which National Plastics was to receive 100% of certain products listed in the e-mail at agreed upon pricing. Other conditions were stated in the e-mail, including payment terms and claims resolution. Toray denies that the agreement included the aged or obsolete material for polyester film. Toray admits that National Plastics agreed to pay market price per pound for these defined products. Toray denies the remaining allegations set forth in this paragraph.

12. Toray admits that there were discussions between Torge Goderstad and Toray throughout 2005 on several occasions regarding market pricing. As a result, changes to the agreement were made that resulted in both increased pricing as well as decreased pricing. During the fall of 2005, Torge Goderstad advised Toray that National Plastics could no longer meet agreed upon contract pricing for certain polyester film (48g – 200g) along with metallized OPP excess and aged rolls of film. In addition, Toray told Torge Goderstad that National Plastics was not meeting its payment terms and that National Plastics was in default as a result. Toray denies the remaining allegations set forth in this paragraph.

13. Toray admits that National Plastics purchased the Excess Material from Toray in 2005. Toray neither admits nor denies that National Plastics relied upon an agreement with Toray and leaves National Plastics to its burden of proof. Toray denies that National Plastics otherwise fully performed under the agreement between Toray and National Plastics, because National Plastics did not remain within the agreed upon payment terms, National Plastics did not substantiate its claims, National Plastics short paid invoices, and National Plastics refused to accept product that it was contractually obligated to take pursuant to the agreement as well as receiving price decreases on certain polyester products in violation of the agreement.

14. Toray admits the allegations in the first and second sentences. Toray also admits that it offered this aged and obsolete PET material which was not part of the agreement to National Plastics as an additional sale. National Plastics refused to buy the material and advised Toray to find another buyer. Toray informed National Plastics that it would find another buyer for the material, and, in fact, Toray found another buyer for the material. Toray denies the allegations in the third, fifth, and sixth sentences. Toray neither admits nor denies the allegations in the fourth sentence and leaves National Plastics to its burden of proof.

15. Toray neither admits nor denies the allegations set forth in this paragraph and leaves National Plastics to its burden of proof.

16. Toray admits to the best of its knowledge that it has always allowed a tare weight deduction for pallets formulated from a good faith calculation. This was an accepted practice for many years between the parties without any problem or issue. As part of the business relationship, Toray film was removed from its' facility by a representative of Defendants and repackaged at an outside warehouse controlled by National Plastics for many years. Any specific issues that arose from the practice were addressed and resolved in a mutually satisfactory manner. In a meeting held on March 24, 2006, regarding the status of late payments, Torge Goderstad stated that the tare weight was no longer an acceptable amount and should be increased. Toray reviewed the weight amount and agreed to increase the tare weight as requested even though a sample of pallet weights were taken in the Toray plant and it was determined that the current amount was close to that sample. Toray denies the remaining allegations set forth in this paragraph.

17. Toray admits the allegations in the first sentence. Toray denies the allegations in the second and third sentences. Toray further admits that when the issue was brought to Toray's attention in March 2006, Toray reviewed its procedures and made changes to accommodate the requests from National Plastics. As a result of the complaint, Toray agreed to pay National Plastics for all substantiated errors. Toray never received adequate documentation and attempted to calculate on its own an amount of compensation and offered that amount to Torge Goderstad

in good faith to continue the relationship. To date, Toray has still not received any sufficient documentation indicating Toray's errors or issues.

18. Toray admits that in response to a request by National Plastics for an exclusive for the Excess Material, Toray agreed to provide National Plastics with a majority of the Excess Material as long as it was at market price. Toray denies the remaining allegations set forth in this paragraph.

19. Toray admits that the business practice between the parties has always been that the Excess Material was provided in "as-is" condition. Toray also admits that it has allowed claims presented by National Plastics throughout the course of the relationship when Toray was made aware of issues in good faith and was provided documentation of the issues. Toray further agreed to accept claims in March 2006 if National Plastics could provide substantiated documentation of Toray's errors. Toray denies the remaining allegations set forth in this paragraph.

20. Denied.

FIRST COUNTERCLAIM
BREACH OF CONTRACT

21. Toray incorporates its responses to paragraphs 1-20 above.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

SECOND COUNTERCLAIM
BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

26. Toray incorporates its responses to paragraphs 1-25 above.

27. Admitted.

28. Denied.

29. Denied

## THIRD COUNTERCLAIM
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

30. Toray incorporates its responses to paragraphs 1-29 above.

31. Admitted.

32. Denied.

33. Denied.

## FOURTH COUNTERCLAIM
## TORTIOUS INTERFERENCE WITH ADVANTAGEOUS AND PROSPECTIVE RELATIONSHIPS

34. Toray incorporates its responses to paragraphs 1-33 above.

35. Admitted.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

## AFFIRMATIVE DEFENSES

1. National Plastics' claims are barred because National Plastics breached its contractual agreement with Toray.

2. National Plastics' claims are barred because National Plastics has failed to mitigate its damages.

3. National Plastics' claims are barred by the doctrine of estoppel.

4. National Plastics' claims are barred by the doctrine of accord and satisfaction.

5. Any damage suffered by National Plastics was the result of acts and omissions of National Plastics and not the result of acts or omissions of Toray.

6. National Plastics' has no statutory, contractual, or other right to recoup its costs and/or attorneys fees in bringing this action.

7. National Plastics' claims are barred because National Plastics' conduct has been inequitable.

8. National Plastics' claims against Toray are barred by the doctrine of unclean hands.

9. National Plastics' claims are barred because National Plastics has not acted in good faith.

10. National Plastics' claims are barred by the doctrine of offset.

11. National Plastics' claims are barred by the Statute of Frauds.

12. National Plastics' claims are barred by the doctrine of laches.

13. National Plastics' claims are barred by the doctrine of waiver.

14. National Plastics' Counterclaim fails to state a claim for which relief may be granted.

WHEREFORE, Toray requests that National Plastics' Counterclaim be dismissed, and that this Court award Toray its costs as well as attorneys fees in the defense of the Counterclaim.

JURY TRIAL DEMAND

COUNTERCLAIM-DEFENDANT CLAIMS A TRIAL BY JURY

Plaintiff and Counterclaim-Defendant,
Toray Plastics (America), Inc.,
By its Attorneys,

Jeffrey S. Brenner (#4369)
Joseph B. White (#5900)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

Dated: July 31, 2006

CERTIFICATE OF SERVICE

I hereby certify that I mailed a copy of the within Answer to Counterclaim to Ronald W. Del Sesto, Esq., Del Sesto – Hall's Building, 49 Weybosset Street, Providence, RI 02903, and Perry L. Glantz, Esq., Fognani & Faught, PLCC, 1700 Lincoln Street, Suite 2222, Denver, CO 80203, on this 31st day of July, 2006.