UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. | : | |
| | : | |
| V. | : | C.A. No. 06-219/ML |
| | : | |
| T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO. and PLANET EARTH RECYCLING INC. | : | |

**PRE-TRIAL CONFERENCE STATEMENT SUBMITTED BY PLAINTIFF TORAY PLASTICS (AMERICA), INC.**

## I. The Parties

Plaintiff Toray Plastics (America), Inc. ("Toray"), is a Rhode Island corporation with a principal place of business in North Kingstown, Rhode Island. Defendant T G Plastics Trading Co. Inc. d/b/a National Plastics Trading Co. ("National Plastics") and Defendant Planet Earth Recycling, Inc. ("Planet Earth") are Colorado corporations, with the same principal place of business in Colorado, and are related entities controlled by Torge Goderstad.

## II. The Business Relationship Between the Parties

Toray manufactures oriented polyester ("PET") and oriented polypropylene ("OPP") film products for consumer packaging and industrial applications. Toray annually produces approximately 55 million pounds of Lumirror® PET films and 90 million pounds of Torayfan® OPP film in Rhode Island. In connection with PET and OPP manufacturing, Toray has material that does not meet its specifications for its manufacturing process (the "Excess Material"). The Excess Material for PET is material that does not meet specification. The Excess Material for OPP is material that does not meet specification and includes material that is aged, defined as over twelve (12) months old, or obsolete.

Since the early 1990's, Toray contracted with National Plastics, Planet Earth, and/or their predecessor business entities to remove the Excess Material from Toray's manufacturing facility. After they removed the Excess Material, National Plastics and Planet Earth processed the Excess Material at their facilities in Rhode Island and elsewhere, and they sold the processed Excess Material to their customers, primarily outside of the United States. Toray invoiced National Plastics and Planet Earth for the Excess Material on a regular basis. The invoices are based upon the classification and weight of the Excess Material multiplied by the price per pound which has been previously agreed upon between the parties. Toray's contractual agreements with National Plastics and Planet Earth have been through e-mail correspondence and verbal throughout the course of their business relationship.

## III. <u>The Dispute Between the Parties</u>

National Plastics currently owes Toray $483,831.29 for unpaid invoices, and Planet Earth currently owes Toray $999,841.69 for unpaid invoices. These unpaid invoices total $1,483,672.98.

Toray filed the Complaint against National Plastics and Planet Earth for breach of contract, book account, and quantum meruit/unjust enrichment. Spreadsheets summarizing the unpaid invoices are attached to Toray's Complaint. National Plastics filed a Counterclaim against Toray for breach of contract, breach of the covenant of good faith and fair dealing, breach of the implied warranty of merchantability, and tortuous interference with advantageous and prospective relationships. National Plastics has yet to quantify its alleged damages.

## IV. <u>Compliance With Rule 26 Initial Disclosures</u>

It is anticipated that the parties will comply with their Rule 26 initial disclosure requirements before the Pre-Trial Conference. In fact, counsel for the parties have spoken several times regarding their clients' respective allegations and defenses, the possibility of continuing a business relationship between the parties, Rule 26 initial disclosure, future discovery, and alternative dispute resolution.

## V. Anticipated Discovery

Given that the parties' business relationship has been based upon e-mail correspondence and verbal agreements, Toray anticipates that the parties will need at least six (6) to nine (9) months to complete discovery, in order to obtain documents from third parties as well as to conduct depositions of representatives of the parties and third parties who are located throughout the country.

## VI. Potential for Alternative Dispute Resolution

Counsel have conferred regarding alternative dispute resolution and jointly request that Magistrate Judge Robert Lovegreen mediate this case before the parties commence the next phase of discovery.

Plaintiff,
Toray Plastics (America), Inc.,
By its Attorney,

/s/ Jeffrey S. Brenner
Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

Dated: September 13, 2006

CERTIFICATE OF SERVICE

I hereby certify that I forwarded a copy of the within Pre-Conference Statement to Ronald W. Del Sesto, Esq., Del Sesto – Hall's Building, 49 Weybosset Street, Providence, RI 02903, and Perry L. Glantz, Esq., Fognani & Faught, PLCC, 1700 Lincoln Street, Suite 2222, Denver, CO 80203, on this 13th day of September, 2006 via electronic filing and regular mail, postage prepaid.

/s/ Jeffrey S. Brenner