UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC.<br><br>Plaintiff,<br><br>v.<br><br>T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO., and PLANET EARTH RECYCLING INC.,<br><br>Defendants. | : | C.A. No. 06-219-ML |

**DEFENDANTS' STATEMENT OF CLAIMS**

Pursuant to LR Cv 16, Defendants T G Plastics Trading Co. Inc. d/b/a National Plastics Trading Co. ("National Plastics") and Planet Earth Recycling Inc. ("Planet Earth"), by and through their attorneys, submit the following Statement of Claims.

## I. AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLAIMS

Defendants have asserted the following affirmative defenses, as set forth in their Answer and Counterclaim: (1) lack of personal jurisdiction over Defendant Planet Earth; (2) equitable estoppel; (3) material breach of contract; (4) doctrine of unclean hands; and (5) set-off. The facts alleged and/or elements required to be shown in support of these affirmative defenses are summarized as follows. In addition, Defendants contend Plaintiff cannot meet its burden as to each of its claims.

### A. Lack of Personal Jurisdiction

The Court lacks personal jurisdiction over Defendant Planet Earth Recycling Inc. Planet Earth at no time engaged in any business transaction or otherwise made any contacts with

Plaintiff or any other persons residing in or doing business in the forum. All claims against Planet Earth should be dismissed.

**B. Equitable Estoppel**

Plaintiff made misrepresentations including those regarding the sale of 100% of its Excess Material under the contract and its agreement not to sell other material in the Asian market. These misrepresentations were made with reason to believe Defendant National Plastics would rely on them. Defendant National Plastics did rely on Plaintiff's misrepresentations to its detriment.

**C. Material Breach of Contract**

Plaintiff materially breached the contract in a number of ways, including the sale of Excess Material to third parties, manipulating the Asian market for Excess Material by and through the sale of Excess Material at below market prices, and underestimating tare weight on goods delivered to Defendant National Plastics under the contract. These material breaches by Plaintiff excused Defendant National Plastics from further performance.

**D. Doctrine of Unclean Hands**

Plaintiff is barred from obtaining equitable relief by the doctrine of unclean hands as Plaintiff failed to act fairly and in good faith in its dealings with Defendant National Plastics and otherwise failed to perform under the contract. As a direct result of Plaintiff's conduct Defendant National Plastics suffered damages.

**E. Set-Off**

Any damages due Plaintiff under its claims are set off by amounts due to or paid by Defendants under the contractual agreement.

## II. COUNTERCLAIMS

The parties entered into a contract for the sale of excess material, including oriented polyester ("PET") and oriented polypropylene ("OPP") film that did not meet Plaintiff's product specifications for consumer packaging and industrial applications. The contractual agreements between the parties have been verbal and/or based upon their custom and practice and course of dealing over 15 years.

In November 2004 and an agreement between the parties was reached, pursuant to which Defendant National Plastics was to receive 100% of Plaintiff's Excess Material through 2005. This agreement was extended through 2006 in subsequent communications between the parties. In exchange for the exclusive deal, and in reliance on this agreement, Defendant National Plastics agreed to pay a higher unit price for the Excess Material. Defendant National Plastics asserts the following counterclaims: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) breach of implied warranty of merchantability; and (4) tortious interference with advantageous and prospective relationships.

### A. Breach of Contract

Plaintiff breached the contract by: (1) selling Excess Material to third parties; (2) underestimating the tare weight of the shipments; (3) unilaterally reducing the amount and/or share of Excess Material delivered under the contract without reducing the unit cost to Defendant National Plastics; and (4) delivering non-conforming goods under the contract.

Defendant National Plastics relied in good faith and to its substantial detriment upon the representations of Plaintiff and the parties' long-standing course of dealing. Damages suffered by Defendant National Plastics include but are not limited to lost profits under the contract,

increased costs and business losses due to market impacts caused by Plaintiff's breach. As a result of Plaintiff's breach of contract, Defendant National Plastics is insolvent and no longer viable as a going concern, such that its damages include the full value of National Plastics as a going concern under the contract in the absence of Plaintiff's breach.

**B. Breach of the Covenant of Good Faith and Fair Dealing**

Plaintiff failed to act in good faith in its dealings with Defendant National Plastics by (1) over-charging for delivered goods; (2) delivering non-conforming goods; (3) selling Excess Material to third parties; (4) manipulating the market for Excess Material in Asia. As a direct result of Plaintiff's failure to deal fairly and in good faith under the contract Defendant National Plastics lost profits, suffered business losses, and damages to its business reputation rendering National Plastics insolvent.

**C. Breach of Implied Warranty of Merchantability**

Plaintiff delivered non-conforming goods under the contract which were not suitable for subsequent sale by Defendant National Plastics in the relevant market at market prices. Plaintiff's delivery of non-conforming goods directly and proximately resulted in damages to Defendant National Plastics, including lost profits and other business losses and damage to business reputation, ultimately rendering National Plastics insolvent.

**D. Tortious Interference with Advantageous and Prospective Relationships**

Defendant National Plastics had ongoing business relationships with customers in the Asian market, a fact known to Plaintiff during the years of dealings over the contract period. Plaintiff interfered with Defendant National Plastics' business relationships with its Asian customers by selling Excess Material, in breach of the contract, in the Asian market at prices well below market price. Plaintiff knew the sale of material at prices below market value would

interfere with Defendant National Plastics' business relationships and National Plastics' ability to continue its advantageous and prospective relationships in the Asian market. This interference was neither justified nor excusable. As a direct and proximate result of Plaintiff's interference, Defendant National Plastics lost profits, suffered business losses, and damages to its business reputation rendering National Plastics insolvent.

DATED this 13th day of September, 2006.

T G Plastics Trading Co. Inc. d/b/a National Plastics Trading Co. and Planet Earth Recycling Inc., Defendants

By: /s/ Perry L. Glantz

Perry L. Glantz, Esq., *admitted Pro Hac Vice*
R. Kirk Mueller, Esq., *admitted Pro Hac Vice*
Fognani & Faught, PLLC
1700 Lincoln Street, Suite 2222
Denver, CO 80203
Telephone: 303-382-6200
Facsimile: 303-382-6210

And

Ronald W. Del Sesto, Esq.
R.I. Bar ID #242
Del Sesto-Hall's Building
49 Weybosset Street,
Providence, Rhode Island 02903

**CERTIFICATION**

I hereby certify that on the 13th day of September, 2006, a true and accurate copy of the foregoing was electronically filed via ECF with the U.S. District Court for the District of Rhode Island and served electronically via the Court's ECF system upon Jeffrey S. Brenner, Esq. and Joseph B. White, Esq., Nixon Peabody LLP, Suite 500, One Citizens Plaza, Providence, RI 02903.

/s/ Perry L. Glantz, Esq.