# SCHEDULE A
# JESSICA TRANSPORT SERVICES, INC.

## DEFINITIONS

Without limiting the scope of the Federal Rules of Civil Procedure, the following definitions shall apply to all of the following document requests:

1. "Jessica Transport" means Jessica Transport Services, Inc. and its present and former directors, officers, employees, agents, partners, subsidiaries, affiliates, divisions, consultants, representatives, attorneys, accountants, and any other person who has acted on or purported to act on any of their behalf.

2. "Toray" means Toray Plastics (America), Inc. and its present and former directors, officers, employees, agents, partners, subsidiaries, affiliates, divisions, consultants, representatives, attorneys, accountants, and any other person who has acted on or purported to act on any of their behalf.

3. "National Plastics" means National Plastics Trading Company and its present and former directors, officers, employees, agents, partners, subsidiaries, affiliates, divisions, consultants, representatives, attorneys, accountants, and any other person who has acted on or purported to act on any of their behalf.

4. "Planet Earth" means Planet Earth Recycling, Inc. and its present and former directors, officers, employees, agents, partners, subsidiaries, affiliates, divisions, consultants, representatives, attorneys, accountants, and any other person who has acted on or purported to act on any of their behalf.

5. "Excess Material" shall mean material that was supplied by Toray to National Plastics and Planet Earth that does not meet Toray's specifications for its manufacturing process in connection with oriented polyester ("PET") and oriented polypropylene ("OPP") film products. For OPP, the term "Excess Material" also means material that is aged (over 12 months) or obsolete.

6. Any reference to an individual person, either singularly or as part of a defined group, includes that person's employees, agents, representatives (legal or otherwise), attorneys, heirs, successors, and assigns, and also includes any other person or entity acting on the behalf of such individual person.

7. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

8. "Concerning" means referring to, relating to, describing, discussing, evidencing, or constituting.

9. "Document" means any kind of printed, recorded, written, graphic, or photographic matter (including tape, video and film recordings) however printed, produced, reproduced, coded, or stored, of any kind or description, whether sent or received or not, including originals, drafts, copies, non-identical copies or reproductions, summaries, reports, data compilations and tabulations, whether stored by mechanical, photographic or electronic means (including data processing of all types). The term "document" shall also include, but not be limited to, the following: any writing, drawing, graph, chart, map, as-built drawing, diagram, design, order form, invoice, bill of lading, shipment notice, photograph, film, tape recording, video recording, or any other records or data compilations from which information can be obtained. The term "document" shall also include, without limitation, each note, memorandum, letter, work paper, minutes, book, diary, blue print, index, microfilm, account, opinion, appraisal, brochure, pamphlet, circular, telegram, release, article, analysis, transcript, agreement, check, electronic transfer of funds or other payment, checkstub, receipt, data processing card or disc, and any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, and any other document or writing of whatever description including, but not limited to, any information contained in any computer, although not yet printed out.

10. "Meeting" means the collective presence, in person, by phone, or by any other electronic medium, of two or more persons.

11. "Including" means including, but not limited to.

12. “Person” means any natural person or any business, legal, or governmental entity or association.

13. “And” and “or” should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14. When referring to a person, “to identify” means to give, to the extent known, the person’s full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. When referring to an entity, “to identify” means to give, to the extent known, the entity’s full name and present or last known address.

15. When referring to documents, “to identify” means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

16. The use of the singular form of any word includes the plural and vice versa.

17. Except where otherwise stated, the time period covered by these Requests is January 1, 2000, to the present.

## DOCUMENTS REQUESTED

1. All documents memorializing any and all oral communications between Jessica Transport, or anyone acting on behalf of Jessica Transport, and Toray, or anyone acting on behalf of Toray relating to the weighing of Excess Material provided to National Plastics or Planet Earth.

2. All documents between Jessica Transport, or anyone acting on behalf of Jessica Transport, and Toray, or anyone acting on behalf of Toray relating to the weighing of Excess Material provided to National Plastics or Planet Earth.

3. All documents memorializing any and all oral communications between Jessica Transport, or anyone acting on behalf of Jessica Transport, and National Plastics, or anyone acting on behalf of National Plastics, relating to the weighing of Excess Material provided to National Plastics or Planet Earth.

4. All documents between Jessica Transport, or anyone acting on behalf of Jessica Transport, and National Plastics, or anyone acting on behalf of National Plastics, relating to the weighing of Excess Material provided to National Plastics or Planet Earth.

5. All documents memorializing any and all oral communications between Jessica Transport, or anyone acting on behalf of Jessica Transport, and Planet Earth, or anyone acting on behalf of Planet Earth, relating to the weighing of Excess Material provided to National Plastics or Planet Earth.

6. All documents between Jessica Transport, or anyone acting on behalf of Jessica Transport, and Planet Earth, or anyone acting on behalf of Planet Earth, relating to the weighing of Excess Material provided to National Plastics or Planet Earth.

7. All documents concerning any type of business relationship between Jessica Transport, and National Plastics, including but not limited to documents relating to any contracts entered into between the parties.

8. All documents concerning any type of business relationship between Jessica Transport and Planet Earth, including but not limited to documents relating to any contracts entered into between the parties.

9. All documents concerning the weighing of Excess Material provided by Toray to National Plastics or Planet Earth, including but not limited to any logs, packaging lists, or bills of lading.

10. List all individuals with any knowledge of the weighing of Excess Material provided by Toray to National Plastics or Planet Earth.

11. All documents concerning the Excess Material once it was in the possession of Jessica Transport and after Jessica Transport transferred the possession of the Excess Material to another entity.

12. All documents concerning T&T Group or any other broker of the Excess Material.

13. All documents concerning the Excess Material in any way that have not been provided.