UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. | : | |
| | : | |
| V. | : | C.A. No. 06-219/ML |
| | : | |
| T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO. and PLANET EARTH RECYCLING INC. | : | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT T G PLASTICS TRADING CO. INC. D/B/A NATIONAL PLASTICS TRADING CO. TO PRODUCE ADDITIONAL DOCUMENTS AND FOR MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Plaintiff Toray Plastics (America), Inc. ("Toray") moves to compel Defendant T G Plastics Trading Co. Inc. d/b/a National Plastics Trading Co. ("National Plastics") to file more responsive answers to Toray's Interrogatories and to produce additional documents in response to Toray's Request for Production of Documents. Specifically, Toray requests that this Court order National Plastics to do the following: (1) file more responsive answers to interrogatories 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, and 19; (2) file a more responsive response to the entire request for production of documents; and (3) strike the Objections asserted by National Plastics to Toray's discovery requests. Toray relies upon the attached Memorandum in support of its Motion.

Plaintiff,
Toray Plastics (America), Inc.,
By its Attorney,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

Dated: March 2, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, Ronald W. Del Sesto, Esq., at litigation@in-ri.net, and Perry L. Glantz, Esq., at PGlantz@fornanilaw.com, identified on the Notice of Electronic filing (NEF), on this 2nd day of March, 2007.

/s/ Jeffrey S. Brenner

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. | : | |
| | : | |
| V. | : | C.A. No. 06-219/ML |
| | : | |
| T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO. and PLANET EARTH RECYCLING INC. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT T G PLASTICS TRADING CO. D/B/A NATIONAL PLASTICS TRADING CO. TO PRODUCE ADDITIONAL DOCUMENTS AND FOR MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Plaintiff Toray Plastics (America), Inc. ("Toray") submits this Memorandum in support of its Motion to Compel Defendant T G Plastics Trading Co. d/b/a National Plastics ("National Plastics") to file more responsive answers to Toray's Interrogatories and to produce additional documents in response to Toray's Request for Production of Documents.

## I. FACTUAL AND PROCEDURAL BACKGROUND OF THE CASE

Toray manufactures oriented polyester ("PET") and oriented polypropylene ("OPP") film products for consumer packaging and industrial applications. See Verified Complaint ¶6. A copy of the Verified Complaint (without attachments) is attached at Exhibit 1. In connection with PET and OPP manufacturing, Toray has material that does not meet its specifications for its manufacturing process (the "Excess Material"). Id. ¶8. The Excess Material for PET is material that does not meet specification. See Answer to Counterclaim ¶6. A copy of Toray's Answer to Counterclaim is attached at Exhibit 2. The Excess Material for OPP is material that does not meet specification and includes material that is aged, defined as over twelve (12) months old, or obsolete. Id.

National Plastics and Defendant Planet Earth Recycling Inc. (“Planet Earth”) have business locations at the same address in Englewood, Colorado. See Verified Complaint ¶9. National Plastics and Planet Earth are related entities controlled by Torge Goderstad (“Mr. Goderstad”). Id. Since the early 1990’s, Toray contracted with National Plastics, Planet Earth, and/or their predecessor business entities to remove the Excess Material from Toray’s manufacturing facility. Id. ¶10. In 2004, the relationship between Toray and National Plastics was governed by an e-mail agreement signed by Mr. Goderstad which established the price to be paid for the Excess Material, payment, and the procedure for claims. A copy of the signed e-mail is attached at Exhibit 3.

From November 1, 2004, through December 31, 2005, the relationship between Toray and National Plastics and Planet Earth was governed by an e-mail agreement dated October 25, 2004. A copy of the e-mail is attached at Exhibit 4. This agreement provided that National Plastics and Planet Earth would receive 100% of certain products listed in the e-mail at agreed upon pricing. See Answer to Counterclaim ¶11. The e-mail also contained terms concerning payment and claims resolution. Id. During 2005, Toray and Mr. Goderstad discussed market pricing, and, as a result, changes to the agreement were made that resulted in increased pricing for some products and decreased pricing for other products. Id. ¶12.

