# EXHIBIT 6

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. | : | |
| | : | |
| V. | : | C.A. No. 06-219/ML |
| | : | |
| T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO. and PLANET EARTH RECYCLING INC. | : | |

# PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT NATIONAL PLASTICS TRADING COMPANY

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Toray Plastics (America), Inc. ("Toray") requests that Defendant National Plastics Trading Company ("Defendant") answer the following Interrogatories on or before Monday, January 8, 2007. Your obligation to provide the answers shall be deemed continuing through and including the time of trial so as to require supplemental responses if additional documents become available. In answering these Interrogatories, it is requested that you utilize the definitions and follow the instructions set forth herein, each of which shall be deemed to be a material part of each Interrogatory.

## DEFINITIONS AND INSTRUCTIONS

1. The term "Plaintiff" shall mean Toray Plastics (America), Inc. including, if applicable, all related or affiliated entities, their officers, agents, servants, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of Toray Plastics (America), Inc.

2. The term "Defendant" shall mean National Plastics Trading Company including, if applicable, all related or affiliated entities, their officers, agents, servants, employees,

representatives, attorneys, and all other persons acting or purporting to act on behalf of National Plastics Trading Company.

3. The term "Excess Material" shall mean material that does not meet Plaintiff's specifications for its manufacturing process in connection with oriented polyester ("PET") and oriented polypropylene ("OPP") film products. For OPP, the term "Express Material" also means material that is aged (over 12 months) or obsolete.

4. The term "Complaint" shall mean the Complaint filed in this matter in the United States District Court for the District of Rhode Island, C.A. No. 06-219/ML.

5. The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

6. The past tense of a verb includes the present, and the present tense includes the past.

7. The word "and" and the word "or" shall, unless the context does not permit such a construction, be construed to mean "and/or." The word "each" includes the word "every" and the word "every" includes the word "each." The word "any" includes the word "all" and the word "all" includes the word "any."

8. The term "person" shall mean any individual, firm, partnership, corporation, association, business, governmental or public entity or subdivision, agency, department, joint venture, business trust, group, and any person acting by or through, directly or indirectly, another person as well as any person by whom such person was controlled with respect to the matter in question.

9. The term "communication," unless otherwise modified, shall mean each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, orally, in person, telex, facsimile, e-mail, telegram, recording, in writing, or by any other means.

10. Except where otherwise stated, to "describe," "describe in detail," "state," "state in detail," or "provide" shall mean to relate as completely as possible each and every act, omission,

incident, event, condition, circumstance or thing relating directly or indirectly to the subject matter of the description, including all pertinent dates, and without limiting the foregoing, to:

a. Identify all documents directly or indirectly related thereto;

b. Identify all communications directly or indirectly related thereto;

c. Identify all persons directly or indirectly related thereto; and

d. Identify all locations applicable to any events, incidents, conditions, circumstances or things directly or indirectly related thereto.

11. The word "document" means any kind of printed, recorded, written, graphic, or photographic matter (including tape, video and film recordings) however printed, produced, reproduced, coded, or stored, of any kind or description, whether sent or received or not, including originals, drafts, copies, non-identical copies or reproductions, summaries, reports, data compilations and tabulations, whether stored by mechanical, photographic or electronic means (including data processing of all types). The term "document" shall also include, but not be limited to, the following: any writing, drawing, graph, chart, map, as-built drawing, photograph, film, tape recording, video recording, or any other records or data compilations from which information can be obtained. The term "document" shall also include, without limitation, each note, memorandum, letter, work paper, minutes, book, diary, blue print, index, microfilm, account, opinion, appraisal, brochure, pamphlet, circular, telegram, release, article, analysis, transcript, agreement, check, checkstub, receipt, data processing card or disc, and any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, and any other document or writing of whatever description including, but not limited to, any information contained in any computer, although not yet printed out.

12. Except where otherwise stated, the words "identify," "identity," and "identification" when used with respect to a person shall mean to state the full name, present or last known residence, business, and permanent address of such person, such person's telephone number, and, if a natural person, his or her last known job title, and the name and address of his or her present or last known employer.

13. Except where otherwise stated, the words "identify," "identity," and "identification" when used with respect to a document shall mean:

a. State the date of the document;

b. State the subject matter of the document;

c. State the name of each person who wrote, signed, edited, initialed, dictated, or otherwise participated in the preparation of the document;

d. State the name and address of each addressee and recipient of the document;

e. State the name and address of each person who has possession, custody, or control of such document;

f. State the number of pages that comprise the document; and

g. State the type of document (e.g., letter, memorandum, periodical)

14. Except where otherwise stated, the words "identify" and "identification" when used with respect to a communication shall mean:

a. State the date of the communication;

b. State the form of the communication;

c. State the subject matter of the communication;

d. State the length of the communication; and

e. State the name of each person who was present at, participated in, transmitted, received documents relating to, or were otherwise involved in the communication.

15. Except where otherwise stated, the word "identify," when used with respect to a particular allegation, fact, or subject matter that forms the basis of your claims shall mean:

a. State all facts known to you that relate to that allegation, fact, or subject matter;

b. State (i) the source of your information or knowledge relating to each such allegation, fact, or subject matter and (ii) the date on which you became aware of that information;

c. Identify all persons having knowledge of each such allegation, fact, or subject matter; and

d. Specify each act, occurrence, statement, or instance on which you intend to introduce evidence at trial relating to that allegation, fact, or subject matter.

