# EXHIBIT 7

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. | : | |
| | : | |
| V. | : | C.A. No. 06-219/ML |
| | : | |
| T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO. and PLANET EARTH RECYCLING INC. | : : : | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NATIONAL PLASTICS TRADING COMPANY**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Toray Plastics (America), Inc. ("Toray") requests that Defendant National Plastics Trading Company ("Defendant") produce the following documents to Jeffrey S. Brenner, Esq., Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, Rhode Island, on or before Monday, January 8, 2007. The within Requests shall be deemed continuing through and including the time of trial so as to require supplemental production if additional documents become available. In responding to the within Requests, it is requested that you utilize the definitions and follow the instructions set forth herein, each of which shall be deemed to be a material part of each Request.

**DEFINITIONS AND INSTRUCTIONS**

1. The term "Plaintiff" shall mean Toray Plastics (America), Inc. including, if applicable, all related or affiliated entities, their officers, agents, servants, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of Toray Plastics (America), Inc.

2. The term "Defendant" shall mean National Plastics Trading Company including, if applicable, all related or affiliated entities, their officers, agents, servants, employees, representatives, attorneys, and all other persons acting or purporting to act on behalf of National Plastics Trading Company.

3. The term "Excess Material" shall mean material that does not meet Plaintiff's specifications for its manufacturing process in connection with oriented polyester ("PET") and oriented polypropylene ("OPP") film products. For OPP, the term "Express Material" also means material that is aged (over 12 months) or obsolete.

4. The term "Complaint" shall mean the Complaint filed in this matter in the United States District Court for the District of Rhode Island, C.A. No. 06-219/ML.

5. The word "and" and the word "or" shall, unless the context does not permit such a construction, be construed to mean "and/or." The word "each" includes the word "every" and the word "every" includes the word "each." The word "any" includes the word "all" and the word "all" includes the word "any."

6. The term "person" shall mean any individual, firm, partnership, corporation, association, business, governmental or public entity or subdivision, agency, department, joint venture, business trust, group, and any person acting by or through, directly or indirectly, another person as well as any person by whom such person was controlled with respect to the matter in question.

7. The term "communication," unless otherwise modified, shall mean each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, orally, in person, telex, facsimile, e-mail, telegram, recording, in writing, or by any other means.

8. The words "refer," "relate," "regarding," and/or "concerning," shall mean directly or indirectly, in whole or in part, constituting, consisting of, containing, reflecting, mentioning, evidencing, recording, substantiating, describing, summarizing, identifying, citing, or analyzing in any way.

9. The word "document" means any kind of printed, recorded, written, graphic, or photographic matter (including tape, video and film recordings) however printed, produced, reproduced, coded, or stored, of any kind or description, whether sent or received or not, including originals, drafts, copies, non-identical copies or reproductions, summaries, reports, data

compilations and tabulations, whether stored by mechanical, photographic or electronic means (including data processing of all types). The term "document" shall also include, but not be limited to, the following: any writing, drawing, graph, chart, map, as-built drawing, photograph, film, tape recording, video recording, or any other records or data compilations from which information can be obtained. The term "document" shall also include, without limitation, each note, memorandum, letter, work paper, minutes, book, diary, blue print, index, microfilm, account, opinion, appraisal, brochure, pamphlet, circular, telegram, release, article, analysis, transcript, agreement, check, checkstub, receipt, data processing card or disc, and any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, and any other document or writing of whatever description including, but not limited to, any information contained in any computer, although not yet printed out.

10. Defendant is requested to provide not only all documents and things in its possession or control, but also all documents and things which are readily available to it, including documents and things in the possession of its attorneys, investigators and all other persons acting on its behalf.

11. If any documents sought by a particular document request were at any one time in Defendant's possession, custody, or control, but are no longer, please so state, specifying for each document: (i) the type of document; (ii) the types of information contained therein; (iii) the date upon which it ceased to be in Defendant's possession, custody, or control; (iv) the identity of each person having knowledge of the circumstances under which it ceased to be in Defendant's possession, custody, or control; and (v) the identity of each person having knowledge of the contents thereof.

12. If any documents sought by a particular request are known by Defendant to exist but are not in Defendant's possession, custody, or control, please state where the documents are maintained or produce documents that show the name of the person or entity maintaining them.

13. In the event you object to any of the Requests set forth below, state your objection as specifically as possible, and comply with the Request insofar as it is not objectionable.

14. In the event you are able to provide only part of the documents or things called for by any particular Request, provide all the documents or things which you can provide, and state the reason(s) for your alleged inability to provide the remainder.

15. If you assert a claim of privilege or other protection, make the claim expressly and describe the nature of the documents, communications, or things not produced or disclosed in a manner that will allow the applicability of the privilege to be assessed.

16. These Requests shall be deemed to be continuing so as to require supplemental Responses (if you obtain further information between the time the responses are served and any trial or pertinent hearing) from time to time, but not later than thirty (30) days prior to trial or hearing on the subject matter herein.

17. Except where otherwise stated, the time period covered by these Interrogatories is January 1, 1990, to the present.

**SPECIFIC REQUESTS**

1. All correspondence, notes, and/or memoranda memorializing any and all oral communications between Plaintiff, or anyone acting on behalf of Plaintiff, and Defendant, or anyone acting on behalf of Defendant, concerning the allegations set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto.

