# EXHIBIT 8

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-219-ML |
| T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO., and PLANET EARTH RECYCLING INC., | : | |
| Defendants. | : | |

**DEFENDANT, NATIONAL PLASTICS TRADING COMPANY'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant National Plastics Trading Company ("Defendant"), by and through its counsel, hereby responds to the Plaintiff, Toray Plastics (America), Inc.'s First Set of Interrogatories, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

Defendant asserts the following objections to each of the discovery requests, instructions and definitions propounded by Plaintiff, and answers as set forth below.

## I. GENERAL RESPONSES & OBJECTIONS

1. Defendant objects to each of the discovery requests to the extent that it is vague, overly broad, burdensome or calls for information neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to each of the discovery requests and definitions on the grounds, and to the extent, that any of them purports to expand or modify Defendant's obligations under the Federal Rules of Civil Procedure.

3. Defendant objects to the discovery requests and to the definition and/or use of "you" and "your" on the grounds and to the extent they purport to require Defendant to respond on behalf of separate persons and entities, and on the grounds and to the extent they purport to require Defendant to respond on behalf of "all other persons" who are "acting or purporting to act on his behalf" on the grounds that this definition is overly broad, vague and/or ambiguous.

4. Defendant has made a reasonable effort to respond to the discovery requests as Defendant understands and interprets them. If Defendant should assert an interpretation of any discovery request that differs from Plaintiff's, Defendant reserves the right to supplement and/or amend its objections and/or responses thereto.

5. Defendant objects to each of the discovery requests to the extent that it might be interpreted as requiring Defendant to concede the relevance, materiality or admissibility of the information sought by the discovery request.

6. The responses set forth below are subject to, made without waiving, and not intended to waive:

A. all questions or objections as to the competence, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information referred to or responses given herein, or the subject matter thereof, in any subsequent proceeding or trial in this or any other action;

B. the right to object to other discovery proceedings involving or related to the subject matter of the discovery requests to which these responses are directed; and

C. the right at any time to revise, correct, add to, or clarify any of the responses, or all of them, all of which are given subject to correction of any such omissions or errors.

7. Defendant objects to each of the discovery requests to the extent it requests information that is within the knowledge, custody or control of Defendant.

8. To the extent any discovery request propounded by Plaintiff may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common legal interest privilege or any other evidentiary privilege or immunity, Defendant hereby claims and reserves such privilege, doctrine or immunity and objects to such request on that basis.

9. No incidental or implied admissions are intended or may be inferred by the responses set forth below. The fact that Defendant has responded to any request is not intended to be, and shall not be construed as, a waiver by Defendant of any part of any objection to any request.

10. Defendant objects to these interrogatories to the extent they seek to limit the factual basis of contentions made by Defendant prior to completion of discovery, and Defendant expressly reserves the right to amend its answer and to supplement these responses.

11. Defendant responds to Plaintiff's discovery requests subject to, and without waiving, these General Objections or any other objections set forth herein. Defendant incorporates fully by reference its General Objections into each of the Specific Responses and Objections to Plaintiff's discovery requests that are set forth below.

## ANSWERS TO INTERROGATORIES

1. Please identify yourself by stating your full name, business address, title, job responsibilities, and how long you have had this position with Defendant.

**RESPONSE:** I am Torge Goderstad, President, T G Plastics Trading Co. Inc., d/b/a National Plastics Trading Company ("National Plastics"). I have held this position since T G Plastics Trading Co., Inc.'s incorporation on May 14, 1993.

2. For every person known by Defendant or anyone acting on behalf of Defendant to have any knowledge of the matters set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto, please state the following:

a. The name, title, and business address (or last known residential address if there is no known business address);

**RESPONSE:** See Defendants' Rule 26(a)(1) Disclosures. In further response to this interrogatory, the following individuals may have knowledge of the matters set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto.

