# EXHIBIT 9

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. | : | |
| | : | |
| v. | : | C.A. No. 06-219/ML |
| | : | |
| T G PLASTICS TRADING CO. INC., d/b/a NATIONAL PLASTICS TRADING CO. and PLANET EARTH RECYCLING INC. | : | |

**DEFENDANT NATIONAL PLASTICS TRADING COMPANY'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant National Plastics Trading Company ("Defendant"), by and through its counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's First Request For Production of Documents to Defendant National Plastics. Defendant National Plastics asserts the following objections to each of the discovery requests, instructions and definitions propounded by Toray Plastics (America), Inc., and answers as set forth below:

## GENERAL RESPONSES & OBJECTIONS

Defendant objects to each of the discovery requests to the extent that it is vague, overly broad, burdensome or calls for information neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant asserts the following objections to each of the discovery requests, instructions and definitions propounded by Plaintiff:

1. Defendant objects to each of the discovery requests and definitions on the grounds, and to the extent, that any of them purports to expand or modify Defendant's obligations under the Federal Rules of Civil Procedure.

2. Defendant objects to the discovery requests and to the definition of "you" or "your" on the grounds and to the extent they purport to require Defendant to respond on behalf of separate persons and entities, and on the grounds and to the extent they purport to require Defendant to respond on behalf of "all other persons" who are "acting or purporting to act on its behalf" because this definition is overly broad, vague and/or ambiguous.

3. Defendant has made a reasonable effort to respond to the discovery requests as Defendant understands and interprets them. If Defendant should assert an interpretation of any requests that differs from Plaintiff's, Defendant reserves the right to supplement and/or amend its objections and/or responses thereto.

4. Defendant objects to each of the discovery to the extent that it might be interpreted as requiring Defendant to concede the relevance, materiality or admissibility of the information sought by the request.

5. The responses set forth below are subject to, made without waiving, and not intended to waive:

   a. all questions or objections as to the competence, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information referred to or responses given herein, or the subject matter thereof, in any subsequent proceeding or trial in this or any other action;

b. the right to object to other discovery proceedings involving or related to the subject matter of the discovery requests to which these responses are directed; and

c. the right at any time to revise, correct, add to, or clarify any of the responses, or all of them, all of which are given subject to correction of any such omissions or errors.

6. Defendant objects to each of the discovery requests to the extent it requests information that is within the knowledge, custody or control of Defendant.

7. To the extent any discovery request propounded by Plaintiff may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common legal interest privilege or any other evidentiary privilege or immunity, Defendant hereby claims and reserves such privilege, doctrine or immunity and objects to such discovery request on that basis.

8. No incidental or implied admissions are intended or may be inferred by the responses set forth below. The fact that Defendant has responded to any discovery request is not intended to be, and shall not be construed as, a waiver by Defendant of any part of any objection to any discovery request.

9. Defendant objects to these discovery requests to the extent they seek to limit the factual basis of contentions made by Defendant prior to completion of discovery, and Defendant expressly reserves the right to amend its answer and to supplement these responses.

Defendant responds to Plaintiff's discovery requests subject to, and without waiving, these General Objections or any other objections set forth herein. Defendant incorporates fully

by reference its General Objections into each of the Specific Responses and Objections to Plaintiff's discovery requests that are set forth below.

## RESPONSES TO SPECIFIC REQUESTS

1. All correspondence, notes, and/or memoranda memorializing any and all oral communications between Plaintiff; or anyone acting on behalf of Plaintiff, and Defendant, or anyone acting on behalf of Defendant, concerning the allegations set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of documents or information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as compound, vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant refers Plaintiff to all documents produced pursuant to Rule 26(a), specifically Defendant's Rule 26(a)(1) disclosures. Moreover, correspondence between the parties is equally available to Plaintiff. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

2. All correspondence or other written materials between Plaintiff, or anyone acting on behalf of Plaintiff, and Defendant, or anyone acting on behalf of Defendant, concerning the allegations set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of documents or information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as compound, vague, ambiguous, overbroad, unduly burdensome, calling for speculation, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant refers Plaintiff to all documents produced pursuant to Rule 26(a), specifically Defendant's Rule 26(a)(1) disclosures. Moreover, the documents requested are equally available to Plaintiff. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

3. All correspondence, notes, and/or memoranda memorializing any and all oral communications between Plaintiff, or anyone acting on behalf of Plaintiff; and any non-party person or entity concerning the allegations set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaims or Plaintiff's Answer thereto.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of documents or information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as compound, vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant refers Plaintiff to all documents produced pursuant to Rule 26(a), specifically Defendant's Rule 26(a)(1) disclosures. Moreover, the documents sought by this request are more likely than not more available to Plaintiff than

Defendant as Plaintiff, not Defendant, was a party to the communications referenced. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

4. All correspondence or other written materials between Plaintiff or anyone acting on behalf of Plaintiff, and any non-party person or entity concerning the allegations set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of documents or information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as compound, vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant refers Plaintiff to all documents produced pursuant to Rule 26(a), specifically Defendant's Rule 26(a)(1) disclosures. Moreover, the documents sought by this request are more likely than not more available to Plaintiff than Defendant as Plaintiff, not Defendant, was an author or recipient of the correspondence or other written materials referenced. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

