UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. | : | |
| | : | |
| V. | : | C.A. No. 06-219/ML |
| | : | |
| T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO. and PLANET EARTH RECYCLING INC. | : : : | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT PLANET EARTH RECYCLING INC. TO PRODUCE ADDITIONAL DOCUMENTS AND FOR MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Plaintiff Toray Plastics (America), Inc. ("Toray") moves to compel Defendant Planet Earth Recycling Inc. ("Planet Earth") to file more responsive answers to Toray's Interrogatories and to produce additional documents in response to Toray's Request for Production of Documents. Specifically, Toray requests that this Court order Planet Earth to do the following: (1) file more responsive answers to interrogatories 2, 5, 6, 7, 8, 9, 10, 13, and 14; (2) file a more responsive response to requests for production of documents, including requests 9 and 10; and (3) strike the Objections asserted by Planet Earth to Toray's discovery requests. Toray relies upon the attached Memorandum in support of its Motion.

Plaintiff,
Toray Plastics (America), Inc.,
By its Attorney,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

Dated: March 2, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, Ronald W. Del Sesto, Esq., at litigation@in-ri.net, and Perry L. Glantz, Esq., at PGlantz@fornanilaw.com, identified on the Notice of Electronic filing (NEF), on this 2nd day of March, 2007.

/s/ Jeffrey S. Brenner

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. | : | |
| | : | |
| V. | : | C.A. No. 06-219/ML |
| | : | |
| T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO. and PLANET EARTH RECYCLING INC. | : : : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT PLANET EARTH RECYCLING INC. TO PRODUCE ADDITIONAL DOCUMENTS AND FOR MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Plaintiff Toray Plastics (America), Inc. ("Toray") submits this Memorandum in support of its Motion to Compel Defendant Planet Earth Recycling Inc. ("Planet Earth") to file more responsive answers to Toray's Interrogatories and to produce additional documents in response to Toray's Request for Production of Documents.

I. FACTUAL AND PROCEDURAL BACKGROUND OF THE CASE

Toray manufactures oriented polyester ("PET") and oriented polypropylene ("OPP") film products for consumer packaging and industrial applications. See Verified Complaint ¶6. A copy of the Verified Complaint (without attachments) is attached at Exhibit 1. In connection with PET and OPP manufacturing, Toray has material that does not meet its specifications for its manufacturing process (the "Excess Material"). Id. ¶8. The Excess Material for PET is material that does not meet specification. See Answer to Counterclaim ¶6. A copy of Toray's Answer to Counterclaim is attached at Exhibit 2. The Excess Material for OPP is material that does not meet specification and includes material that is aged, defined as over twelve (12) months old, or obsolete. Id.

Defendant T G Plastics Trading Co., Inc. d/b/a National Plastics Trading Co. ("National Plastics") and Planet Earth have business locations at the same address in Englewood, Colorado.

See Verified Complaint ¶9. National Plastics and Planet Earth are related entities controlled by Torge Goderstad ("Mr. Goderstad"). Id. Since the early 1990's, Toray contracted with National Plastics, Planet Earth, and/or their predecessor business entities to remove the Excess Material from Toray's manufacturing facility. Id. ¶10. In 2004, the relationship between Toray and National Plastics was governed by an e-mail agreement signed by Mr. Goderstad which established the price to be paid for the Excess Material, payment, and the procedure for claims. A copy of the signed e-mail is attached at Exhibit 3.

From November 1, 2004, through December 31, 2005, the relationship between Toray and National Plastics and Planet Earth was governed by an e-mail agreement dated October 25, 2004. A copy of the e-mail is attached at Exhibit 4. This agreement provided that National Plastics and Planet Earth would receive 100% of certain products listed in the e-mail at agreed upon pricing. See Answer to Counterclaim ¶11. The e-mail also contained terms concerning payment and claims resolution. Id. During 2005, Toray and Mr. Goderstad discussed market pricing, and, as a result, changes to the agreement were made that resulted in increased pricing for some products and decreased pricing for other products. Id. ¶12.

After National Plastics and Planet Earth removed the Excess Material from Toray, they processed the Excess Material at their facilities in Rhode Island and elsewhere, and they sold the processed Excess Material to their customers, primarily outside of the United States. See Verified Complaint ¶11. Toray invoiced National Plastics and Planet Earth for the Excess Material on a regular basis. Id. ¶12. The invoices are based upon the classification and weight of the Excess Material multiplied by the price per pound which has been previously agreed upon between the parties. Id.

National Plastics and Planet Earth did not fully perform under the agreement because they did not remain within the agreed upon payment terms and they did not substantiate its claims in the agreed upon manner or timeframe. See Answer to Counterclaim ¶13. See also Verified Complaint. Moreover, National Plastics and Planet Earth belatedly asserted undefined claims for product received from Toray in 2005 on February 8, 2006 after Toray had decided to

reduce the product provided to National Plastics and Planet Earth from 100% to 75% of the total Excess Material. See Exhibit 5.

