# EXHIBIT 7

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TORAY PLASTICS (AMERICA), INC. :
:
V. : C.A. No. 06-219/ML
:
T G PLASTICS TRADING CO. INC. d/b/a :
NATIONAL PLASTICS TRADING CO. and :
PLANET EARTH RECYCLING INC. :

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PLANET EARTH RECYCLING INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Toray Plastics (America), Inc. ("Toray") requests that Defendant Planet Earth Recycling Inc. ("Defendant") produce the following documents to Jeffrey S. Brenner, Esq., Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, Rhode Island, on or before Tuesday, December 26, 2006. The within Requests shall be deemed continuing through and including the time of trial so as to require supplemental production if additional documents become available. In responding to the within Requests, it is requested that you utilize the definitions and follow the instructions set forth herein, each of which shall be deemed to be a material part of each Request.

**DEFINITIONS AND INSTRUCTIONS**

1. The term "Defendant" shall mean Defendant Planet Earth Recycling Inc. including, if applicable, its agents, servants, employees, representatives, attorneys, and all other persons acting or purporting to act on its behalf.

2. The word "and" and the word "or" shall, unless the context does not permit such a construction, be construed to mean "and/or." The word "each" includes the word "every" and the

word "every" includes the word "each." The word "any" includes the word "all" and the word "all" includes the word "any."

3. The term "person" shall mean any individual, firm, partnership, corporation, association, business, governmental or public entity or subdivision, agency, department, joint venture, business trust, group, and any person acting by or through, directly or indirectly, another person as well as any person by whom such person was controlled with respect to the matter in question.

4. The term "communication," unless otherwise modified, shall mean each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, orally, in person, telex, facsimile, e-mail, telegram, recording, in writing, or by any other means.

5. The words "refer," "relate," "regarding," and/or "concerning," shall mean directly or indirectly, in whole or in part, constituting, consisting of, containing, reflecting, mentioning, evidencing, recording, substantiating, describing, summarizing, identifying, citing, or analyzing in any way.

6. The word "document" means any kind of printed, recorded, written, graphic, or photographic matter (including tape, video and film recordings) however printed, produced, reproduced, coded, or stored, of any kind or description, whether sent or received or not, including originals, drafts, copies, non-identical copies or reproductions, summaries, reports, data compilations and tabulations, whether stored by mechanical, photographic or electronic means (including data processing of all types). The term "document" shall also include, but not be limited to, the following: any writing, drawing, graph, chart, map, as-built drawing, photograph, film, tape recording, video recording, or any other records or data compilations from which information can be obtained. The term "document" shall also include, without limitation, each note, memorandum, letter, work paper, minutes, book, diary, blue print, index, microfilm, account, opinion, appraisal, brochure, pamphlet, circular, telegram, release, article, analysis, transcript, agreement, check, checkstub, receipt, data processing card or disc, and any other written, recorded, transcribed,

punched, taped, filmed, or graphic matter, however produced or reproduced, and any other document or writing of whatever description including, but not limited to, any information contained in any computer, although not yet printed out.

7. Defendant is requested to provide not only all documents and things in its possession or control, but also all documents and things which are readily available to it, including documents and things in the possession of his attorneys, investigators and all other persons acting on its behalf.

8. If any documents sought by a particular document request were at any one time in Defendant's possession, custody, or control, but are no longer, please so state, specifying for each document: (i) the type of document; (ii) the types of information contained therein; (iii) the date upon which it ceased to be in Plaintiffs' possession, custody, or control; (iv) the identity of each person having knowledge of the circumstances under which it ceased to be in Defendant's possession, custody, or control; and (v) the identity of each person having knowledge of the contents thereof.

9. If any documents sought by a particular request are known by Defendant to exist but are not in Defendant's possession, custody, or control, please state where the documents are maintained or produce documents that show the name of the person or entity maintaining them.

10. In the event you object to any of the Requests set forth below, state your objection as specifically as possible, and comply with the Request insofar as it is not objectionable.

11. In the event you are able to provide only part of the documents or things called for by any particular Request, provide all the documents or things which you can provide, and state the reason(s) for your alleged inability to provide the remainder.

12. If you assert a claim of privilege or other protection, make the claim expressly and describe the nature of the documents, communications, or things not produced or disclosed in a manner that will allow the applicability of the privilege to be assessed.

13. These Requests shall be deemed to be continuing so as to require supplemental Responses (if you obtain further information between the time the responses are served and any trial

or pertinent hearing) from time to time, but not later than thirty (30) days prior to trial or hearing on the subject matter herein.

14. These Requests do not seek documents to or from Defendant's counsel in this case

15. The time period covered by these Requests is January 1, 1990, to the present.

**SPECIFIC REQUESTS**

1. All documents memorializing any and all oral communications between Defendant and any individual, customer, resident, or business located in Rhode Island.

2. All documents sent to Defendant from any individual, customer, resident, or business located in Rhode Island.

3. All documents sent from Defendant to any individual, customer, resident, or business located in Rhode Island.

4. All documents evidencing any contractual relationship between Defendant and any individual, customer, resident, or business located in Rhode Island.

5. All documents evidencing any mail, electronic mail, and telecommunication contact to or from any individual, customer, resident, or business located in Rhode Island.

6. All documents evidencing the attendance or participation by Defendant at any meetings, conferences, seminars, conventions or any other similar forums held in Rhode Island.

7. All documents evidencing any type of travel by Defendant to Rhode Island.

8. All documents relating to any promotional or advertising efforts by Defendant to market its products and/or services to any individual, customer, resident, or business located in Rhode Island.

9. All documents evidencing the sale of any products and/or services or the transaction of any business in Rhode Island.

10. All documents relating to Defendant's yearly total sales figures for the years 1990 to the present.

Plaintiff,
Toray Plastics (America), Inc.,
By its Attorneys,

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

Dated: November 22, 2006

CERTIFICATE OF SERVICE

I hereby certify that a mailed a copy of the within Request For Production of Documents to Perry L. Glantz, Esq., Fognani & Faught, PLLC, 1700 Lincoln Street, Suite 2222, Denver, CO 80203, and Ronald W. Del Sesto, Esq., Del Sesto – Hall's Building, 49 Weybosset Street, Providence, RI 02903, on this 22nd day of November 2006.

Susan Guevremont