# EXHIBIT 8

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC.<br><br>Plaintiff,<br><br>v.<br><br>T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO., and PLANET EARTH RECYCLING INC.,<br><br>Defendants. | : | C.A. No. 06-219-ML |

**DEFENDANT, PLANET EARTH RECYCLING INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Planet Earth Recycling Inc. ("Defendant"), by and through its counsel, hereby responds to the Plaintiff, Toray Plastics (America), Inc.'s First Set of Interrogatories, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

Defendant asserts the following objections to each of the discovery requests, instructions and definitions propounded by Plaintiff, and answers as set forth below.

## I. GENERAL RESPONSES & OBJECTIONS

1. Defendant objects to each of the discovery requests to the extent that it is vague, overly broad, burdensome or calls for information neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to each of the discovery requests and definitions on the grounds, and to the extent, that any of them purports to expand or modify Defendant's obligations under the Federal Rules of Civil Procedure.

3. Defendant objects to the discovery requests and to the definition and/or use of "you" and "your" on the grounds and to the extent they purport to require Defendant to respond on behalf of separate persons and entities, and on the grounds and to the extent they purport to require Defendant to respond on behalf of "all other persons" who are "acting or purporting to act on his behalf" on the grounds that this definition is overly broad, vague and/or ambiguous.

4. Defendant has made a reasonable effort to respond to the discovery requests as Defendant understands and interprets them. If Defendant should assert an interpretation of any discovery request that differs from Plaintiff's, Defendant reserves the right to supplement and/or amend his objections and/or responses thereto.

5. Defendant objects to each of the discovery requests to the extent that it might be interpreted as requiring Defendant to concede the relevance, materiality or admissibility of the information sought by the discovery request.

6. The responses set forth below are subject to, made without waiving, and not intended to waive:

A. all questions or objections as to the competence, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information referred to or responses given herein, or the subject matter thereof, in any subsequent proceeding or trial in this or any other action;

B. the right to object to other discovery proceedings involving or related to the subject matter of the discovery requests to which these responses are directed; and

C. the right at any time to revise, correct, add to, or clarify any of the responses, or all of them, all of which are given subject to correction of any such omissions or errors.

7. Defendant objects to each of the discovery requests to the extent it requests information that is within the knowledge, custody or control of Defendant.

8. To the extent any discovery request propounded by Plaintiff may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common legal interest privilege or any other evidentiary privilege or immunity, Defendant hereby claims and reserves such privilege, doctrine or immunity and objects to such request on that basis.

9. No incidental or implied admissions are intended or may be inferred by the responses set forth below. The fact that Defendant has responded to any request is not intended to be, and shall not be construed as, a waiver by Defendant of any part of any objection to any request.

10. Defendant objects to these interrogatories to the extent they seek to limit the factual basis of contentions made by Defendant prior to completion of discovery, and Defendant expressly reserves the right to amend its answer and to supplement these responses.

11. Defendant responds to Plaintiff's discovery requests subject to, and without waiving, these General Objections or any other objections set forth herein. Defendant incorporates fully by reference his General Objections into each of the Specific Responses and Objections to Plaintiff's discovery requests that are set forth below.

## ANSWERS TO INTERROGATORIES

1. Please identify yourself by stating your full name, business address, title, job responsibilities, and how long you have had this position with Defendant.

**RESPONSE:** I am Torge Goderstad, President, Planet Earth Recycling Inc. I have held this position since Planet Earth's incorporation on June 12, 2003.

2. For every person known by Defendant or anyone acting on behalf of Defendant to have any knowledge of the matters set forth in Plaintiffs Complaint, Defendant's Answer thereto, Defendant National Plastics Trading Company's Counterclaim, or Plaintiffs Answer thereto, please state the following:

a. The name, title, and business address (or last known residential address if there is no known business address);

**RESPONSE:** See Defendants' Rule 26(a)(1) Disclosures.

b. Detail the scope of said knowledge of each such person; and

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Further, Defendant objects to this interrogatory on the grounds it is speculative, overly broad and unduly burdensome in scope in that Defendant cannot know the knowledge held by any person.

Subject to the above objections, Defendant Planet Earth has no knowledge of the scope of knowledge held by individuals identified in response to subpart (a) above. To the extent those persons are employees, agents, or otherwise acting on behalf of Plaintiff, such information is equally if not more available to Plaintiff.

c. State how each such person knows of such matters.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege. Further, Defendant objects to this interrogatory on the grounds it is speculative, overly broad and unduly burdensome in scope in that Defendant cannot know the knowledge held by any person.

Subject to the above objections, Defendant Planet Earth responds that the individuals identified in response to subpart (a) above came by their knowledge "of such matters" through the course of their respective business contracts, employment, or other dealings with Plaintiff or Defendant National Plastics Trading Co.

3. Please list the name, title, and business address (or last known residential address if there is no known business address) of every person with whom you spoke to or consulted with in gathering the information reflected in these answers to interrogatories.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege.

Subject to the above objection, no individuals were spoken to or consulted with in gathering the information reflected in these answers to interrogatories.

