# EXHIBIT 9

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. | : | |
| | : | |
| v. | : | C.A. No. 06-219/ML |
| | : | |
| T G PLASTICS TRADING CO. INC., d/b/a NATIONAL PLASTICS TRADING CO. and PLANET EARTH RECYCLING INC. | : | |

**DEFENDANT PLANET EARTH RECYCLING INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Planet Earth Recycling, Inc. ("Defendant"), by and through its counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's First Request For Production of Documents to Defendant Planet Earth Recycling, Inc. Defendant Planet Earth asserts the following objections to each of the discovery requests, instructions and definitions propounded by Toray Plastics (America), Inc., and answers as set forth below:

**GENERAL RESPONSES & OBJECTIONS**

Defendant objects to each of the discovery requests to the extent that it is vague, overly broad, burdensome or calls for information neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant asserts the following objections to each of the discovery requests, instructions and definitions propounded by Plaintiff:

1. Defendant objects to each of the discovery requests and definitions on the grounds, and to the extent, that any of them purports to expand or modify Defendant's obligations under the Federal Rules of Civil Procedure.

2. Defendant objects to the discovery requests and to the definition of "you" or "your" on the grounds and to the extent they purport to require Defendant to respond on behalf of separate persons and entities, and on the grounds and to the extent they purport to require Defendant to respond on behalf of "all other persons" who are "acting or purporting to act on its behalf" because this definition is overly broad, vague and/or ambiguous.

3. Defendant has made a reasonable effort to respond to the discovery requests as Defendant understands and interprets them. If Defendant should assert an interpretation of any requests that differs from Plaintiff's, Defendant reserves the right to supplement and/or amend its objections and/or responses thereto.

4. Defendant objects to each of the discovery to the extent that it might be interpreted as requiring Defendant to concede the relevance, materiality or admissibility of the information sought by the request.

5. The responses set forth below are subject to, made without waiving, and not intended to waive:

   a. all questions or objections as to the competence, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information referred to or responses given herein, or the subject matter thereof, in any subsequent proceeding or trial in this or any other action;

b. the right to object to other discovery proceedings involving or related to the subject matter of the discovery requests to which these responses are directed; and

c. the right at any time to revise, correct, add to, or clarify any of the responses, or all of them, all of which are given subject to correction of any such omissions or errors.

6. Defendant objects to each of the discovery requests to the extent it requests information that is within the knowledge, custody or control of Defendant.

7. To the extent any discovery request propounded by Plaintiff may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common legal interest privilege or any other evidentiary privilege or immunity, Defendant hereby claims and reserves such privilege, doctrine or immunity and objects to such discovery request on that basis.

8. No incidental or implied admissions are intended or may be inferred by the responses set forth below. The fact that Defendant has responded to any discovery request is not intended to be, and shall not be construed as, a waiver by Defendant of any part of any objection to any discovery request.

9. Defendant objects to these discovery requests to the extent they seek to limit the factual basis of contentions made by Defendant prior to completion of discovery, and Defendant expressly reserves the right to amend its answer and to supplement these responses.

Defendant responds to Plaintiff's discovery requests subject to, and without waiving, these General Objections or any other objections set forth herein. Defendant incorporates fully

by reference its General Objections into each of the Specific Responses and Objections to Plaintiff's discovery requests that are set forth below.

## RESPONSES TO SPECIFIC REQUESTS

1. All documents memorializing any and all oral communications between Defendant and any individual, customer, resident, or business located in Rhode Island.

**RESPONSE**: Defendant objects to this request for production to the extent it is intended or construed to seek the disclosure of any documents or other information protected from discovery by the attorney-client privilege or work product doctrine. Defendant objects to the request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant has not had any oral communications with any individual, customer, resident, or business located in Rhode Island.

2. All documents sent to Defendant from any individual, customer, resident, or business located in Rhode Island.

**RESPONSE**: Defendant objects to this request for production to the extent it is intended or construed to seek the disclosure of any documents or other information protected from discovery by the attorney-client privilege or work product doctrine. Defendant objects to the request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant has no customers in Rhode Island. To the extent Defendant received documents from any individual, resident, or business located in Rhode Island they have been produced by Defendant National Plastics Trading Company. These

include any invoice or other document sent by Plaintiff to Defendant in the course of Plaintiff's dealings with Defendant National Plastics Trading Company, which were forwarded to Defendant National Plastics Trading Company upon receipt.

