# EXHIBIT 10

NIXON PEABODY LLP
ATTORNEYS AT LAW

Suite 500
One Citizens Plaza
Providence, Rhode Island 02903-1345
(401) 454-1000
Fax: (401) 454-1030

Jeffrey S. Brenner
Direct Dial: (401) 454-1042
E-Mail: jbrenner@nixonpeabody.com

February 6, 2007

**VIA FAX AND REGULAR MAIL**

Perry L. Glantz, Esq.
Fognani & Faught, PLLC
1700 Lincoln Street, Suite 2222
Denver, CO 80203

Re: Toray Plastics (America), Inc. v. TG Plastics Trading Co. Inc. d/b/a National Plastics Trading Co. and Planet Earth Recycling Inc., C.A. No. 06-219/ML

Dear Perry:

As I mentioned to you at last week's depositions, I have several issues concerning National Plastics' and Planet Earth's responses to Plaintiff's Interrogatories and Request for Production of Documents. I am sending you this letter in an attempt to resolve or minimize our differences before seeking judicial intervention.

As a preliminary matter, Plaintiff's Interrogatories and Request for Production of Documents are succinct and carefully tailored to seek specific information and documents that are relevant to the allegations set forth in the Complaint, the defenses to the Complaint, the Counterclaim, and the defenses to the Counterclaim. The local rules of the Rhode Island Federal District Court do not permit general objections that automatically apply to each individual Interrogatory and Request. Moreover, a review of the general objections reveals that they could not possibly apply to each individual Interrogatory and Request. Therefore, the general objections are inappropriate and should be withdrawn.

More specifically, most of National Plastics' Answers to Interrogatories are deficient and/or assert improper objections. For example, answer to interrogatory 2 fails to detail the scope of knowledge of the individuals listed. National Plastics should file a more responsive answer to interrogatory 2 concerning Terry Lam, Paul Yan, Wayne Warner, Steve Fisk, Torge Goderstad, Suzanne Goderstad, Jody Curtis, Jackie Parker, Heather Higgins, and Patrick Martin. Please let me know if National Plastics intends to supplement its answer within the next ten days.

NP

NIXON PEABODY LLP
ATTORNEYS AT LAW



Second, interrogatory no. 6 seeks information concerning communications between the parties. The objection is not proper. Also, there may be oral communications that are not reflected in the documents previously exchanged in the initial disclosure. Similarly, interrogatory 7 seeks information concerning communications with non-parties, interrogatories 9 and 10 seek information concerning National Plastics' purchase of Excess Material from Toray, interrogatory 12 seeks information concerning negotiations about pricing, and interrogatory 13 seeks information about complaints. This information is not necessarily reflected in the documents previously exchanged in the initial disclosure. Please let me know if National Plastics intends to supplement its answers within the next ten days.

Third, National Plastics' answer to interrogatory 8 asserts improper objections which should be withdrawn. Additionally, National Plastics failed to provide any facts or details concerning its allegation that Plaintiff delivered non-conforming goods under the contract which were not suitable for subsequent sale by Defendant in the relevant market at market prices," that "Defendant had ongoing business relationships with customers in the Asian market, a fact known to Plaintiff during the years of dealings over the contract period," that "Plaintiff interfered with Defendant's business relationships with its Asian customers by selling Excess Material, in breach of the contract, in the Asian market at prices well below market price," and that "Plaintiff knew the sale of material at prices below market value would interfere with Defendant's business relationships and Defendant's ability to continue its advantageous and prospective relationships in the Asian market." Please let me know if National Plastics intends to supplement its answer within the next ten days.

Fourth, the answer to interrogatory 11 asserts inapplicable objections. Although the interrogatory partially described what National Plastics did with the containers, it failed to describe fully what happened to the containers at its facility and failed to identify where the newly prepared containers were sent. Please let me know if National Plastics intends to supplement its answer within the next ten days.

Fifth, interrogatory 14 seeks relevant information concerning the ultimate purchasers of the Excess Material at issue in the Complaint and Counterclaim, and interrogatory 16 seeks relevant information regarding people who were involved in the removal of the Excess Material from Plaintiff's facilities. The asserted objections are inappropriate and the partial answers are useless. Please let me know if National Plastics intends to supplement its answers within the next ten days.

Sixth, interrogatories 16 and 17 seek information regarding National Plastics' damages and offset calculation. The asserted objections are inappropriate and the partial answers are baseless. Please let me know if National Plastics intends to supplement its answers within the next ten days.

NP

NIXON PEABODY LLP
ATTORNEYS AT LAW



Seventh, the objections to interrogatory 18 are inapplicable. Additionally, the partial responses are incomplete. For example, the alleged "misrepresentations" must be identified and many of the statements are conclusory with no factual explanation. Please let me know if National Plastics intends to supplement its answers within the next ten days.

Eighth, the objections to interrogatories 2, 3, 4, and 19 are inapplicable and should be withdrawn. Please let me know if National Plastics is willing to withdraw these objections within the next ten days.

With respect to the Request for Production of Documents to National Plastics, all of the asserted objections should be withdrawn. Additionally, the initial disclosure could not possibly be a complete disclosure of all documents responsive to the Request for Production of Documents. Please let me know if National Plastics intends to supplement its responses within the next ten days.

With respect to the Interrogatories to Planet Earth, all of the asserted objections should be withdrawn. Additionally, there should be more responsive answers to interrogatories 2, 8, 10, 13, and 14. Please let me know if Planet Earth intends to supplement its responses within the next ten days. Moreover, Planet Earth's responses to certain interrogatories do not appear to be accurate. For example, in Planet Earth's Responses to Interrogatories 5, 6, 7, and 9, it denies any contact or relationship with any Rhode Island individual or entity. However, the documents produced by the parties in their initial disclosures reveal significant ties between Planet Earth and Toray as well as between Planet Earth and Jessica Transport Services, both Rhode Island corporations. Planet Earth's failure to even reference these entities casts doubt on the veracity of its answers to interrogatories.

With respect to the Request for Production of Documents to Planet Earth, I believe that all of the asserted objections should be withdrawn. Additionally, there should be documents produced in response to requests 9 and 10. Moreover, as explained in the preceding paragraph, Planet Earth has ignored its business relationships with Toray and Jessica Transport Services which casts serious doubt on its candor in responding to these requests for production of documents. Please let me know if Planet Earth intends to supplement its responses within the next ten days.

I look forward to receiving a response from you by Friday, February 16.

Very truly yours,

Jeffrey S. Brenner

cc: Mr. Dave Jose (via regular mail)
Ronald Del Sesto, Esq. (via regular mail)