# EXHIBIT 11

FOGNANI & FAUGHT, PLLC

February 15, 2007

**VIA FACSIMILE AND U.S. MAIL**

Jeffrey S. Brenner, Esq.
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903

Re: *Toray Plastics (America), Inc. v. National Plastics Trading Co., et al.*
CA 06-219ML

Dear Mr. Brenner:

This letter responds to yours of February 6, 2007, regarding various issues relating to defendants' responses and objections to plaintiff's first set of discovery requests. While the foregoing addresses specific issues, defendants will comply with the requirements of federal and local rules and supplement their discovery responses as additional information or documents responsive to the requests is obtained or otherwise made known to defendants.

Nothing in the Local Rules of the District Court for the District of Rhode Island addresses general objections to interrogatories, let alone prohibits their assertion. *See* LR Cv 33 (Interrogatories). The Local Rules simply require, consistent with the federal rules, that objections to requests for production, and the grounds therefor, be stated separately. LR Cv 34 (Requests for Production). Defendants' objections to Plaintiffs' various discovery requests comply with applicable federal and local rule and will not be withdrawn.

Interrogatory No. 2 directed to National Plastics requests that National Plastics "Detail the scope of knowledge" of individuals National Plastics has identified as having knowledge of the matters at issue in this litigation. As stated in response to the interrogatory, defendants cannot know the scope of any individual's knowledge. Certain of the individuals for whom you seek additional information are beyond the control of defendants. These are non-party witnesses whom plaintiff is free to contact, including Terry Lam, Paul Yan, Wayne Warner, Steve Fisk, and Patrick Martin. National Plastics will not speculate as to the knowledge held by these individuals but will supplement its response as to the individuals identified in your letter as the information becomes known or available. National Plastics is continuing to evaluate whether any supplemental disclosure or response is necessary as to its employees.

Defendant withdraws its attorney-client and work product objections to Interrogatory No. 6. The remainder of National Plastics' response to this interrogatory stands. The interrogatory seeks information relating to communications between the parties; such information is equally available to plaintiff. The parties engaged in numerous telephone discussions regarding pricing, claims, delivery, and quality issues over more than 13 years of dealing. The discovery request is not limited as to time and is not narrowed to any particular allegation asserted by the parties. Without further specificity or narrowing, the request is vague, ambiguous, overbroad and unduly burdensome. Nevertheless, National Plastics will supplement its response to Interrogatory No. 6 should any additional information be discovered.

Defendant's objections to Interrogatory No. 11 are appropriate and applicable and will not be withdrawn. The interrogatory is vague and ambiguous as to "procedures and methods used ... to process Excess Material." Defendant answered the request to the extent its meaning was understood. To the extent this is directed to the procedures and methods by which Excess Material is reloaded for shipment to defendant's customers, this information is proprietary and protected trade secret. The interrogatory does not request information as to "where newly prepared containers were sent" and so no such information was provided. The interrogatory relates to the "procedures and methods used by defendant to process Excess Material," not the containers. Defendant's response, therefore, does not address "what happened to the containers at its facility." The interrogatory is overbroad and unduly burdensome because it is not limited in time and therefore, as propounded, seeks information relating to hundreds of shipments of "Excess Material" over a period of more than 13 years. Defendant may consider supplementing its response to Interrogatory No. 11 should Plaintiff sufficiently narrow the scope of the request and further define or describe the information sought.

Interrogatory No. 14 does not seek relevant information or that reasonably calculated to lead to the discovery of admissible evidence. Even if it did, the request is woefully overbroad. The parties to this action have a course of dealing that spans more than 13 years, over which time National Plastics has exclusively sold products containing "Excess Material." Such fact has, at all times relevant, been known to plaintiff. This request necessarily seeks detailed pricing and quantity figures for nearly every sale consummated by National Plastics since it started doing business with plaintiff in or about 1993. The identity of National Plastics' customers has no bearing on the parties' claims or defenses. Moreover, detailed information relating to the financial performance of National Plastics during relevant periods was provided with its initial disclosures. This information includes the identity of some of National Plastics customers.

Interrogatory No. 16 does not relate in any way to "information regarding people who were involved in the removal of the Excess Material from Plaintiff's facilities." Interrogatory No. 15 seeks such information and was answered, subject to the asserted objections. At times relevant to the claims and defenses of the parties, Jessica Transport has been involved in the "removal of Excess Material from Plaintiff's facilities." In addition, plaintiff's own employees

have been involved in the removal of Excess Material from its facilities. Mr. Goderstad has, at times, been involved in the removal of Excess Material from plaintiff's facilities. This response may be supplemented as discovery unfolds.

Interrogatories Nos. 16 and 17 seek information that is the subject of expert testimony. As stated in response to these interrogatories, defendant will supplement these responses pursuant to Rule 26(a)(2). The asserted objections are appropriate and will not be withdrawn. Similarly, the objections asserted by National Plastics in response to Interrogatories Nos. 2, 3, 4 and 19 are appropriate and will not be withdrawn.

The objections asserted by Planet Earth will not be withdrawn and its responses will not be supplemented at this time. As set forth in defendants' answer and Planet Earth's responses to discovery to date, Planet Earth denies having any business relationship with either plaintiff or Jessica Transport. Planet Earth acknowledges its name was used by Toray for plaintiff's internal accounting and insurance needs but this does not constitute a "contact or relationship with" a Rhode Island entity. The allegations, claims, and defenses asserted by plaintiff and National Plastics arise out of contacts and relationships between plaintiff and National Plastics, not Planet Earth.

Specifically as to Request for Production No. 9, Planet Earth never sold products or transacted business in Rhode Island so there are no documents responsive to this request. Request for Production No. 10 seeks information that is not relevant, admissible, or reasonably calculated to lead to the discovery of admissible evidence. Planet Earth was incorporated on June 12, 2003, so "yearly total sales figures" do not exist for the years 1990 to 2002. Planet Earth's response to this request will not be supplemented at this time. Nothing in the books or files of Planet Earth relates in any way to Toray or the facts alleged by the parties in this action.

Very truly yours,

Perry L. Glantz

FWG:jll

Enclosures

cc: Fritz W. Ganz, Esq.