UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. Plaintiff, | : | |
| v. | : | C.A. No. 06-219-ML |
| T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO., and PLANET EARTH RECYCLING INC., Defendants. | : | |

**DEFENDANT NATIONAL PLASTICS TRADING CO.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE ADDITIONAL DOCUMENTS AND FOR MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Defendant National Plastics Trading Co. ("National Plastics"), by and through its counsel, respectfully submits this brief in opposition to Plaintiff's Motion to Compel Defendant to Produce Additional Documents and for More Responsive Answers to Interrogatories (together with supporting memorandum "Motion to Compel").

## I. PLAINTIFF'S MOTION TO COMPEL IS UNNECESSARY GIVEN NATIONAL PLASTICS' FULL AND COMPLETE DISCLOSURE AND PRODUCTION

Plaintiff repeatedly complains National Plastics "has refused to produce any documents beyond the Rule 26 initial disclosure." Motion to Compel at 4. National Plastics is at a loss as to how to respond as the simple fact of the matter is **there is nothing more to produce beyond the Rule 26 initial disclosure.** National Plastics indicated this was the case in its discovery responses and again in correspondence prior to the filing of Plaintiff's Motion to Compel. Motion to Compel, Exhibit 11. Plaintiff's Motion to Compel is unnecessary and appears to be

prompted not by any deficiency in National Plastics' discovery responses but simply Plaintiff's dissatisfaction with them.

Plaintiff's motion should be denied, first and foremost, because all documents responsive to Plaintiff's broad discovery requests have been produced. To be clear, National Plastics went above and beyond the strict requirements of Rule 26(a)(1) and produced all documents related to the claims and defenses of the parties with its initial disclosures. The format of the production – a scanned image of the documents in electronic format – was agreed upon with counsel for Plaintiff in advance of the production. The entire production consisted of invoices, correspondence, shipping documents, financial records, and tax returns and comprise approximately five boxes in hard copy form. National Plastics' production of these documents at the earliest possible stage of the case saved Plaintiff the time and expense of traveling to Colorado, where the documents are maintained, to inspect and copy at its election.

Plaintiff now brings its Motion apparently complaining, "Defendants' Rule 26 Disclosure consists of 7,693 pages of random documents including e-mails, notes, reports, financial information, etc., with no apparent organization." Motion to Compel at 6. National Plastics is at a loss as to the purpose or motivation behind Plaintiff's Motion. National Plastics produced all non-privileged documents responsive to Plaintiff's discovery requests *in advance of Plaintiff propounding the requests*. If a document was withheld under a claim of privilege, it was listed on National Plastics' privilege log.

Since the parties exchanged Rule 26 disclosures, Plaintiff has had in its possession all the documents it seeks, with ample time for review and organization by its counsel. National Plastics' counsel stated as much in conference on this Motion to Compel. The documents were

organized in the manner in which they are kept at National Plastics' offices, in the agreed upon electronic format providing the greatest ease of manipulation. Plaintiff now apparently seeks to shift to National Plastics the task of preparing its case and organizing its files. It is not National Plastics' duty in discovery to organize documents according to Plaintiff's unstated needs, nor is it National Plastics' duty to speculate as to which documents will be of greatest interest to Plaintiff, particularly given the broad discovery requests propounded. National Plastics' reward for its full disclosure and production of documents is Plaintiff's baseless Motion to Compel the production of documents already produced.

As to the interrogatories, Plaintiff seeks information equally, if not more available to itself than National Plastics. Much of the information sought is that held by non-parties over whom National Plastics has no control. These persons were identified by National Plastics in its Rule 26 Disclosures and Plaintiff is free to pursue discovery of the documents and knowledge that may be held by those individuals. Again, Plaintiff seeks an order compelling National Plastics to conduct Plaintiff's discovery. The Court should deny the Motion to Compel as seeking to place burdens and duties upon National Plastics that go well beyond the Rules.