After National Plastics and Planet Earth removed the Excess Material from Toray, they processed the Excess Material at their facilities in Rhode Island and elsewhere, and they sold the processed Excess Material to their customers, primarily outside of the United States. See Verified Complaint ¶11. Toray invoiced National Plastics and Planet Earth for the Excess Material on a regular basis. Id. ¶12. The invoices are based upon the classification and weight of the Excess Material multiplied by the price per pound which has been previously agreed upon between the parties. Id.

National Plastics and Planet Earth did not fully perform under the agreement because they did not remain within the agreed upon payment terms and they did not substantiate its claims in the agreed upon manner or timeframe. See Answer to Counterclaim ¶13. See also

Verified Complaint. Moreover, National Plastics and Planet Earth belatedly asserted undefined claims for product received from Toray in 2005 on February 8, 2006 after Toray had decided to reduce the product provided to National Plastics and Planet Earth from 100% to 75% of the total Excess Material. See Exhibit 5.

National Plastics owes Toray $483,831.29 for unpaid invoices, and Planet Earth owes Toray $999,841.69 for unpaid invoices. These unpaid invoices total $1,483,672.98. See Verified Complaint ¶¶19-27. Toray's Verified Complaint seeks damages pursuant to breach of contract, book account, and quantum meruit/unjust enrichment causes of action. National Plastics has filed a Counterclaim against Toray for breach of contract, breach of the covenant of good faith and fair dealing, breach of the implied warranty of merchantability, and tortious interference with advantageous and prospective relationships. National Plastics alleges damages ranging from $1M to $5M depending on the pleading.

The parties exchanged their Rule 26(a) initial disclosures before commencing discovery. Thereafter, on December 8, 2006, Toray served National Plastics with Interrogatories (Exhibit 6) and a Request for Production of Documents (Exhibit 7). As explained below, National Plastics' responses to the discovery requests assert inappropriate objections, are incomplete, and are otherwise deficient. See Exhibit 8 (Answers to Interrogatories); Exhibit 9 (Response to Request for Production of Document). In fact, there were no other documents produced beyond the documents produced in initial disclosure.

Counsel have conferred in good faith to discuss this discovery dispute. See Exhibit 10 (Toray's counsel's letter); Exhibit 11 (defense counsel's letter).

## II. THE COURT SHOULD STRIKE NATIONAL PLASTICS' OBJECTIONS

Toray's Interrogatories and Request for Production of Documents sent to National Plastics are succinct and carefully tailored to seek specific information and documents that are relevant to the allegations set forth in the Complaint and the defenses raised. In response, National Plastics asserted a litany of general objections that apply to each and every

interrogatory and request for production. In essence, National Plastics has asserted that each discovery request is vague, overly broad, burdensome, irrelevant, seeks privileged information and documents, and is otherwise objectionable.

Rules 33 and 34 of the Local Rules for the Rhode Island Federal District Court require that objections be stated separately for each interrogatory or document request. The Local Rules as well as local practice simply do not permit general objections that automatically apply to each individual interrogatory and request. Additionally, throughout its discovery responses, National Plastics fails to respond to Toray's specific requests by systematically objecting on the grounds that the information requested is not reasonably calculated to lead to the discovery of admissible evidence. Toray's discovery requests seek information which is directly related to the issues raised in Toray's Verified Complaint, National Plastics' Answer and Counterclaim, and Toray's Answer to National Plastics' Counterclaim.

Additionally, Toray is perplexed as to the objections asserted by National Plastics in response to Toray's Interrogatories and Request for Production of Documents in light of the subsequent discovery National Plastics served on Toray which contains identical discovery requests. For example, National Plastics' interrogatories 2, 3, 4, 6-8, 15-18, 20 and 21 are, word for word identical to Toray's interrogatories.

A review of National Plastics' general objections reveals that they could not possibly apply to each individual interrogatory and document request. National Plastics' objections are inappropriate and its partial answers are useless. This is particularly evident concerning National Plastics' Response to Request for Production of Documents, because it has refused to produce any documents beyond the Rule 26 initial disclosure. Therefore, the Court should strike National Plastics' objections, order National Plastics to supplement its answers to Toray's Interrogatories, and order a more responsive response to Request for Production of Documents including the production of all of the withheld documents.