16. If you assert a claim of privilege or other protection with respect to any of the Interrogatories contained herein please make the claim expressly, set forth the nature of the privilege, and otherwise comply with Fed. R. Civ. P. 26(b)(5).

17. In the event you object to any of the Interrogatories set forth below, state your objection as specifically as possible, and respond to the Interrogatory insofar as it is not objectionable. State the extent to which you have narrowed the Interrogatory for purposes of your response.

18. These Interrogatories shall be deemed to be continuing so as to require supplemental answers (if you obtain further information between the time the answers are served and any trial or pertinent hearing) from time to time, but not later than thirty (30) days prior to trial or hearing on the subject matter herein.

19. Except where otherwise stated, the time period covered by these Interrogatories is January 1, 1990, to the present.

## INTERROGATORIES

1. Please identify yourself by stating your full name, business address, title, job responsibilities, and how long you have had this position with Defendant.

2. For every person known by Defendant or anyone acting on behalf of Defendant to have any knowledge of the matters set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto, please state the following:

a. The name, title, and business address (or last known residential address if there is no known business address);

b. Detail the scope of said knowledge of each such person; and

c. State how each such person knows of such matters.

3. Please list the name, title, and business address (or last known residential address if there is no known business address) of every person with whom you spoke to or consulted with in gathering the information reflected in these answers to interrogatories.

4. Please identify and describe fully all documents you reviewed in answering these interrogatories.

5. For each person whom Defendant expects to call as an expert witness at trial, please identify him/her including, but not limited to, his/her specialty, professional education and experience, the subject matter on which each such person is expected to testify, the substance of the facts and opinions to which each such person is expected to testify, the summary of the grounds for each such opinion, and identify any treatises or learned authorities relied upon.

6. Please identify any and all written or oral communications between Plaintiff, or anyone acting on behalf of Plaintiff, and Defendant, or anyone acting on behalf of Defendant, concerning the allegations set forth in Plaintiffs' Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto.

7. Please identify any and all written or oral communications between Plaintiff, or anyone acting on behalf of Plaintiff, and any non-party person or entity concerning the allegations set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's' Answer thereto.

8. Please identify each act or failure to act by Plaintiff which you believe has resulted in the following causes of action against Plaintiff:

a. Breach of Contract (Count I)

b. Breach of the Covenant of Good Faith and Fair Dealing (Count II)

c. Breach of the Implied Warranty of Merchantability (Count III)

d. Tortious Interference With Advantageous and Prospective Relationships (Count IV)

9. Please identify all communications and all meetings that took place between Plaintiff and Defendant concerning the purchase of Excess Material from Plaintiff.

10. Please identify all communications and documents relating to the contractual relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility.

11. Please describe in detail how Defendant process Excess Material obtained from Plaintiff, including identifying all documents and communications relating to the procedures and methods used by Defendant to process Excess Material.

12. Please identify all documents and communications relating to any negotiations between Plaintiff and Defendant concerning the price per pound for Excess Material.

13. Please identify every difficulty, complaint, or problem perceived or experienced in relation to the Excess Material provided by Plaintiff, Plaintiff's response or resolution to that issue, the person who responded to or resolved it, the date when Plaintiff responded to the problem, whether the problem was resolved, and the date when the problem was resolved.

14. Please identify by name, address, title, and corporate contact information all of Defendant's customers for whom Defendant supplied any product containing Excess Material, what was sold, and the price paid (total and per pound).

15. Please identify all individuals or businesses employed or retained by Defendant who were involved in the removal of Excess Material from Plaintiff's facilities, describe their involvement, and, for those employees no longer employed or retained by Defendant, state their last known address and telephone number.

16. Please state with specificity the amount of damages claimed against Plaintiff and itemize each element of these damages.

17. Please set forth the calculation utilized by Defendant quantifying the amount that it alleges is owed to it by Plaintiff.

18. Please state all facts and identify all documents in support of Defendant's assertion of the following Affirmative Defenses raised in its Answer to Plaintiff's Complaint:

a. "Plaintiff's equitable claims are barred by the doctrine of estoppel.

b. "Plaintiff's claims are barred by its material breach of the verbal contract upon which said claims are based."

c. "Plaintiff's equitable claims are barred by the doctrine of unclean hands."

d. "Plaintiff's claims are subject to a set-off that would bar any recovery."

19. Please state all facts and identify all documents in support of the allegations set forth in the Counterclaim.

Plaintiff,
Toray Plastics (America), Inc.,
By its Attorneys,

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

Dated: December 8, 2006

CERTIFICATE OF SERVICE

I hereby certify that I faxed and mailed a copy of the within Interrogatories to Perry L. Glantz, Esq., Fognani & Faught, PLLC, 1700 Lincoln Street, Suite 2222, Denver, CO 80203, and Ronald W. Del Sesto, Esq., Del Sesto – Hall's Building, 49 Weybosset Street, Providence, RI 02903, on this 8th day of December 2006.