2. All correspondence or other written materials between Plaintiff, or anyone acting on behalf of Plaintiff, and Defendant, or anyone acting on behalf of Defendant, concerning the allegations set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto.

3. All correspondence, notes, and/or memoranda memorializing any and all oral communications between Plaintiff, or anyone acting on behalf of Plaintiff, and any non-party person or entity concerning the allegations set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto.

4. All correspondence or other written materials between Plaintiff, or anyone acting on behalf of Plaintiff, and any non-party person or entity concerning the allegations set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto.

5. All documents that refer or relate to any communication between Plaintiff and Defendant concerning the removal of Excess Material from Plaintiff's manufacturing facility.

6. All documents outlining, describing, or detailing the contractual relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility, including but not limited to all documents that refer or relate to any negotiations between the parties.

7. All documents relating to the process whereby Excess Material was removed from Plaintiff's facilities and delivered to Defendant, including but not limited to documents relating to the actions of any third parties in the removal of Excess Material.

8. All documents relating to the procedures used by Defendant to process the Excess Material at Defendant's facilities in Rhode Island and elsewhere.

9. All documents relating to Defendant's preparation of the Excess Material for shipment to its customers.

10. All documents that refer or relate to Defendant's business relationships with customers in the Asian market.

11. All documents relating to any negotiations between Plaintiff and Defendant concerning the price per pound for Excess Material.

12. All invoices provided by Plaintiff to Defendant for the sale of Excess Material.

13. All documents relating to the sale of Excess Material to Defendant's customers, including but not limited to domestic as well as those customers residing outside of the United States.

14. All documents relating to any promotional or advertising efforts by Defendant to market the Excess Material obtained from Plaintiff to Defendant's customers.

15. All documents between Defendant and its customers concerning the Excess Material sold by Plaintiff to Defendant.

16. All documents relating to any complaints received by Defendant from its customers concerning the Excess Material sold by Plaintiff to Defendant.

17. All documents relating to the gross revenues of Defendant.

18. All of Defendant's federal, state, and local tax returns.

19. All of Defendant's profit and loss statements.

20. All business plans relating to Defendant's operations.

21. All documents relating to any financial forecasts or projections concerning Defendant's business operations.

22. All documents relating to any accounting, tax, bookkeeping or financial counseling services performed on behalf of Defendant.

23. All correspondence and documents relating to the Defendant's financial condition, including but not limited any financial statements or sales records.

24. All documents in support of the allegations set forth in the Counterclaim.

25. All documents utilized by Defendant in calculating the amounts allegedly owed by Plaintiff to Defendant.

26. All documents that identify and quantify Defendant's alleged damages.

27. All documents in support of the allegations set forth in the Complaint that were not specifically identified within the preceding requests.

28. With respect to any experts retained by Defendant to testify at the trial or of this lawsuit, please provide the following documents:

a. The expert's most recent *curriculum vitae.*

b. The expert's entire file regarding this lawsuit.

c. All correspondence, memoranda, articles, notes, photographs, reports, studies, or any other documents or written materials provided to the expert by Defendant's counsel, Defendant, or any other person acting on behalf of Defendant concerning the pending lawsuit.

d. All correspondence, memoranda, articles, notes, photographs, reports, studies, or any documents or written materials that the expert examined and/or relied upon in forming an opinion concerning the pending lawsuit.

e. Any reports or drafts of reports written by the expert or anyone supervised by the expert concerning the pending lawsuit.

f. All manuals, directions, instructions, government regulations, or other written materials explaining or describing any evaluation which was done by the expert to form the expert's opinion(s).

g. A list of all cases identifying the name and civil action number in which the expert has testified in a court, arbitration, or deposition as an expert witness.

h. All transcripts evidencing the expert's courtroom, arbitration, or deposition testimony as an expert witness.

i. All agreements, correspondence, or invoices between the expert or the expert's employer and Defendant's counsel or Defendant for the time spent by the expert or anyone working under the expert's supervision to review this matter, render opinions, prepare reports, and/or testify concerning the pending lawsuit.

j. All publications, writings, or written materials authored or prepared by the expert concerning the expert's area of expertise.

k. All correspondence, memoranda, notes, telephone memoranda, or any other written materials concerning the retention, investigation, and/or studies by the expert or anyone working under the expert's supervision regarding the pending lawsuit.

29. All documents that you intend to use at trial in this matter.

30. Any and all documents which were used or relied upon to answer the Interrogatories propounded herewith.

31. All documents that Defendant relies upon in asserting the following Affirmative Defenses raised in Defendant's Answer to Plaintiff's Complaint:

a. "Plaintiff's equitable claims are barred by the doctrine of estoppel.

b. "Plaintiff's claims are barred by its material breach of the verbal contract upon which said claims are based."

c. "Plaintiff's equitable claims are barred by the doctrine of unclean hands."

d. "Plaintiff's claims are subject to a set-off that would bar any recovery."

Plaintiff,
Toray Plastics (America), Inc.,
By its Attorneys,

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

Dated: December 8, 2006

CERTIFICATE OF SERVICE

I hereby certify that I faxed and mailed a copy of the within Request for Production of Documents to Perry L. Glantz, Esq., Fognani & Faught, PLLC, 1700 Lincoln Street, Suite 2222, Denver, CO 80203, and Ronald W. Del Sesto, Esq., Del Sesto – Hall's Building, 49 Weybosset Street, Providence, RI 02903, on this 8th day of December 2006.