**Toray Employees (past and present) –**

1. Kojiro Maeda

2. Hideki Hirabayashi
   Executive Vice President
   Toray Plastics (America), Inc.
   50 Belver Avenue
   North Kingstown, RI 02852
   (401) 294-4511

3. Richard Schloesser
Senior Vice President and General Manager
Torayfan Division
Toray Plastics (America), Inc.
50 Belver Avenue
North Kingstown, RI 02852
(401) 294-4511

4. Donna Bourque
Executive Assistant to Rick Schloesser
Toray Plastics (America), Inc.
50 Belver Avenue
North Kingstown, RI 02852
(401) 294-4511

5. John Duffy, Sales Rep
Toray Plastics (America), Inc.
50 Belver Avenue
North Kingstown, RI 02852
(401) 294-4511

6. Scott Van Winter
Toray Plastics (America), Inc.
50 Belver Avenue
North Kingstown, RI 02852
(401) 294-4511

7. Dan Cole
Toray Plastics (America), Inc.
50 Belver Avenue
North Kingstown, RI 02852
(401) 294-4511

8. Paul Knollmeyer
Toray Plastics (America), Inc.
50 Belver Avenue
North Kingstown, RI 02852
(401) 294-4511 Ext. 2509

9. Paul McDevitt
Toray Plastics (America), Inc.
50 Belver Avenue
North Kingstown, RI 02852
(401) 294-4511

10. David Cokely
Toray Plastics (America), Inc.
50 Belver Avenue
North Kingstown, RI 02852
(401) 294-4511

11. Kristine Barone
Toray Plastics (America), Inc.
50 Belver Avenue
North Kingstown, RI 02852
(401) 294-4511

12. Dave Jose
Toray Plastics (America), Inc.
50 Belver Avenue
North Kingstown, RI 02852
(401) 294-4511

13. Ann Lewis
Toray Plastics (America), Inc.
50 Belver Avenue
North Kingstown, RI 02852
(401) 294-4511

14. Bobby Harrison

15. George Watts
Toray Plastics (America), Inc.
50 Belver Avenue
North Kingstown, RI 02852
(401) 294-4511

16. Brian La Tonza

17. Ted Coburn
Toray Plastics (America), Inc.
50 Belver Avenue
North Kingstown, RI 02852
(401) 294-4511

18. Todd Eckles
Toray Plastics (America), Inc.
50 Belver Avenue
North Kingstown, RI 02852
(401) 294-4511

**T&T Group –**

19. Terry Lam
T&T Group, Inc.
19111 Walden Forest Drive
Humble, TX 77346
(281) 359-2288

**Polywin Corp. –**

20. Paul Yan
1111 Corporate Center Dr., #206
Monterey Park, CA 91754
(323) 263-8800

**Jessica Transport Services –**

21. Wayne B. Warner
President
Jessica Transport Services, Inc.
450 Pavillion Ave.
Warwick, RI 02888
(401) 732-1400

22. Steve Fisk
Jessica Transport Services, Inc.
450 Pavillion Ave.
Warwick, RI 02888
(401) 732-1400

**National Plastics Trading Company**

23. Torge Goderstad
National Plastics
5251 DTC Parkway, Suite 285
Greenwood Village, CO 80111
(720) 346-1975

24. Suzanne Goderstad
National Plastics
5251 DTC Parkway, Suite 285
Greenwood Village, CO 80111
(720) 346-1975

25. Jody Curtis
National Plastics
5251 DTC Parkway, Suite 285
Greenwood Village, CO 80111
(720) 346-1975

26. Jackie Parker
National Plastics
5251 DTC Parkway, Suite 285
Greenwood Village, CO 80111
(720) 346-1975

27. Heather Higgins
National Plastics
5251 DTC Parkway, Suite 285
Greenwood Village, CO 80111
(720) 346-1975

**Miscellaneous –**

28. Patrick Martin

b. Detail the scope of said knowledge of each such person; and

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Further, Defendant objects to this interrogatory on the grounds it is speculative, overly broad and unduly burdensome in scope in that Defendant cannot know the knowledge held by any person.

Subject to the above objections, Defendant has no knowledge of the scope of knowledge held by individuals identified in response to subpart (a) above. To the extent those persons are employees, agents, or otherwise acting on behalf of Plaintiff, such information is equally if not more available to Plaintiff. See Defendants' Rule 26(a)(1) Disclosures.

c. State how each such person knows of such matters.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Further, Defendant objects to this interrogatory on the grounds it is speculative, overly broad and unduly burdensome in scope in that Defendant cannot know the scope of knowledge held by any person or the means by which they acquired that knowledge.