5. All documents that refer or relate to any communication between Plaintiff and Defendant concerning the removal of Excess Material from Plaintiff's manufacturing facility.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of documents or information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant refers Plaintiff to all documents produced pursuant to Rule 26(a), specifically Defendant's Rule 26(a)(1) disclosures. Documents produced by Defendant in this case include extensive e-mail correspondence and invoices regarding the purchase of Excess Material from Plaintiff. Plaintiffs' request for identification of "all documents that refer or relate to any communication between Plaintiff and Defendant concerning the removal of Excess Material from Plaintiff's manufacturing facility" over the 16-year course of dealing between the parties is overbroad and unduly burdensome. Such production has been made pursuant to Rule 26(a)(1) as to documents relating to the contractual relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility that is at issue in this litigation.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

6. All documents outlining, describing, or detailing the contractual relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility, including but not limited to all documents that refer or relate to any negotiations between the parties.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of documents or information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant refers Plaintiff to all documents produced pursuant to Rule 26(a), specifically Defendant's Rule 26(a)(1) disclosures. Documents produced by Defendant in this case include extensive e-mail correspondence and invoices regarding the purchase of Excess Material from Plaintiff. Plaintiffs' request for identification of "all documents outlining, describing, or detailing the contractual relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility" over the 16-year course of dealing between the parties is overbroad and unduly burdensome. Such production has been made pursuant to Rule 26(a)(1) as to documents relating to the contractual relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility that is at issue in this litigation.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

7. All documents relating to the process whereby Excess Material was removed from Plaintiff's facilities and delivered to Defendant, including but not limited to documents relating to the actions of any third parties in the removal of Excess Material.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the request seeks trade secrets and proprietary information.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

8. All documents relating to the procedures used by Defendant to process the Excess Material at Defendant's facilities in Rhode Island and elsewhere.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the request seeks trade secrets and proprietary information.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

9. All documents relating to Defendant's preparation of the Excess Material for shipment to its customers.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the request seeks trade secrets and proprietary information.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

10. All documents that refer or relate to 'Defendant's business relationships with customers in the Asian market.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the request seeks trade secrets and proprietary information.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

11. All documents relating to any negotiations between Plaintiff and Defendant concerning the price per pound for Excess Material.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant refers Plaintiff to all documents produced pursuant to Rule 26(a), specifically Defendant's Rule 26(a)(1) disclosures. Documents produced by Defendant in this case include extensive e-mail correspondence and invoices regarding the price per pound for Excess Material from Plaintiff. Plaintiffs' request for production of "all documents relating to any negotiations between Plaintiff and Defendant concerning the price per pound for Excess Material" over the 16-year course of dealing between the parties is overbroad and unduly burdensome. Such production has been made pursuant to Rule 26(a)(1) as to documents relating to the contractual relationship between Plaintiff and Defendant relative to the removal of Excess Material from Plaintiff's manufacturing facility that is at issue in this litigation.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

12. All invoices provided by Plaintiff to Defendant 'for the sale of Excess Material.

**RESPONSE**: Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, all invoices provided by Plaintiff to Defendant for the sale of Excess Material at issue in this litigation have been produced. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

13. All documents relating to the sale of Excess Material to Defendant's customers, including but not limited to domestic as well as those customers residing outside of the United States.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the request seeks trade secrets and proprietary information.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

14. All documents relating to any promotional or advertising efforts by Defendant to market the Excess Material obtained from Plaintiff to Defendant's customers.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the request seeks trade secrets and proprietary information.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

15. All documents between Defendant and its customers concerning the Excess Material sold by Plaintiff to Defendant.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the request seeks trade secrets and proprietary information.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

16. All documents relating to any complaints received by Defendant from its customers concerning the Excess Material sold by Plaintiff to Defendant.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the request seeks trade secrets and proprietary information.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

17. All documents relating to the gross revenues of Defendant.

**RESPONSE**: Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant produced tax returns and/or general ledgers as may be relevant to the claims, defense, and counterclaims of the parties to this action. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

18. All of Defendant's federal, state, and local tax returns.

**RESPONSE**: Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant produced copies of tax returns as may be relevant to the claims, defense, and counterclaims of the parties to this action. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

19. All of Defendant's profit and loss statements.

**RESPONSE**: See responses and objections to Requests Nos. 17 and 18

20. All business plans relating to Defendant's operations.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the request seeks trade secrets and proprietary information.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

21. All documents relating to any financial forecasts or projections concerning Defendant's business operations.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the request seeks trade secrets and proprietary information.

Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

22. All documents relating to any accounting, tax, bookkeeping or financial counseling services performed on behalf of Defendant.

**RESPONSE**: Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, see responses and objections to Requests Nos. 17 through 19. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

23. All correspondence and documents relating to the Defendant's financial condition, including but not limited to any financial statements or sales records.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that the request seeks trade secrets and proprietary information.