National Plastics owes Toray $483,831.29 for unpaid invoices, and Planet Earth owes Toray $999,841.69 for unpaid invoices. These unpaid invoices total $1,483,672.98. See Verified Complaint ¶¶19-27. Toray's Verified Complaint seeks damages pursuant to breach of contract, book account, and quantum meruit/unjust enrichment causes of action. Remarkably, Planet Earth has denied any contractual relationship with Toray and disputes jurisdiction, although it has not filed a Motion to Dismiss. National Plastics has filed a Counterclaim against Toray for breach of contract, breach of the covenant of good faith and fair dealing, breach of the implied warranty of merchantability, and tortious interference with advantageous and prospective relationships. National Plastics alleges damages ranging from $1M to $5M depending on the pleading.

The parties exchanged their Rule 26(a) initial disclosures before commencing discovery. Thereafter, on November 22, 2006, Toray served Planet Earth with Interrogatories (Exhibit 6) and a Request for Production of Documents (Exhibit 7). As explained below, Planet Earth's responses to the discovery requests assert inappropriate objections, are incomplete, and are otherwise deficient. See Exhibit 8 (Answers to Interrogatories); Exhibit 9 (Response to Request for Production of Document). In fact, there were no other documents produced beyond the documents produced in initial disclosure.

Counsel have conferred in good faith to discuss this discovery dispute. See Exhibit 10 (Toray's counsel's letter); Exhibit 11 (defense counsel's letter).

## II. THE COURT SHOULD STRIKE PLANET EARTH'S OBJECTIONS

Toray's Interrogatories and Request for Production of Documents sent to Planet Earth are succinct and carefully tailored to seek specific information and documents that are relevant to the allegations set forth in the Complaint and the defenses raised. In response, Planet Earth asserted a litany of general objections that apply to each and every interrogatory and request for

production. In essence, Planet Earth has asserted that each discovery request is vague, overly broad, burdensome, irrelevant, seeks privileged information and documents, and is otherwise objectionable.

Rules 33 and 34 of the Local Rules for the Rhode Island Federal District Court require that objections be stated separately for each interrogatory or document request. The Local Rules as well as local practice simply do not permit general objections that automatically apply to each individual interrogatory and request. Additionally, throughout its discovery responses, Planet Earth fails to respond to Toray's specific requests by systematically objecting on the grounds that the information requested is not reasonably calculated to lead to the discovery of admissible evidence. Toray's discovery requests seek information which is directly related to the issues of the Court's *in personam* jurisdiction over Planet Earth, because Planet Earth has contested that it is subject to personal jurisdiction in Rhode Island. Therefore, Toray is entitled to this information. See Moore's Federal Practice ¶ 33.75 (3rd ed. 2006) (interrogatories may properly inquire into facts going to the court's jurisdiction when the facts are relevant to issues in the case, such as the existence of minimum contacts for personal jurisdiction or subject matter jurisdiction). See also Renner v. Lanard Toys, 33 F.3d 277, 283 (3rd Cir. 1994) (a plaintiff should be allowed discovery of relevant jurisdictional facts).

A review of Planet Earth's general objections reveals that they could not possibly apply to each individual interrogatory and document request. Planet Earth's objections are inappropriate and its partial answers are useless. Therefore, the Court should strike Planet Earth's objections, order Planet Earth to supplement its answers to Toray's Interrogatories, and order Planet Earth to produce any withheld documents responsive to the Request for Production of Documents.

## III. THE COURT SHOULD ORDER PLANET EARTH TO FILE MORE RESPONSIVE ANSWERS TO INTERROGATORIES 2, 5, 6, 7, 8, 9, 10, 13, & 14

Toray seeks an Order compelling Planet Earth to file more responsive answers to the interrogatories listed below.

INT. 2 For every person known by Defendants or anyone acting on behalf of Defendant to have any knowledge of the matters set forth in Plaintiff's Complaint, Defendant's Answer thereto, Defendant's Counterclaim, or Plaintiff's Answer thereto, please state the following:

a. The name, title, and business address (or last known residential address if there is no known business address).

b. Detail the scope of said knowledge of each such person; and

c. State how each such person knows of such matters.