4. Please identify and describe fully all documents you reviewed in answering these interrogatories.

**RESPONSE:** Defendant objects to this interrogatory to the extent it is intended or construed to seek the production or disclosure of information protected from discovery by the attorney-client or work product privilege.

Subject to the above objection, Defendant reviewed Defendants' Rule 26(a)(1) Disclosures, Plaintiff's Complaint, Defendants' Answer thereto, Defendant National Plastics Trading Company's Counterclaim, and Plaintiffs' Answer thereto.

5. Please identify the name of any employee, representative, or agent of Defendant who authored any correspondence or other written material that was sent to any individual, customer, resident, or business located in Rhode Island, and identify each document.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, no correspondence or other written material was sent to any individual, customer, resident, or business located in Rhode Island and authored by an employee, representative, or agent of Defendant.

6. Please identify the name of any customer, resident, individual or business located in Rhode Island that received any correspondence or other written materials from Defendant, and identify each document.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, no customer, resident, individual or business located in Rhode Island received any correspondence or other written materials from Defendant.

7. Please identify the name of any employee, representative, or agent of Defendant who authored any agreements, contracts or other written materials evidencing any contractual relationship between Defendant and any individual, customer, resident, or business located in Rhode Island, and identify each document.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant has not entered into any contractual relationship with any individual, customer, resident, or business located in Rhode Island. There are no agreements, contracts or other written materials evidencing such a relationship.

8. Please identify the name of any employee, representative, or agent of Defendant that participated in or attended any meetings, conferences, seminars, conventions, promotional events, marketing activities, or business development activities held in Rhode Island.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Torge Goderstad, as President of National Plastics Trading Company, not on behalf of Defendant, participated in or attended any meetings, conferences, seminars, conventions, promotional events, marketing activities, or business development activities held in Rhode Island.

9. Please identify the name of any employee, representative, or agent of Defendant who is or was responsible for the sale of any products and/or services or the transaction of any business in Rhode Island on behalf of Defendant.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant has no employee, representative, or agent who is or was responsible for the sale of any products and/or services or the transaction of any business in Rhode Island on behalf of Defendant.

10. Please provide Defendant's yearly total sales figures for the years 1990 to the present.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence.

11. Please provide Defendant's yearly total sales figures for sales which took place within the state of Rhode Island for the years 1990 to the present.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant has never sold goods or services within the State of Rhode Island.

12. Please identify the case caption and case number of any lawsuit Defendant has been a party to in Rhode Island.

**RESPONSE:** Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objection, excluding this action, Defendant has never been a party to any lawsuit in Rhode Island.

13. Identify all officers, directors, employees, agents, or representatives of Defendant since January 1, 1990, indicate whether each officer, director, employee, agent, or representative has ever visited Rhode Island for any reason, and if so, please state when and why.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Torge Goderstad, personally and in his capacity as President of National Plastics Trading Company, not on behalf of Defendant, has visited Rhode Island on numerous occasions over the course of Defendant National Plastics Trading Company's dealings with Plaintiff that have spanned more than 16 years. The dates and purpose of these visits are equally known to Plaintiff and its employees and agents as identified in Defendants' Rule 26(a)(1) Disclosures.

14. Please list each and every day that Torge Goderstad has visited Rhode Island for any reason and explain the purpose for each day that he has visited Rhode Island.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Defendant objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, see response to Interrogatory No. 13.

Dated this 10th day of January, 2007.

Defendant,
Planet Earth Recycling Inc.

AS TO OBJECTIONS:
By its Attorneys

s/ Perry L. Glantz
Fritz W. Ganz, Esq.
Perry L. Glantz, Esq.
FOGNANI & FAUGHT, PLLC
1700 Lincoln Street, Suite 2222
Denver, CO 80203

and

Ronald W. Del Sesto, Esq.
Del Sesto – Hall's Building
49 Weybosset Street
Providence, RI 02903

# VERIFICATION

Pursuant to C.R.C.P. 33, I, Torge Goderstad, give this declaration, based on my personal knowledge of the facts asserted herein, as follows:

1. I am the Defendant in *Toray Plastics v. T.G. Plastics Trading Co., et al.*, Federal District Court, District of Rhode Island, C.A. No. 06-219-ML.

2. I have read the responses to interrogatories contained in the document styled **DEFENDANT, PLANT EARTH RECYCLING INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES.** The responses are true and correct to the best of my present knowledge, information and belief, my present understanding of relevant facts, and my present understanding of the meaning of the interrogatories submitted by Toray Plastics (America), Inc.

3. To the extent these or any other interrogatory responses refer to or rely on the opinions or analyses of experts, I am relying on those opinions and analyses and believe them to be true and accurate, to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 16 day of January, 2007.

[signature]

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2007, a true and correct copy of the foregoing **DEFENDANT, PLANET EARTH RECYCLING INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** was served electronically via e-mail to the following:

Jeffrey S. Brenner, Esq.
NIXON PEABODY, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903

s/ C.S.Vega