3. All documents sent from Defendant to any individual, customer, resident, or business located in Rhode Island.

**RESPONSE**: Defendant objects to this request for production to the extent it is intended or construed to seek the disclosure of any documents or other information protected from discovery by the attorney-client privilege or work product doctrine. Defendant objects to the request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, Defendant has no customer in Rhode Island and there are no documents sent from Defendant to any individual, resident or business located in Rhode Island.

4. All documents evidencing any contractual relationship between Defendant and any individual, customer, resident, or business located in Rhode Island.

**RESPONSE**: Defendant objects to this request for production to the extent it is intended or construed to seek the disclosure of any documents or other information protected from discovery by the attorney-client privilege or work product doctrine. Defendant objects to the request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, there are no documents responsive to this request.

5. All documents evidencing any mail, electronic mail, and telecommunication contact to or from any individual, customer, resident, or business located in Rhode Island.

**RESPONSE**: Defendant objects to this request for production to the extent it is intended or construed to seek the disclosure of any documents or other information protected from discovery by the attorney-client privilege or work product doctrine. Defendant objects to the request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, to the extent they exist, any documents evidencing mail, electronic mail, and telecommunication contact to or from any individual, resident, or business located in Rhode Island have been produced. Defendant has no customer in Rhode Island.

6. All documents evidencing the attendance or participation by Defendant at any meetings, conferences, seminars, conventions or any other similar forums held in Rhode Island.

**RESPONSE**: Defendant objects to this request for production to the extent it is intended or construed to seek the disclosure of any documents or other information protected from discovery by the attorney-client privilege or work product doctrine. Defendant objects to the request as vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, there are no documents responsive to this request.

7. All documents evidencing any type of travel by Defendant to Rhode Island.

**RESPONSE**: Defendant objects to this request for production to the extent it is intended or construed to seek the disclosure of any documents or other information protected from

discovery by the attorney-client privilege or work product doctrine. Defendant objects to the request as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, there are no documents responsive to this request.

8. All documents relating to any promotional or advertising efforts by Defendant to market its products and/or services to any individual, customer, resident, or business located in Rhode Island.

**RESPONSE**: Defendant objects to this request for production to the extent it is intended or construed to seek the disclosure of any documents or other information protected from discovery by the attorney-client privilege or work product doctrine. Defendant objects to the request as vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, there are no documents responsive to this request.

9. All documents evidencing the sale of any products and/or services or the transaction of any business in Rhode Island.

**RESPONSE**: Defendant objects to this request for production to the extent it is intended or construed to seek the disclosure of any documents or other information protected from discovery by the attorney-client privilege or work product doctrine. Defendant objects to the request as vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the above objections, all responsive documents have been produced, none of which evidence the sale of any products and/or services or the transaction of any business in Rhode Island by or on behalf of Defendant.

10. All documents relating to Defendant's yearly total sales figures for the years 1990 to the present.

**RESPONSE**: Defendant objects to this request for production to the extent it is intended or construed to seek the disclosure of any documents or other information protected from discovery by the attorney-client privilege or work product doctrine. Defendant objects to the request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Dated this 10th day of January, 2007.

Defendant,
Planet Earth Recycling Inc.

AS TO OBJECTIONS:
By its Attorneys

s/ Perry L. Glantz

Fritz W. Ganz, Esq.
Perry L. Glantz, Esq.
FOGNANI & FAUGHT, PLLC
1700 Lincoln Street, Suite 2222
Denver, CO 80203

and

Ronald W. Del Sesto, Esq.
Del Sesto – Hall's Building
49 Weybosset Street
Providence, RI 02903

VERIFICATION

Pursuant to C.R.C.P. 34, I, Torge Goderstad, give this declaration, based on my personal knowledge of the facts asserted herein, as follows:

1. I am the Defendant in *Toray Plastics v. T.G. Plastics Trading Co., et al.*, Federal District Court, District of Rhode Island, C.A. No. 06-219-ML.

2. I have read the responses to interrogatories contained in the document styled **DEFENDANT, PLANT EARTH RECYCLING INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION.** The responses are true and correct to the best of my present knowledge, information and belief, my present understanding of relevant facts, and my present understanding of the meaning of the interrogatories submitted by Toray Plastics (America), Inc.

3. To the extent these or any other interrogatory responses refer to or rely on the opinions or analyses of experts, I am relying on those opinions and analyses and believe them to be true and accurate, to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 16 day of January, 2007.

[signature]

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of January, 2007, a true and correct copy of the foregoing **DEFENDANT PLANET EARTH RECYCLING INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** was served electronically via e-mail to the following:

Jeffrey S. Brenner, Esq.
NIXON PEABODY, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903

s/ C.S. Vega