## II. NATIONAL PLASTICS' OBJECTIONS ARE PROPER UNDER THE RULES GIVEN THE BROAD, UNCLEAR NATURE OF PLAINTIFF'S REQUESTS AND THE FACT THAT DISCOVERY IS ONGOING

Plaintiff takes exception to most, if not all, of National Plastics' objections. Its chief complaint appears to be that objections must be "stated separately for each interrogatory or document request." Motion to Compel at 4. Though nothing in the Local Rules of the District Court for the District of Rhode Island addresses general objections to interrogatories, let alone prohibits their assertion, *see* LR Cv 33 (Interrogatories), the Local Rules simply require,

consistent with the federal rules, that objections to requests for production, and the grounds therefor, be stated separately. LR Cv 34 (Requests for Production). National Plastics' response is simple: they were. Plaintiff's own brief makes this clear as it argues the applicability of the objections stated in response to each specific request. National Plastics objected to each and every interrogatory and request for production with a separate objection and answered the discovery subject to those objections.

Not to be overlooked is the fact that this Motion to Compel is premature. Discovery is ongoing. Depositions of party and non-party witnesses have yet to be taken. National Plastics repeatedly acknowledges its obligation to supplement its discovery responses based on information obtain through discovery. *See, e.g.,* Motion to Compel, Ex. 8 at 8 (Response to Interrogatory 6) ("Discovery is ongoing in this matter. Disclosures and discovery will be supplemented accordingly").

## III. NATIONAL PLASTICS' INTERROGATORY RESPONSES ARE COMPLETE AND PROPER

As National Plastics stated repeatedly in advance of the filing of this Motion to Compel, in its interrogatory responses and correspondence, the information sought by Plaintiff is largely knowledge possessed by itself and non-parties over whom National Plastics has no control. Nevertheless, Plaintiff maintains its position that National Plastics must pursue discovery of these non-parties on Plaintiff's behalf simply because Plaintiff refuses to prepare its own case. That shift of responsibility is not contemplated by the Rules.

National Plastics responds to the specific issues raised by Plaintiff in the same format as presented in the Motion to Compel. The pervasive theme is 1) the objections are not proper and 2) greater specificity is demanded. National Plastics made full and complete disclosure of the

information requested and stated clearly that the responses would be supplemented if additional information became available through discovery.

**A. Interrogatory No. 2**

This interrogatory specifically requests information from "anyone acting on behalf of" National Plastics. This includes National Plastics' counsel, so the objections on grounds of attorney-client privilege and work product protection are appropriate. Plaintiff argues National Plastics is somehow required to speculate as to knowledge held by third parties and how those individuals acquired that knowledge. Not only do the rules not require National Plastics to engage in such an endeavor but any response would be meaningless and certainly not reasonably calculated to lead to the discovery of admissible evidence. National Plastics fully complied with subpart (a) by identifying all persons known to have knowledge related to this case. Plaintiff concedes this fact in its Motion to Compel (at 5). National Plastics conducted several depositions of Plaintiff's employees. Plaintiff itself deposed one of its former employees and has subpoenaed records from Jessica Transport Services, National Plastics' shipping contractor. Plaintiff is similarly free to pursue discovery, through informal interview or deposition, of each of the persons identified by National Plastics in response to this interrogatory. National Plastics provided the information it has and is committed to supplement the response if additional information is known to be held by these individuals. National Plastics cannot be compelled to collect information from third parties at the request of Plaintiff when the information is equally available to Plaintiff.

Specifically with regard to Mr. Lam, Plaintiff already supplemented the response. Plaintiff has in its possession correspondence between Mr. Lam and National Plastics, including

a letter dated October 14, 2006 discussing problems with the quality of the Excess Material, overcharges for tare weight, misclassification of product, and other issues supportive of certain claims made by National Plastics in this case. Exhibit A, Letter from Mr. Terry Lam, *T&T Group, Inc.*, to *National Plastics Trading Company, Inc.*, Attn: Torge Goderstad dated Oct. 4, 2006 (NP006792). This correspondence and other correspondence between National Plastics and Mr. Lam were produced with National Plastics Rule 26 Disclosures and have been in Plaintiff's possession since October 2006. Contrary to Plaintiff's suggestion that the production occurred "with no apparent organization," this correspondence is identified by the Bates Range "NP006972-6801," a fact readily determined by a cursory review of the documents Plaintiff has in its possession. Further, on February 21, 2007 National Plastics submitted its expert designations, including a description of information and opinions held by Mr. Lam as a non-retained expert. Plaintiff complains the disclosure of Mr. Lam is limited, Motion to Compel at 6, and that may be true; the disclosure is limited to information relevant to the claims and defenses of the parties in this action. Plaintiff is free to explore, through discovery, the information and knowledge of Mr. Lam. National Plastics has provided the information known to it to be possessed by Mr. Lam.