## III. THE COURT SHOULD ORDER NATIONAL PLASTICS TO FILE MORE RESPONSIVE ANSWERS TO INTERROGATORIES 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, & 19

In addition to its request for the Court to strike all of National Plastics' objections which would result in Toray filing more responsive interrogatories, Toray seeks an Order compelling National Plastics to file more responsive answers to the specific interrogatories listed below.

INT. 2 For every person known by Defendants or anyone acting on behalf of Defendant to have any knowledge of the matters set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto, please state the following:

a. The name, title, and business address (or last known residential address if there is no known business address).

b. Detail the scope of said knowledge of each such person; and

c. State how each such person knows of such matters.

ANS. 2

a. Toray's Motion to Compel does not pertain to this subsection. Please refer to the attached Answers to Interrogatories for National Plastics' response to this subsection.

b. Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Further, Defendant objects to this interrogatory on the grounds it is speculative, overly broad and unduly burdensome in scope in that Defendant cannot know the knowledge held by any person. Subject to the above objections, Defendant has no knowledge of the scope of knowledge held by individuals identified in response to subpart (a) above. To the extent those persons are employees, agents, or otherwise acting on behalf of Plaintiff, such information is equally if not more available to Plaintiff. See Defendants' Rule 26(a)(1) Disclosures.

c. Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or

work product privilege. Further, Defendant objects to this interrogatory on the grounds it is speculative, overly broad and unduly burdensome in scope in that Defendant cannot know the scope of knowledge held by any person or the means by which they acquired that knowledge. Subject to the above objections, the individuals identified in response to subpart (a) above came by their knowledge "of such matters" through the course of their respective business contracts, employment, or other dealings with Plaintiff or Defendant.

Toray's Response to Answer 2 This answer asserts improper objections and fails to describe, in any detail, the scope of knowledge of the individuals National Plastics lists and simply refers Toray to Defendants' combined Rule 26(a)(1) Disclosure. However, Defendants' Rule 26 Disclosure consists of 7,693 pages of random documents including e-mails, notes, reports, financial information, etc., with no apparent organization. With respect to the individuals listed by National Plastics in response to Interrogatory 2(a), Terry Lam, Paul Yan, Wayne Warner, Steve Fisk, and Patrick Martin are non-parties and National Plastics is in the best position to disclose the scope of their knowledge as currently known by National Plastics. Moreover, National Plastics recently disclosed Terry Lam as a "non-retained expert" who will present fact and opinion testimony at trial, but the disclosure of the scope of Mr. Lam's knowledge was limited. Additionally, Suzanne Goderstad, Jody Curtis, Jackie Parker, and Heather Higgins, are past and/or current employees of National Plastics. Consequently, it is inconceivable that National Plastics would have no knowledge as to the scope of knowledge of these individuals. Toray is also entitled to this information so that it may evaluate National Plastics' allegations that Toray failed to provide Excess Material that was merchantable or suitable for resale and that Toray damaged National Plastics' reputation and ability to do business. Therefore, this Court should order National Plastics to file a more responsive answer to Interrogatory 2 concerning the individuals identified.

INT. 6 Please identify any and all written or oral communications between Plaintiff, or anyone acting on behalf of Plaintiff, and Defendant, or anyone acting on behalf of Defendant,

concerning the allegations set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto.

ANS. 6 Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, calling for speculation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the above objections, Defendant refers Plaintiff to all documents produced pursuant to Rule 26(a), specifically Defendant's Rule 26(a)(1) disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

INT. 7 Please identify any and all written or oral communications between Plaintiff, or anyone acting on behalf of Plaintiff, and any non-party person or entity concerning the allegations set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's' Answer thereto.

ANS. 7 National Plastics' answer to this interrogatory is identical to its answer to interrogatory 6.

INT. 9 Please identify all communications and all meetings that took place between Plaintiff and Defendant concerning the purchase of Excess Material from Plaintiff.

ANS. 9 National Plastics' answer to this interrogatory is identical to its answer to interrogatory 6.