Subject to the above objections, the individuals identified in response to subpart (a) above came by their knowledge "of such matters" through the course of their respective business contracts, employment, or other dealings with Plaintiff or Defendant.

3. Please list the name, title, and business address (or last known residential address if there is no known business address) of every person with whom you spoke to or consulted with in gathering the information reflected in these answers to interrogatories.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege.

Subject to the above objections, Defendant did not speak to or consult with any person in gathering the information reflected in these answers to interrogatories.

4. Please identify and describe fully all documents you reviewed in answering these interrogatories.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant has, since the commencement of this action, reviewed the pleadings in this matter, the parties' Rule 26(a)(1) disclosures and documents produced in this matter.

5. For each person whom Defendant expects to call as an expert witness at trial, please identify him/her including, but not limited to, his/her specialty, professional education and experience, the subject matter on which each such person is expected to testify, the substance of the facts and opinions to which each such person is expected to testify, the summary of the grounds for each such opinion, and identify any treatises or learned authorities relied upon.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as seeking information subject to disclosure pursuant to Rule 26(a)(2) in advance of the deadline for such disclosure pursuant to Court order. This response will be supplemented in accordance with Rule 26 and applicable orders of the Court.

6. Please identify any and all written or oral communications between Plaintiff, or anyone acting on behalf of Plaintiff, and Defendant, or anyone acting on behalf of Defendant,

concerning the allegations set forth in Plaintiffs' [sic] Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, calling for speculation, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant refers Plaintiff to all documents produced pursuant to Rule 26(a), specifically Defendant's Rule 26(a)(1) disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

7. Please identify any and all written or oral communications between Plaintiff, or anyone acting on behalf of Plaintiff, and any non-party person or entity concerning the allegations set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's' [sic] Answer thereto.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, calling for speculation, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant refers Plaintiff to all documents produced pursuant to Rule 26(a), specifically Defendant's Rule 26(a)(1) disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

8. Please identify each act or failure to act by Plaintiff which you believe has resulted in the following causes of action against Plaintiff:

**OBJECTIONS TO ALL SUBPARTS**: Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, calling for speculation, and not reasonably calculated to lead to the discovery of admissible evidence.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

a. Breach of Contract (Count I)

**RESPONSE:** Plaintiff materially breached the contract in a number of ways, including the sale of Excess Material to third parties, manipulating the Asian market for Excess Material by and through the sale of Excess Material at below market prices, the sale of Excess Material to Asia at prices below that offered to Defendant, and underestimating tare weight on goods delivered to Defendant under the contract. Plaintiff sold Excess Material to third parties in breach of the exclusive agreement. Plaintiff unilaterally reduced the amount and/or share of Excess Material delivered under the contract without reducing the unit cost to Defendant. Plaintiff breached the contract by the 2005 sale of Excess Material in the Asian market, the

exclusive territory of Defendant. Plaintiff accepted Defendant's performance in 2005 for the exclusive in 2006 and failed to perform in 2006, in breach of the contract. Plaintiff breached the contract by delivering non-conforming goods under the contract. Plaintiff failed to issue credits on Defendant's properly tendered claims in breach of contract.

b. Breach of the Covenant of Good Faith and Fair Dealing (Count II)

**RESPONSE:** Plaintiff breached the covenant of good faith and fair dealing in a number of ways, including the sale of Excess Material to third parties, manipulating the Asian market for Excess Material by and through the sale of Excess Material at below market prices, the sale of Excess Material to Asia at prices below that offered to Defendant, and underestimating tare weight on goods delivered to Defendant under the contract. Plaintiff sold Excess Material to third parties in breach of the exclusive agreement and the covenant of good faith and fair dealing. Plaintiff unilaterally reduced the amount and/or share of Excess Material delivered under the contract without reducing the unit cost to Defendant, in breach of the covenant of good faith and fair dealing. Plaintiff breached the covenant of good faith and fair dealing by the 2005 sale of Excess Material in the Asian market, the exclusive territory of Defendant. Plaintiff concealed these facts from Defendant or otherwise made material misrepresentations regarding these facts to Defendant. Plaintiff accepted Defendant's performance in 2005 for the exclusive in 2006 and failed to perform in 2006, in breach of the contract. Plaintiff breached the covenant of good faith and fair dealing by delivering non-conforming goods under the contract. Plaintiff failed to issue credits on Defendant's properly tendered claims in breach of covenant of good faith and fair dealing.