Subject to the above objections, see responses and objections to Requests Nos. 17 through 23. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

24. All documents in support of the allegations set forth in the Counterclaim.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

25. All documents utilized by Defendant in calculating the amounts allegedly owed by Plaintiff to Defendant.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory as seeking information subject to disclosure pursuant to Rule 26(a)(2) in advance of the deadline for such disclosure pursuant to Court order. This response will be supplemented in accordance with Rule 26 and applicable orders of the Court.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

26. All documents that identify and quantify Defendant's alleged damages.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory as seeking information subject to disclosure pursuant to Rule 26(a)(2) in advance of the deadline for such disclosure pursuant to Court order. This response will be supplemented in accordance with Rule 26 and applicable orders of the Court.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

27. All documents in support of the allegations set forth in the Complaint that were not specifically identified within the preceding requests.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

28. With respect to any experts retained by Defendant to testify at the trial or of this lawsuit, please provide the following documents:

**OBJECTIONS TO ALL SUBPARTS:** Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory as seeking information subject to disclosure pursuant to Rule 26(a)(2) in advance of the deadline for such disclosure pursuant to Court order. This response will be supplemented in accordance with Rule 26 and applicable orders of the Court.

a. The *expert's* most recent *curriculum vitae.*

b. The expert's entire file regarding this lawsuit.

c. All correspondence, memoranda, articles, notes, photographs, reports, studies, or any other documents or written materials provided to the expert by Defendant's counsel, Defendant, or any other person acting on behalf of Defendant concerning the pending lawsuit,

d. All correspondence, memoranda, articles, notes, photographs, reports, studies, or any documents or written materials that the expert examined and/or relied upon in forming an opinion concerning the pending lawsuit.

e. Any reports or drafts of reports written by the expert or anyone supervised by the expert concerning the pending lawsuit.

f. All manuals, directions, instructions, government regulations, or other written materials explaining or describing any evaluation which was done by the expert to form the expert's opinion(s).

g. A list of all cases identifying the name and civil action number in which the expert has testified in a court, arbitration, or deposition as an expert witness.

h. All transcripts evidencing the expert's courtroom, arbitration, or deposition testimony as an expert witness.

i. All agreements, correspondence, or invoices between the expert or the expert's employer and Defendant's counsel or Defendant for the time spent by the expert or anyone working under the expert's supervision to review this matter, render opinions, prepare reports, and/or testify concerning the pending lawsuit.

j. All publications, writings, or written materials authored or prepared by the expert concerning the expert's area of expertise.

k. All correspondence, memoranda, notes, telephone memoranda, or any other written materials concerning the retention, investigation, and/or studies by the expert or anyone working under the expert's, supervision regarding the pending lawsuit.

29. All documents that you intend to use at trial in this matter.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

30. Any and all documents which were used or relied upon to answer the Interrogatories propounded herewith.

**RESPONSE**: Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures.

31. All documents that Defendant relies upon in asserting the following Affirmative Defenses raised in Defendant's Answer to Plaintiffs Complaint:

**OBJECTIONS TO ALL SUBPARTS:** Defendant objects to this request to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

a. "Plaintiffs equitable claims are barred by the doctrine of estoppel.

**RESPONSE**: Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

b. "Plaintiffs claims are barred by its material beach of the verbal contract upon which said claims are based."

**RESPONSE**: Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

c. "Plaintiff's equitable claims are barred by the doctrine of unclean hands."

**RESPONSE**: Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

d. "Plaintiff's claims are subject to a set-off that would bar any recovery."

**RESPONSE**: Subject to the above objections, see Defendants' Rule 26(a)(1) Disclosures. Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly.

Dated this 10th day of January, 2007.

Defendant,
National Plastics Trading Company

AS TO OBJECTIONS:
By its Attorneys

s/ Perry L. Glantz

Fritz W. Ganz, Esq.
Perry L. Glantz, Esq.
FOGNANI & FAUGHT, PLLC
1700 Lincoln Street, Suite 2222
Denver, CO 80203

and

Ronald W. Del Sesto, Esq.
Del Sesto – Hall's Building
49 Weybosset Street
Providence, RI 02903

VERIFICATION

Pursuant to C.R.C.P. 34, I, Torge Goderstad, give this declaration, based on my personal knowledge of the facts asserted herein, as follows:

1. I am the Defendant in *Toray Plastics v. T.G. Plastics Trading Co., et al.*, Federal District Court, District of Rhode Island, C.A. No. 06-219-ML.

2. I have read the responses to interrogatories contained in the document styled **DEFENDANT, NATIONAL PLASTICS TRADING COMPANY'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION.** The responses are true and correct to the best of my present knowledge, information and belief, my present understanding of relevant facts, and my present understanding of the meaning of the interrogatories submitted by Toray Plastics (America), Inc.

3. To the extent these or any other interrogatory responses refer to or rely on the opinions or analyses of experts, I am relying on those opinions and analyses and believe them to be true and accurate, to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 16 day of January, 2007.

Torger Goderstad

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of January, 2007, a true and correct copy of the foregoing **DEFENDANT NATIONAL PLASTICS TRADING COMPANY'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** was served electronically via e-mail to the following:

Jeffrey S. Brenner, Esq.
NIXON PEABODY, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903

s/ C.S. Vega