ANS. 2

a. See Defendants' Rule 26(a)(1) Disclosures.

b. Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Further, Defendant objects to this interrogatory on the grounds it is speculative, overly broad and unduly burdensome in scope in that Defendant cannot know the knowledge held by any person. Subject to the above objections, Defendant Planet Earth has no knowledge of the scope of knowledge held by individuals identified in response to subpart (a) above. To the extent those persons are employees, agents, or otherwise acting on behalf of Plaintiff, such information is equally if not more available to Plaintiff.

c. Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Further, Defendant objects to this interrogatory on the grounds it is speculative, overly broad and unduly burdensome in scope in that Defendant cannot know the scope of knowledge held by any person. Subject to the above objections, Defendant Planet Earth responds that the individuals identified in response to subpart (a) above came by their knowledge "of such matters" through the course of their respective business contracts, employment, or other dealings with Plaintiff or Defendant National Plastics Trading Co.

Toray's Response to Answer 2 This answer asserts improper objections and fails to identify anyone with knowledge of the matters set forth in the pleadings and simply refers Toray to Defendants' combined Rule 26(a)(1) Disclosure. However, Defendants' Rule 26 Disclosure consists of 7,693 pages of random documents including e-mails, notes, reports, financial information, etc., with no apparent organization. Planet Earth has not provided a list of people with knowledge of its defense of Toray's Complaint, their contact information, or the scope of their knowledge. Toray does not even know who is currently employed by Planet Earth or National Plastics. Therefore, this Court should order Planet Earth to file a more responsive answer to Interrogatory 2.

INT. 5 Please identify the name of any employee, representative, or agent of Defendant who authored any correspondence or other written material that was sent to any individual, customer, resident, or business located in Rhode Island, and identify each document.

ANS. 5 Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the above objections, no correspondence or other written material was sent to any individual, customer, resident, or business located in Rhode Island and authored by an employee, representative, or agent of Defendant.

INT. 6 Please identify the name of any customer, resident, individual or business located in Rhode Island that received any correspondence or other written materials from Defendant, and identify each document.

ANS. 6 Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the above

objections, no customer, resident, individual or business located in Rhode Island received any correspondence or other written materials from Defendant.

INT. 7 Please identify the name of any employee, representative, or agent of Defendant who authored any agreements, contracts or other written materials evidencing any contractual relationship between Defendant and any individual, customer, resident or business located in Rhode Island, and identify each document.

ANS. 7 Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the above objections, Defendant has not entered into any contractual relationship with any individual, customer, resident, or business located in Rhode Island. There are no agreement, contracts or other written materials evidencing such a relationship.

INT. 9 Please identify the name of any employee, representative, or agent of Defendant who is or was responsible for the sale of any products and/or services or the transaction of any business in Rhode Island on behalf of Defendant.

ANS. 9 Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the above objections, Defendant has no employee, representative, or agent who is or was responsible for the sale of any products and/or services or the transaction of any business in Rhode Island on behalf of Defendant.

Toray's Response to Answers 5, 6, 7, & 9 Planet Earth's objections to these interrogatories are improper, because it has contested that it is subject to personal jurisdiction in Rhode Island. Additionally, Planet Earth's answers deny any contact or relationship with any Rhode Island individual or entity. However, the documents produced by the parties in their

initial disclosures reveal significant ties between Planet Earth and Toray as well as between Planet Earth and Jessica Transport Services, both Rhode Island corporations. Planet Earth's failure to even reference these entities casts doubt on the veracity of its answers to interrogatories. Therefore, the Court should order Planet Earth to supplement its answers to Interrogatories 5, 6, 7, and 9.

<u>INT. 8</u> Please identify the name of any employee, representative, or agent of Defendant that participated in or attended any meetings, conferences, seminars, conventions, promotional events, marketing activities, or business development activities held in Rhode Island.

<u>ANS. 8</u> Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the above objections, Torge Goderstad, as President of National Plastics Trading Company, not on behalf of Defendant, participated in or attended any [sic] meetings, conferences, seminars, conventions, promotional events, marketing activities, or business development activities held in Rhode Island.

<u>Toray's Response to Answer 8</u> As explained above, Planet Earth's objection to this interrogatory is improper, because it has contested that it is subject to personal jurisdiction in Rhode Island. Additionally, Planet Earth's response regarding Torge Goderstad's activities is incomplete, conclusory, and seems to be a "hide the ball" defensive strategy. Accordingly, this Court should Order Planet Earth to provide a more responsive answer to this interrogatory.

<u>INT. 10</u> Please provide Defendant's yearly total sales figures for the years 1990 to the present.

<u>ANS. 10</u> Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence.

Toray's Response to Answer 10 Planet Earth's objection to this interrogatory is improper, because it has contested that it is subject to personal jurisdiction in Rhode Island. Toray is entitled to this information so that it may properly evaluate the geographical scope of Planet Earth's business operations. As a practical matter, Planet Earth has represented that it was incorporated on June 12, 2003, so the information responsive to this interrogatory should be readily available.

INT. 13 Identify all officers, directors, employees, agents, or representatives of Defendant since January 1, 1990, indicate whether each officer, director, employee, agent, or representative has ever visited Rhode Island for any reason, and if so, please state when and why.