Paul Yan is an officer and/or director of Polywin Corp., a competitor of National Plastics. This fact should be well known to Plaintiff. To argue National Plastics is in a better position than Plaintiff to request and obtain information from National Plastics own competitor defies logic and common sense and demonstrates Plaintiff's refusal to conduct its own discovery.

As to Wayne Warner, he is President of Jessica Transport Services, Inc. ("JTS"), National Plastics' shipping contractor. Plaintiff well knows Mr. Warner and JTS were

responsible for removing the Excess Material from Plaintiff's facilities on behalf of National Plastics. Mr. Warner and JTS are located within Rhode Island and, according to testimony by Plaintiff's own witness, have done business with Plaintiff since National Plastics ceased operations. Plaintiff served a subpoena for records production from Mr. Warner and JTS and has been in contact with Mr. Warner regarding the scheduling of this deposition and production which has yet to occur. Correspondence and other documents in the possession of National Plastics that may relate to Mr. Warner and JTS have been produced and in Plaintiff's possession since October 2006. Upon information and belief, Mr. Fisk is an employee of JTS and equally available to Plaintiff.

Mr. Martin is a non-party witness who was disclosed by National Plastics as a person who may have knowledge of information related to this case based on its review of the documents produced by the parties. Plaintiff is equally positioned to determine whether additional discovery of Mr. Martin is warranted or necessary. National Plastics is not required to make that determination, let alone pursue that discovery, on behalf of Plaintiff.

As to National Plastics' current and former employees, the response to Interrogatory No. 2 will be reviewed and supplemented where appropriate. Plaintiff negotiated all contracts with National Plastics through Mr. Torge Goderstad. Mr. Goderstad's deposition has been requested, along with that of several other lay witness depositions, but has yet to be completed. Plaintiff is free to seek the deposition of National Plastics' other employees should it feel such discovery is necessary following the deposition of Mr. Goderstad. Indeed that is the purpose of conducting discovery. Plaintiff has in its possession all documents, including correspondence, related to the

individuals identified as current or former employees of National Plastics. Plaintiff knows as well as National Plastics how these individuals came by their knowledge as it relates to this case.

**B. Interrogatories Nos. 6, 7, and 9**

Interrogatories Nos. 6, 7, and 9 relate to written and oral communications between and among the various parties and non-parties disclosed by the parties in this case. To the extent National Plastics knows of written communications, they have bee produced and in Plaintiff's possession since October 2006. Some of those documents refer to meetings or teleconferences between the parties and other individuals already disclosed. National Plastics has never stated that all oral communications are identified in the documents, simply that some of those known by National Plastics to have taken place are identified in the documents.

Further information regarding oral communications has been discussed by certain witness who have been deposed in this case, including George Watts, a former employee of Plaintiff's, and several of Plaintiff's current employees. Further information relating to oral communications is not available to National Plastics at this time but will be provided should additional information become available through discovery.

Interrogatories Nos. 6 and 9 seek communications to which Plaintiff was a party. Interrogatory No. 7 seeks communications to which Plaintiff was a party but National Plastics was not. It is mind-boggling how Plaintiff expects National Plastics to provide a meaningful response to this interrogatory unless the communication is in written form or identified in a document. To the extent that is the case, those documents were produced. Interrogatory No. 9 is overbroad as it seeks information related to all communications that took place between the

parties over all time. It is impossible to answer this interrogatory in a meaningful way as it is written.

**C. Interrogatory No. 8**

Plaintiff's complaint with regard to Interrogatory No. 8 is perplexing. Apparently the complaint is directed to the quantity and quality of information provided in support of National Plastics' counterclaims for breach of implied warranty of merchantability (Count III) and tortious interference with advantageous and prospective relationships (Count IV). National Plastics bears the burden of proof on these claims and proceeds subject to the disclosure requirements of the Rules and the obligation to supplement its discovery responses accordingly. With discovery ongoing and depositions remaining, National Plastics' response to Interrogatory No. 8 is complete at this time.