Toray's Response to Answers 6, 7, 9 National Plastics' objections are improper because Toray is entitled to information concerning communications between the parties and non-parties concerning the allegations set forth in Toray's Verified Complaint, National Plastics' Answer and Counterclaim, and Toray's Answer to National Plastics' Counterclaim. Also, there may be oral communications that are not necessarily reflected in the documents previously exchanged in the parties' initial disclosures. For example, interrogatory 6 seeks information concerning

communications between the parties, interrogatory 7 seeks information concerning communications with non-parties, and interrogatory 9 seeks information concerning communications between the parties regarding National Plastics' purchase of Excess Material from Toray. All of these interrogatories are relevant to the issues raised in the parties' pleadings. Specifically, National Plastics alleges that the parties reached an agreement whereby it would receive 100% of the Excess Material in 2005 in exchange for payment of a higher price per pound, that Toray sold Excess Material to third parties at prices far below market and improperly charged National Plastics. Toray denies these allegations and requests these materials in order to evaluate National Plastics' claims. Therefore, Toray is entitled to this information, and this Court should order National Plastics to file more responsive answers to these interrogatories.

<u>INT. 8</u> Please identify each act or failure to act by Plaintiff which you believe has resulted in the following causes of action against Plaintiff:

c. Breach of the Implied Warranty of Merchantability (Count III)

d. Tortious Interference With Advantageous and Prospective Relationships (Count IV)

<u>ANS. 8</u>

c. Plaintiff delivered non-conforming goods under the contract which were not suitable for subsequent sale by Defendant in the relevant market at market prices.

d. Defendant had ongoing business relationships with customers in the Asian market, a fact known to Plaintiff during the years of dealings over the contract period. Plaintiff interfered with Defendant's business relationships with its Asian customers by selling Excess Material, in breach of the contract, in the Asian market at prices well below market price. Plaintiff knew the sale of material at prices below market value would interfere with Defendant's business relationships and Defendant's ability to continue its advantageous and prospective relationships in the Asian market. This interference was neither justified or excusable.

Toray's Response to Answer 8 This interrogatory is a routine contention interrogatory. National Plastics' answers are conclusory with no factual basis provided. For example, Defendant fails to provide any facts or details concerning its answer to Interrogatory 8(c). Similarly, National Plastics fails to provide any facts or details concerning the allegations in its answer to Interrogatory 8(d), specifically, that "Defendant had ongoing business relationships with customers in the Asian market, a fact known to Plaintiff during the years of dealings over the contract period," that "Plaintiff interfered with Defendant's business relationships with its Asian customers by selling Excess Material, in breach of the contract, in the Asian market at prices well below market price," and that "Plaintiff knew the sale of material at prices below market value would interfere with Defendant's business relationships and Defendant's ability to continue its advantageous and prospective relationships in the Asian market." Toray denies these allegations and requests these materials in order to evaluate National Plastics' counterclaims. Therefore, this Court should order National Plastics to file more responsive answers to this interrogatory.

INT. 10 Please identify all communications and documents relating to the contractual relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility.

ANS. 10 Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, calling for speculation, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant directs Plaintiff to Defendants' Rule 26(a)(1) Disclosures and the documents produced therewith. Documents produced by Defendant in this case include extensive e-mail correspondence regarding the purchase of Excess Material from Plaintiff. Plaintiff's request for identification of "all communication and documents relating to the contractual

relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility" over the 16-year course of dealing between the parties is overly broad and unduly burdensome. Such an identification has been made pursuant to Rule 26(a)(1) as to communications and documents relating to the contractual relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility that is at issue in this litigation.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

INT. 12 Please identify all documents and communications relating to any negotiations between Plaintiff and Defendant concerning the price per pound for Excess Material.

ANS. 12 Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, calling for speculation, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant directs Plaintiff to Defendants' Rule 26(a)(1) Disclosures and the documents produced therewith. Documents produced by Defendant in this case include extensive e-mail correspondence regarding the purchase of Excess Material from Plaintiff. Plaintiff's request for identification of "all communication and documents relating to the contractual relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility" over the 16-year course of dealing between the parties is overly broad and unduly burdensome. Such an identification has been made pursuant to Rule 26(a)(1) as to communications and documents relating to the contractual relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility that is at issue in this litigation. Further, as the request seeks information regarding negotiations between Plaintiff and Defendant, such information is equally available to Plaintiff.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