c. Breach of the Implied Warranty of Merchantability (Count III)

**RESPONSE:** Plaintiff delivered non-conforming goods under the contract which were not suitable for subsequent sale by Defendant in the relevant market at market prices.

d. Tortious Interference With Advantageous and Prospective Relationships (Count IV)

**RESPONSE:** Defendant had ongoing business relationships with customers in the Asian market, a fact known to Plaintiff during the years of dealings over the contract period. Plaintiff interfered with Defendant's business relationships with its Asian customers by selling Excess Material, in breach of the contract, in the Asian market at prices well below market price. Plaintiff knew the sale of material at prices below market value would interfere with Defendant's business relationships and Defendant's ability to continue its advantageous and prospective relationships in the Asian market. This interference was neither justified nor excusable.

9. Please identify all communications and all meetings that took place between Plaintiff and Defendant concerning the purchase of Excess Material from Plaintiff.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant directs Plaintiff to Defendants' Rule 26(a)(1) Disclosures and the documents produced therewith. Documents produced by Defendant in this case include extensive e-mail correspondence regarding the purchase of Excess Material from Plaintiff. Plaintiff's request for identification of "all communications and meetings that took place between Plaintiff and Defendant concerning the purchase of Excess Material from Plaintiff" over the 16-year course of dealing between the parties is overbroad and unduly burdensome. Such an identification has been made pursuant to Rule 26(a)(1) as to communications and meetings that took place between Plaintiff and Defendant concerning the purchase of Excess Material from Plaintiff that is at issue in this litigation. Further, as the request seeks information regarding communications and meetings between Plaintiff and Defendant, such information is equally available to Plaintiff.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

10. Please identify all communications and documents relating to the contractual relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant directs Plaintiff to Defendants' Rule 26(a)(1) Disclosures and the documents produced therewith. Documents produced by Defendant in this case include extensive e-mail correspondence regarding the purchase of Excess Material from Plaintiff. Plaintiff's request for identification of "all communications and documents relating to the contractual relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility" over the 16-year course of dealing between the parties is overbroad and unduly burdensome. Such an identification has been made pursuant to Rule 26(a)(1) as to communications and documents relating to the contractual relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility that is at issue in this litigation.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

11. Please describe in detail how Defendant process [sic] Excess Material obtained from Plaintiff, including identifying all documents and communications relating to the procedures and methods used by Defendant to process Excess Material.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as compound, vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the interrogatory seeks trade secrets and proprietary information.

Subject to the above objections, and to the extent Defendant understands the interrogatory, information sought by this interrogatory and relevant to the claims, defenses, and counterclaims of the parties to this litigation has been produced and disclosed pursuant to Rule 26(a)(1) with Defendants' Initial Disclosures. Over the course of the contract period and course of dealing, Defendant received Excess Material at Plaintiff's manufacturing facility, either by trailer or container. If by trailer, the Excess Material was transported by Jessica Transport to Defendant's facility for loading into containers and shipment to Asia. Containers of Excess material were also transported by Jessica Transport from Plaintiff's manufacturing facility to Defendant's facility where the Excess Material was unloaded and re-loaded for shipment to Defendant's customers in Asia. At times, containers were shipped directly to Asia from Plaintiff's manufacturing facility.