ANS. 13 Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the above objections, Torge Goderstad, personally and in his capacity as President of National Plastics Trading Company, not on behalf of Defendant, has visited Rhode Island on numerous occasions over the course of Defendant National Plastics Trading Company's dealings with Plaintiff that have spanned more than 16 years. The dates and purpose of these visits are equally known to Plaintiff and its employees and agents as identified in Defendants' Rule 26(a)(1) Disclosures.

INT. 14 Please list each and every day that Torge Goderstad has visited Rhode Island for any reason and explain the purpose for each day that he has visited Rhode Island.

ANS. 14 Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence. Subject to the above objections, see response to Interrogatory No. 13.

Toray's Response to Answers 13, & 14 Planet Earth's objection to these interrogatories is improper, because Planet Earth has contested that it is subject to personal

jurisdiction in Rhode Island. Additionally, Planet Earth's responds that the dates and purpose of Torge Goderstad's visits to Rhode Island are equally known to Toray as identified in Defendants' Rule 26(a)(1) Disclosures. However, a review of Defendants' disclosure reveals that the documents do not contain information responsive to these interrogatories. Therefore, this Court should order Planet Earth to supplement its answers to these interrogatories.

## IV. THE COURT SHOULD ORDER PLANET EARTH TO FILE A MORE RESPONSIVE RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Planet Earth has not produced any documents in response to Toray's Request for Production of Documents beyond the Rule 26 initial disclosure which could not possibly be a complete disclosure of all documents responsive to the Request for Production of Documents. Similar to Planet Earth's Answers to Interrogatories, its Responses to Request for Production of Documents are deficient and/or assert improper objections. A review of the attached Response to Request for Production of Documents reveals that the objections to each request are inapplicable and should be stricken. Toray incorporates its arguments in Section II above concerning Planet Earth's general objections. Additionally, Toray seeks an Order compelling Planet Earth to file a more responsive response to the requests for production of documents listed below. Accordingly, the Court should strike Planet Earth's objections in its Response to Request for Production of Documents and order the production of all of the withheld documents.

REQ. 9 All documents evidencing the sale of any products and/or services or the transaction of any business in Rhode Island.

RESP. 9 Defendant objects to this request for production to the extent it is intended or construed to seek the disclosure of any documents or other information protected from discovery by the attorney-client privilege or work product doctrine. Defendant objects to the request as vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of

admissible evidence. Subject to the above objections, all responsive documents have been produced, none of which evidence the sale of any products and/or services or the transaction of any business in Rhode Island by or on behalf of Defendant.

Toray's Response to No. 9 Planet Earth's objection to this request is improper, because it has contested that it is subject to personal jurisdiction in Rhode Island. Additionally, Planet Earth's response that there is no evidence indicating the "sale of any products and/or services or the transaction of any business in Rhode Island by or on behalf of Defendant" ignores Planet Earth's business relationships with Toray and Jessica Transport Services. Planet Earth's response in this regard casts serious doubt on its candor in responding to Requests for Production of Documents 1-8, all of which seek documents relating to Planet Earth's business contacts, communications and other contacts to businesses, customers, residents and individuals in Rhode Island. Planet Earth has responded that no such documents exist. Accordingly, this Court should Order Planet Earth to produce all documents evidencing any communications or the transaction of any business with any individual, customer, resident, or business located in Rhode Island, including but not limited to those materials relating to Toray and Jessica Transport Services.

REQ. 10 All documents relating to Defendant's yearly total sales figures for the years 1990 to the present.

RESP. 10 Defendant objects to this request for production to the extent it is intended or construed to seek the disclosure of any documents or other information protected from discovery by the attorney-client privilege or work product doctrine. Defendant objects to the request as vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Toray's Response to No. 10 Planet Earth's objection to this request is improper, because it has contested that it is subject to personal jurisdiction in Rhode Island. Toray is entitled to this information so that it may properly evaluate the geographical scope of Planet Earth's business

operations. As a practical matter, Planet Earth has represented that it was incorporated on June 12, 2003, so the documents responsive to this request should be readily available.

## V. CONCLUSION

For the reasons stated above, Toray requests an Order compelling Planet Earth to provide more responsive answers to Toray's Interrogatories and a more responsive response to Toray's Request for Production of Documents within thirty (30) days from the date of the Order. Toray also requests that the Order strike the Objections asserted by Planet Earth to Toray's discovery requests.

Plaintiff,
Toray Plastics (America), Inc.,
By its Attorney,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

Dated: March 2, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, Ronald W. Del Sesto, Esq., at litigation@in-ri.net, and Perry L. Glantz, Esq., at PGlantz@fornanilaw.com, identified on the Notice of Electronic filing (NEF), on this 2nd day of March, 2007.

/s/ Jeffrey S. Brenner