**D. Interrogatories Nos. 10 and 12**

As with Interrogatories Nos. 6, 7, and 9, discussed above, Interrogatories No. 10 and 12 seek communications to which Plaintiff was a party. To the extent written or identified in a document, they have been produced. Further information regarding oral communications has been discussed by certain witness who have been deposed in this case, including George Watts, a former employee of Plaintiff's, and several of Plaintiff's current employees. Further information relating to oral communications is not available to National Plastics at this time but will be provided should additional information become available through discovery.

**E. Interrogatory No. 11**

Interrogatory No. 11 seeks information regarding "how Defendant processed Excess Material obtained from Plaintiff," and alleges this information is relevant to National Plastics'

claim that Excess Material provided by Plaintiff was not merchantable and that Plaintiff damaged National Plastics reputation. Motion to Compel at 11-12. It is unclear what Plaintiff means by "processed" and National Plastics answered the interrogatory as it understood the request. Plaintiff seems to tie the handling of the Excess Material once it leaves Plaintiff's facilities to the merchantability of the product. There is no support for a connection between the two and National Plastics described how Excess Material was handled by or on National Plastics' behalf.

Plaintiff complains National Plastics did not "identify where the newly prepared containers were sent." Motion to Compel at 12. Curiously, that information is not sought by the interrogatory, at least as National Plastics understands the term "processed." Plaintiff's complaint, in the face of National Plastics' good faith effort to respond in full, underscores the propriety of National Plastics' objections. Clearly the term "processed" is vague. It is overbroad because it is not limited in scope as to time. If interpreted to request specific information as to each container, its overbreadth and burdensome nature is clear over even a single year. To the extent Plaintiff seeks greater detail as to the handling and re-loading of the Excess Material, National Plastics objects on grounds of relevance and that such information is proprietary the subject of trade secret.

**E. Interrogatory No. 13**

Interrogatory No. 13 is unduly burdensome and overbroad as it is not limited in scope, particularly in light of nearly 16 years of dealing between Plaintiff and National Plastics. National Plastics produced all written documents relating to the claims at issue in this case. Plaintiff's expert disclosures discuss many of these and attribute dollar amounts to the claims.

The documents reviewed and considered by National Plastics' expert, Mr. Opp, have been available to and in the possession of Plaintiff since October 2006. Plaintiff was obviously a party to much of the communication relating to the information requested by this interrogatory, particularly as it relates to Plaintiff's response to and resolution of these issues. National Plastics cannot be forced to prepare Plaintiff's defense to its counterclaims. National Plastics has produced all information responsive to this interrogatory that is currently available and will supplement its response with additional information that may be discovered.

**F. Interrogatory No. 14**

National Plastics is essentially a broker in the business of selling Plaintiff's Excess Material in the Asian market. National Plastics' customer list is a protected trade secret. Details of its transactions with those customers are propriety information. Plaintiff complains this information is necessary to evaluate National Plastics' counterclaims. However, Plaintiff has financial accounting and tax records for National Plastics and can fully evaluate National Plastics' counterclaims on the records available. The expert disclosure of Terry Lam of T&T Group describes the impact Plaintiff's conduct has had on National Plastics and the Asian market. Other documents produced in this case and depositions taken to date discuss these matters. National Plastics will not provide a list of customer and detailed description of transactions but will otherwise supplement this interrogatory with additional information that may be obtained through ongoing discovery.

**G. Interrogatory No. 15**

By Interrogatory No. 15, Plaintiff seeks information relating to the identity of individuals who removed Excess Material *from Plaintiff's facilities*. Certainly the removal of Excess

Material from Plaintiff's facilities did not occur without the involvement of Plaintiff's own employees. National Plastics leaves Plaintiff to identify its own employees. To the extent the request is directed to persons acting on behalf of National Plastics, the documents produced and the testimony of Mr. Watts and Plaintiff's own employees make clear the removal of Excess Material from Plaintiff's facilities was handled by Wayne Warner and JTS. Plaintiff has subpoenaed the records of JTS and been in contact with Mr. Warner. Both Mr. Warner and JTS were identified in National Plastics' initial disclosures and all documents relating to the removal of Excess Material by Mr. Warner and JTS were produced to Plaintiff in October 2006. National Plastics responded fully to this interrogatory.