Toray's Response to Answers 10, 12 National Plastics' objections are improper because Toray is entitled to information concerning communications between the parties and non-parties concerning the allegations set forth in Toray's Verified Complaint, National Plastics' Answer and Counterclaim, and Toray's Answer to National Plastics' Counterclaim. Also, there may be oral communications that are not necessarily reflected in the documents previously exchanged in the parties' initial disclosures. For example, interrogatory 10 seeks information concerning communications between the parties regarding National Plastics' purchase of Excess Material from Toray, and interrogatory 12 seeks information concerning communications relating to any negotiations between the parties about pricing. All of these interrogatories are relevant to the issues raised in the parties' pleadings. Specifically, National Plastics alleges that the parties reached an agreement whereby it would receive 100% of the Excess Material in 2005 in exchange for payment of a higher price per pound, that Toray sold Excess Material to third parties at prices far below market and improperly charged National Plastics. Toray denies these allegations and requests these materials in order to evaluate National Plastics' claims. Therefore, Toray is entitled to this information and National Plastics should be directed to file more responsive answers to these interrogatories.

INT. 11 Please describe in detail how Defendant processed Excess Material obtained from Plaintiff, including identifying all documents and communications relating to the procedures and methods used by Defendant to process Excess Material.

ANS. 11 Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as compound, vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the interrogatory seeks trade secrets

and proprietary information. Subject to the above objections, and to the extent Defendant understands the interrogatory, information sought by this interrogatory and relevant to the claims, defenses, and counterclaims of the parties to this litigation has been produced and disclosed pursuant to Rule 26(a)(1) with Defendants' Initial Disclosures. Over the course of the contract period and course of dealing, Defendant received Excess Material at Plaintiff's manufacturing facility, generally in containers loaded by Plaintiff. Those containers were then transported by Jessica Transport to Defendant's facility where the Excess Material was unloaded, handled, inspected, weighed, and re-loaded for shipment to Defendant's customers.

Toray's Response to Answer 11 The answer to interrogatory 11 asserts inapplicable objections. Additionally, although the interrogatory answer partially describes what National Plastics and Planet Earth did with the containers, it fails to describe fully what happened to the containers at their facility and fails to identify where the newly prepared containers were sent. This information is particularly relevant in light of National Plastics' allegations that Toray failed to provide Excess Material that was merchantable or suitable for resale and that Toray damaged National Plastics' reputation and ability to do business. Toray denies these allegations and requires this information so that it may properly evaluate these claims. Therefore, Toray is entitled to this information and National Plastics should be directed to file more responsive answers to these interrogatories.

INT. 13 Please identify every difficulty, complaint, or problem perceived or experienced in relation to the Excess Material provided by Plaintiff, Plaintiff's response or resolution to that issue, the person who responded to or resolved it, the date when Plaintiff responded to the problem, whether the problem was resolved, and the date when the problem was resolved.

ANS. 13 National Plastics' objection is lengthy and it is more efficient to review the attached answers to interrogatories.

<u>Toray's Response to Answer 13</u> National Plastics has filed a Counterclaim against Toray for breach of contract, breach of the covenant of good faith and fair dealing, breach of the implied warranty of merchantability, and tortious interference with advantageous and prospective relationships. National Plastics alleges damages ranging from $1M to $5M depending on the pleading. In its expert disclosure, National Plastics has identified a $578,725 "off-set" against the amount owed by National Plastics to Toray for Toray's defective product, incorrectly labeled product, or incorrectly invoiced product. The contract between the parties contains a 60 day notification provision concerning any claim that National Plastics had against Toray concerning the Excess Material provided. One of Toray's defenses to National Plastics' alleged off-set is that it waited many months to assert a claim against Toray, which violates the terms of the contract. Therefore, Toray is entitled to receive the requested information from National Plastics, and this Court should Order National Plastics to file a more responsive answer to this interrogatory.

<u>INT. 14</u> Please identify by name, address, title, and corporate contact information all of Defendant's customers for whom Defendant supplied any product containing Excess Material, what was sold, and the price paid (total and per pound).

<u>ANS. 14</u> Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, calling for speculation, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the interrogatory seeks trade secrets and propriety information.