12. Please identify all documents and communications relating to any negotiations between Plaintiff and Defendant concerning the price per pound for Excess Material.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant directs Plaintiff to Defendants' Rule 26(a)(1) Disclosures and the documents produced therewith. Documents produced by Defendant in this case include extensive e-mail correspondence regarding the price per pound for Excess Material from Plaintiff. Plaintiffs' request for identification of "all documents and communications

relating to any negotiations between Plaintiff and Defendant concerning the price per pound for Excess Material" over the 16-year course of dealing between the parties is overbroad and unduly burdensome. Such an identification has been made pursuant to Rule 26(a)(1) as to all documents and communications relating to any negotiations between Plaintiff and Defendant concerning the price per pound for Excess Material that is at issue in this litigation. Further, as the request seeks information regarding negotiations between Plaintiff and Defendant, such information is equally available to Plaintiff.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

13. Please identify every difficulty, complaint, or problem perceived or experienced in relation to the Excess Material provided by Plaintiff, Plaintiff's response or resolution to that issue, the person who responded to or resolved it, the date when Plaintiff responded to the problem, whether the problem was resolved, and the date when the problem was resolved.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as compound, vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant directs Plaintiff to Defendants' Rule 26(a)(1) Disclosures and the documents produced therewith. This response and Defendants' Rule 26(a)(1) Disclosures is not intended to be an exhaustive response as to all difficulties, complaints, or problems, experienced over the entire 16-year course of dealing between the

parties, but rather is limited to those difficulties, complaints, and problems at issue in or relevant to this litigation.

Documents produced by Defendant in this case include extensive correspondence regarding the difficulties, complaints, or problems experienced in relation to the Excess Material provided by Plaintiff and Plaintiff's response or lack of response thereto. The persons who responded to or addressed these matters have been disclosed pursuant to Rule 26(a)(1) are known to Plaintiff as they are or were a times relevant hereto employed by Plaintiff. The date of any response by Plaintiff is reflected in the documents that have been produced by Defendant in this case, as is whether the problem was resolved, and the date when the problem was resolved.

Plaintiffs' request for identification of "every difficulty, complaint, or problem perceived or experienced in relation to the Excess Material provided by Plaintiff, Plaintiff's response or resolution to that issue, the person who responded to or resolved it, the date when Plaintiff responded to the problem, whether the problem was resolved, and the date when the problem was resolved" over the 16-year course of dealing between the parties is overbroad and unduly burdensome. Such an identification has been made pursuant to Rule 26(a)(1) as to all documents and relating to any difficulty, complaint, or problem that is at issue in this litigation and as to all persons who may have knowledge of such difficulties, complaints, or problems. Further, to the extent the request seeks information regarding communications between Plaintiff and Defendant, such information is equally available to Plaintiff.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

14. Please identify by name, address, title, and corporate contact information all of Defendant's customers for whom Defendant supplied any product containing Excess Material, what was sold, and the price paid (total and per pound).

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as compound, vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the interrogatory seeks trade secrets and proprietary information.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures and Defendant's response to Interrogatory No. 2. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

15. Please identify all individuals or businesses employed or retained by Defendant who were involved in the removal of Excess Material from Plaintiff's facilities, describe their involvement, and, for those employees no longer employed or retained by Defendant, state their last known address and telephone number.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as compound, vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence. Defendant objects that the interrogatory seeks trade secrets and proprietary information.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures and Defendant's response to Interrogatory No. 2. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

16. Please state with specificity the amount of damages claimed against Plaintiff and itemize each element of these damages.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as compound, vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the extent this interrogatory seeks information that is the subject of expert testimony, and to such extent defer to Defendant's experts to be identified pursuant to Rule 26 and the Scheduling Order.

Subject to the above objections, Defendant is claiming damages including (1) set-off against the amount claimed by Plaintiff in the amount in excess of $1,400,000.00 and (2) the value of Defendant's business as a going concern, said value, though the subject of expert testimony, estimated in good faith at $6,000,000.00. This response will be supplemented with the opinions of Defendant's experts, subject to disclosure pursuant to Rule 26(a)(2). Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

17. Please set forth the calculation utilized by Defendant quantifying the amount that it alleges is owed to it by Plaintiff.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as compound, vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the extent this interrogatory seeks information that is the subject of expert testimony, and to such extent defer to Defendant's experts to be identified pursuant to Rule 26 and the Scheduling Order.

Subject to the above objections, see response to Interrogatory No. 16. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

18. Please state all facts and identify all documents in support of Defendant's assertion of the following Affirmative Defenses raised in its Answer to Plaintiff's Complaint:

**OBJECTIONS TO ALL SUBPARTS:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as compound, vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

a. "Plaintiff's equitable claims are barred by the doctrine of estoppel.