**H. Interrogatories Nos. 16 and 17**

These two interrogatories seek information relating to National Plastics' assessment of the parties' alleged damages. National Plastics stated in response to these interrogatories that the information requested was the subject of expert testimony and the responses would be supplemented pursuant to the deadlines and terms of Rule 26(a)(2). National Plastics did supplement its responses with the expert report of Mr. Jeffrey Opp, a forensic accountant.

National Plastics is seeking the economic damages set out in the report of Mr. Opp, properly disclosed pursuant to rule 26(a)(2), as well as damages in tort in an amount to be determined at trial. Plaintiff moves to compel "specific and substantive" answers to these interrogatories when, in reality, is simply does not like the specific and substantive answers is received. That is not a proper basis for a motion to compel.

**I. Interrogatory No. 18**

As with Interrogatory No. 8, discussed above, Plaintiff's complaint with regard to Interrogatory No. 18 is perplexing. Apparently the complaint is directed to the quantity and quality of information provided in support of National Plastics' affirmative defenses. National Plastics bears the burden of proof on these defenses and proceeds subject to the disclosure requirements of the Rules and the obligation to supplement its discovery responses accordingly. With discovery ongoing and depositions remaining, National Plastics' response to Interrogatory No. 18 is complete at this time.

**J. Interrogatory No. 19**

This interrogatory is objectionable on grounds it is overbroad and compound. Taken on its face, it seeks any and all information relevant to the claims or defenses of the parties to this action. The interrogatory clearly seeks attorney work product and attorney-client protected communications. National Plastics has produced all non-privileged documents and identified all known potential witnesses.

**IV. ALL NON-PRIVILEGED DOCUMENTS HAVE BEEN IN PLAINTIFF'S POSSESSION SINCE OCTOBER 2006**

National Plastics produced all non-privileged documents related to the claims and defenses in this action in October 2006 in a form agreed upon by the parties. Now, Plaintiff seems to think that because no new documents have been produced, an order compelling further production is needed. The result of such an order would be *another* sworn statement by National Plastics that it has no additional documents. Plaintiff's Motion to Compel, as it relates to its requests for production of documents, is unnecessary and wastes the Court's time.

## V. CONCLUSION

National Plastics has been forthcoming in its discovery since its initial disclosures. Plaintiff's Motion to Compel is a result of Plaintiff not being satisfied that all documents have been produced and all witnesses identified. The information sought by this discovery is either not available to National Plastics, equally available to Plaintiff, or otherwise in the possession of non-parties over whom National Plastics has no control. Much of the information is contained in the documents themselves as well as the deposition testimony. Plaintiff's Motion to Compel should be denied.

Defendant,
T G PLASTICS TRADING CO. INC. d/b/a
NATIONAL PLASTICS TRADING CO.
By its attorneys,

/s/ Perry L. Glantz

Perry L. Glantz, Esq. (*Pro Hac Vice*)
R. Kirk Mueller, Esq. (*Pro Hac Vice*)
Fognani & Faught, PLLC
1700 Lincoln Street, Suite 2222
Denver, CO 80203
Telephone: 303-382-6200
Facsimile: 303-382-6210

Ronald W. Del Sesto, Esq. (#0242)
DEL SESTO LAW
49 Weybosset Street,
Providence, Rhode Island 02903
Telephone: 401.421.1492
Facsimile: 401.421.9080

Dated: April 2, 2007

## CERTIFICATION

I hereby certify that on the 2nd day of April, 2007, a true and accurate copy of the foregoing was electronically filed with the U.S. District Court for the District of Rhode Island and served electronically via the Court's ECF system and served upon Jeffrey S. Brenner, Esq. Nixon Peabody LLP, Suite 500, One Citizens Plaza, Providence, RI 02903.

/s/ Perry L. Glantz, Esq.