Subject to the above objections, see Defendant's Rule 26(a)(1) Disclosures and Defendant's response to Interrogatory No. 2. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

Toray's Response to Answer 14 This interrogatory seeks relevant information concerning the ultimate purchasers of the Excess Material at issue in the Complaint in order to analyze National Plastics' liability and damages claims. The asserted objections are improper and the answers provided are incomplete.

INT. 15 Please identify all individuals or businesses employed or retained by Defendant who were involved in the removal of Excess Material from Plaintiff's facilities, describe their involvement, and, for those employees no longer employed or retained by Defendant, state their last known address and telephone number.

ANS. 15 Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, calling for speculation, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the interrogatory seeks trade secrets and propriety information.

Subject to the above objections, see Defendant's Rule 26(a)(1) Disclosures and Defendant's response to Interrogatory No. 2. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

Toray's Response to Answer 15 This interrogatory seeks relevant information regarding people who were involved in the removal of the Excess Material from Plaintiff's facilities. Toray requires this information to assist it in determining who should be deposed in this case. The asserted objections are improper and the answers provided are incomplete.

INT. 16 Please state with specificity the amount of damages claimed against Plaintiff and itemize each element of these damages.

ANS. 16 Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or

work product privilege. Defendant objects to this interrogatory as compound, vague, ambiguous, overbroad, unduly burdensome, calling for speculation, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the interrogatory to the extent this interrogatory seeks information that is the subject of expert testimony, and to such extent deter to Defendant's experts to be identified pursuant to Rule 26 and the Scheduling Order.

Subject to the above objections, Defendant is claiming damages including (1) set-off against the amount claimed by Plaintiff in the amount in excess of $1,400,000.00 and (2) the value of Defendant's business as a going concern, said value, though the subject of expert testimony, estimated in good faith at $6,000,000.00. This response will be supplemented with the opinions of Defendant's experts, subject to disclosure pursuant to Rule 26(a)(2). Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

<u>INT. 17</u> Please set forth the calculation utilized by Defendant quantifying the amount that it alleges is owed to it by Plaintiff.

<u>ANS. 17</u> Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as compound, vague, ambiguous, overbroad, unduly burdensome, calling for speculation, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the interrogatory to the extent this interrogatory seeks information that is the subject of expert testimony, and to such extent deter to Defendant's experts to be identified pursuant to Rule 26 and the Scheduling Order.

Subject to the above objections, see response to Interrogatory No. 16. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

<u>Toray's Response to Answers 16 and 17</u> These interrogatories seek information regarding National Plastics' damages calculation. The asserted objections are improper and the partial answers are baseless. Toray is entitled to a specific and substantive answer to this interrogatory as National Plastics is in a position to know what damage it has suffered, as well as

what method of calculation it plans to use. For example, in its expert disclosure, National Plastics asserts a "set-off" damage component of $578,725, and an "expected additional net income" damage component of either $656,629, $1,007,480, $1,399,287, or $1,614,743 "based upon four distinct methods." This Court should order National Plastics to supplement its answers to interrogatory 16 and 17 so that it commits to the damages asserted and the methodology used.

INT. 18 Please state all facts and identify all documents in support of Defendant's assertion of the following Affirmative Defenses raised in its Answer to Plaintiff's Complaint:

a. "Plaintiff's equitable claims are barred by the doctrine of estoppel.

b. "Plaintiff's claims are barred by its material breach of the verbal contract upon which said claims are based."

c. "Plaintiff's equitable claims are barred by the doctrine of unclean hands."

d. "Plaintiff's claims are subject to a set-off that would bar any recovery."