**RESPONSE:** Subject to the above objections, Plaintiff made misrepresentations including those regarding the sale of 100% of its Excess Material under the contract and its

agreement not to sell other material in the Asian market. These misrepresentations were made with reason to believe Defendant National Plastics would rely on them. Defendant did rely on Plaintiff's misrepresentations to its detriment. Plaintiff is estopped from prevailing on its claims.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

b. "Plaintiff's claims are barred by its material breach of the verbal contract upon which said claims are based."

**RESPONSE:** Subject to the above objections, see responses and objections to Interrogatory 8. As a result of Plaintiff's material breach, Defendant was excused from further performance under the contract. Plaintiff's breach of the contract resulted in damages to Defendant that set-off and exceed Plaintiff's claimed damages.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

c. "Plaintiff's equitable claims are barred by the doctrine of unclean hands."

**RESPONSE:** Subject to the above objections, Plaintiff is barred from obtaining equitable relief by the doctrine of unclean hands as Plaintiff failed to act fairly and in good faith in its dealings with Defendant National Plastics and otherwise failed to perform under the contract. As a direct result of Plaintiff's conduct Defendant suffered damages.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

d. "Plaintiff's claims are subject to a set-off that would bar any recovery."

**RESPONSE:** Subject to the above objections, any damages due Plaintiff under its claims are set off by amounts due to or paid by Defendant under the contractual agreement. See objections and responses to Interrogatories Nos. 16 and 17.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

19. Please state all facts and identify all documents in support of the allegations set forth in the Counterclaim.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this interrogatory as compound, vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, the parties entered into a contract for the sale of excess material, including oriented polyester ("PET") and oriented polypropylene ("OPP") film that did not meet Plaintiff's product specifications for consumer packaging and industrial applications. The contractual agreements between the parties have been verbal and/or based upon their custom and practice and course of dealing over 16 years.

In November 2004 an agreement between the parties was reached, pursuant to which Defendant National Plastics was to receive 100% of Plaintiff's Excess Material through 2005. This agreement was extended through 2006 in subsequent communications between the parties.

In exchange for the exclusive deal, and in reliance on this agreement, Defendant National Plastics agreed to pay a higher unit price for the Excess Material. Defendant National Plastics asserts the following counterclaims: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) breach of implied warranty of merchantability; and (4) tortious interference with advantageous and prospective relationships

See Defendants' Rule 26(a)(1) Disclosures and Defendant's objections and responses to Interrogatories Nos. 1 through 18. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

Dated this 10th day of January, 2007.

Defendant,
National Plastic Company

AS TO OBJECTIONS:
By its Attorneys

s/ Perry L. Glantz
Fritz W. Ganz, Esq.
Perry L. Glantz, Esq.
FOGNANI & FAUGHT, PLLC
1700 Lincoln Street, Suite 2222
Denver, CO 80203

and

Ronald W. Del Sesto, Esq.
Del Sesto – Hall's Building
49 Weybosset Street
Providence, RI 02903

VERIFICATION

Pursuant to C.R.C.P. 33, I, Torge Goderstad, give this declaration, based on my personal knowledge of the facts asserted herein, as follows:

1. I am the Defendant in *Toray Plastics v. T.G. Plastics Trading Co., et al.*, Federal District Court, District of Rhode Island, C.A. No. 06-219-ML.

2. I have read the responses to interrogatories contained in the document styled **DEFENDANT, NATIONAL PLASTICS TRADING COMPANY'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES.** The responses are true and correct to the best of my present knowledge, information and belief, my present understanding of relevant facts, and my present understanding of the meaning of the interrogatories submitted by Toray Plastics (America), Inc.

3. To the extent these or any other interrogatory responses refer to or rely on the opinions or analyses of experts, I am relying on those opinions and analyses and believe them to be true and accurate, to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 16 day of January, 2007.

[signature]

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of January, 2007, a true and correct copy of the foregoing **DEFENDANT, NATIONAL PLASTIC COMPANY'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** was served electronically via e-mail to the following:

Jeffrey S. Brenner, Esq.
NIXON PEABODY, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903

s/ C.S.Vega