ANS. 18 OBJECTIONS TO ALL SUBPARTS: Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as compound, vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

a. Subject to the above objections, Plaintiff made misrepresentations including those regarding the sale of 100% of its Excess Material under the contract and its agreement not to sell other material in the Asian market. These misrepresentations were made with reason to believe Defendant National Plastics would rely on them. Defendant did rely on Plaintiff's misrepresentations to its detriment. Plaintiff is estopped from prevailing on its claims. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

b. Subject to the above objections, see responses and objections to Interrogatory 8. As a result of Plaintiff's material breach, Defendant was excused from further performance under the contract. Plaintiff's breach of the contract resulted in damages to Defendant that set-off and exceed Plaintiff's claimed damages. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

c. Subject to the above objections, Plaintiff is barred from obtaining equitable relief by the doctrine of unclean hands as Plaintiff failed to act fairly and in good faith in its dealings with Defendant National Plastics and otherwise failed to perform under the contract. As a direct result of Plaintiff's conduct Defendant suffered damages. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

d. Subject to the above objections, any damages due Plaintiff under its claims are set off by amounts due to or paid by Defendant under the contractual agreement. See objections and responses to Interrogatories Nos. 16 and 17. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

Toray's Response to Answer 18 The objections to interrogatory 18 are inapplicable and the partial responses are incomplete. For example, the alleged "misrepresentations" must be identified and many of the statements are conclusory with no factual explanation. Similarly, Defendant fails to provide any facts or details concerning "Plaintiff's material breach" or how Plaintiff "failed to perform under the contract." Plaintiff is also entitled to this information so that it may properly evaluate Defendant's Affirmative Defenses. Therefore, Toray is entitled to receive the requested information from National Plastics, and this Court should Order National Plastics to file a more responsive answer to this interrogatory.

INT. 19 Please state all facts and identify all documents in support of the allegations set forth in the Counterclaim.

ANS. 19 Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as compound, vague, ambiguous, overbroad, unduly burdensome, calling for speculation, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, the parties entered into a contract for the sale of excess material, including oriented polyester ("PET") and oriented polypropylene ("OPP") film that did not meet Plaintiff's product specifications for consumer packaging and industrial applications. The contractual agreements between the parties have been verbal and/or based upon their custom and practice and course of dealing over 16 years.

In November 2004 and agreement between the parties was reached, pursuant to which Defendant National Plastics was to receive 100% of Plaintiff's Excess Material through 2005. This agreement was extended through 2006 in subsequent communications between the parties. In exchange for the exclusive deal, and in reliance on this agreement, Defendant National Plastics agreed to pay a higher unit price for the Excess Material. Defendant National Plastics asserts the following counterclaims: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) breach of implied warranty of merchantability; and (4) tortious interference with advantageous and prospective relationships.

See Defendants' Rule 26(a)(1) Disclosures and Defendant's objections and responses to Interrogatories Nos. 1 through 18. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

Toray's Response to Answer 19 National Plastics' objections are inapplicable. Additionally, its answer is incomplete because it fails to define the parties' "custom practice and course of dealing. Toray is also entitled to this information so that it may properly evaluate National Plastics' Counterclaim. Therefore, this Court should Order National Plastics to file a more responsive answer to this interrogatory.

## IV. The Court Should Order National Plastics to File a More Responsive Response to Requests for Production of Documents

National Plastics has not produced any documents in response to Toray's Request for Production of Documents beyond the Rule 26 initial disclosure which could not possibly be a complete disclosure of all documents responsive to the Request for Production of Documents. Similar to National Plastics' Answers to Interrogatories, its Responses to Request for Production of Documents are deficient and/or assert improper objections. A review of the attached Response to Request for Production of Documents reveals that the objections to each request are inapplicable and should be stricken. Toray incorporates its arguments in Section II above concerning National Plastics' general objections. Accordingly, the Court should strike National Plastics' objections in its Response to Request for Production of Documents and order the production of all of the withheld documents.

## V. CONCLUSION

For the reasons stated above, Toray requests an Order compelling National Plastics to provide more responsive answers to Toray's Interrogatories and a more responsive response to Toray's Request for Production of Documents within thirty (30) days from the date of the Order. Toray also requests that the Order strike the Objections asserted by National Plastics to Toray's discovery requests. If a document is allegedly privileged, then National Plastics must identify the document in a privilege log.

Plaintiff,
Toray Plastics (America), Inc.,
By its Attorney,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

Dated: March 2, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, Ronald W. Del Sesto, Esq., at litigation@in-ri.net, and Perry L. Glantz, Esq., at PGlantz@fornanilaw.com, identified on the Notice of Electronic filing (NEF), on this 2nd day of March, 2007.

/s/ Jeffrey S. Brenner