UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC.<br><br>Plaintiff,<br><br>v.<br><br>T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO., and PLANET EARTH RECYCLING INC.,<br><br>Defendants. | : | C.A. No. 06-219-ML |

**DEFENDANT PLANET EARTH RECYCLING INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE ADDITIONAL DOCUMENTS AND FOR MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Defendant Planet Earth Recycling Inc. ("Planet Earth"), by and through its counsel, respectfully submits this brief in opposition to Plaintiff's Motion to Compel Defendant to Produce Additional Documents and for More Responsive Answers to Interrogatories (together with supporting memorandum "Motion to Compel").

## I. PLANET EARTH DID NOT DO BUSINESS WITH PLAINTIFF AND IS NOT SUBJECT TO PERSONAL JURISDICTION

Planet Earth never transacted business with Plaintiff and therefore has no information or documents responsive to Plaintiff's discovery requests. By motion filed contemporaneously with this response, Planet Earth moves to dismiss for lack of personal jurisdiction. Planet Earth's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction, along with its supporting memorandum, is incorporated herein by reference. Upon dismissal of Planet Earth from this action pursuant to Rule 12(b)(2), Plaintiff's Motion to Compel will be rendered moot and properly denied.

## II. ALL RESPONSIVE DOCUMENTS AND INFORMATION WAS PRODUCED AND DISCLOSED BY DEFENDANT NATIONAL PLASTICS

As set out in Planet Earth's challenge to personal jurisdiction, its involvement in this case is the result of Plaintiff's internal accounting practices and not due to any meaningful contacts between Planet Earth and Plaintiff. Any and all documents that related to Planet Earth and bear in any way on the claims and defenses of the parties are in the possession and control of Defendant National Plastics Trading Co. ("National Plastics") and were produced to Plaintiff in October 2006 with National Plastics' initial Rule 26 disclosures. The adequacy of National Plastics' responses to Plaintiff's discovery is the subject of another motion.

## II. PLANET EARTH'S OBJECTIONS ARE PROPER UNDER THE RULES GIVEN THE BROAD, UNCLEAR NATURE OF PLAINTIFF'S REQUESTS AND THE FACT THAT DISCOVERY IS ONGOING

Plaintiff takes exception to most, if not all, of Planet Earth's objections. Its chief complaint appears to be that objections must be "stated separately for each interrogatory or document request." Motion to Compel at 4. Though nothing in the Local Rules of the District Court for the District of Rhode Island addresses general objections to interrogatories, let alone prohibits their assertion, *see* LR Cv 33 (Interrogatories), the Local Rules simply require, consistent with the federal rules, that objections to requests for production, and the grounds therefor, be stated separately. LR Cv 34 (Requests for Production). Planet Earth's objections were stated specifically and separately. Plaintiff's own brief makes this clear as it argues the applicability of the objections stated in response to each specific request. Planet Earth objected to each and every interrogatory and request for production with a separate objection and answered the discovery subject to those objections.

## III. PLANET EARTH FULLY RESPONDED TO PLAINTIFF'S INTERROGATORIES

The information sought by Plaintiff is largely knowledge possessed by itself and non-parties over whom Planet Earth has no control. Nevertheless, Plaintiff maintains its position that Planet Earth must pursue discovery of these non-parties on Plaintiff's behalf simply because Plaintiff refuses to prepare its own case. That shift of responsibility is not contemplated by the Rules.

### A. Interrogatory No. 2

This interrogatory specifically requests information from Planet Earth relating to knowledge held by persons known by Planet Earth or anyone acting on behalf of Planet Earth. This includes Planet Earth's counsel, so the objections on grounds of attorney-client privilege and work product protection are appropriate. Planet Earth did not do business with Plaintiff and has no knowledge or information responsive to this interrogatory. The identity of Planet Earth's employees is not relevant to disputed facts.

### B. Interrogatories Nos. 5, 6, 7, and 9

Plaintiff argues these interrogatories properly seek information relating to Planet Earth's challenge to personal jurisdiction. In response to these interrogatories, Planet Earth informs Plaintiff there are no contacts between Planet Earth and any business in Rhode Island. That should end the inquiry as a discovery matter. Planet Earth refers the Court to its motion to dismiss on jurisdictional grounds for discussion of Planet Earth's alleged contacts with Plaintiff and Rhode Island.

**C. Interrogatory No. 8**

The request is overbroad as it is not limited in time and vague as to several terms, including "marketing activities" and "business development activities." Nevertheless, Planet Earth fully responded to this interrogatory. Plaintiff is free to conduct discovery of Mr. Goderstad's activities in Rhode Island as they relate to National Plastics' business.

**D. Interrogatory No. 10**

Planet Earth's "yearly total sales figures" relate to sales that occurred in Wisconsin and do not include any sales of Excess Material purchased from Plaintiff. They are not relevant to the case at bar.

**E. Interrogatories No. 13 and 14**

Interrogatories No. 13 and 14 seek the identity of Planet Earth's officers, directors, agents or representatives who, over the life of the company, have "ever visited Rhode Island for any reason," including Mr. Goderstad. Motion to Compel at 9. Planet Earth fully responded to this request, referring Plaintiff to Mr. Goderstad's visits to Rhode Island on behalf of National Plastics.

**IV. PLANET EARTH DOES NOT HAVE ANY DOCUMENTS RESPONSIVE TO PLAINTIFF'S REQUESTS**

Plaintiff transacted business with National Plastics, not Planet Earth. To the extent any documents relevant to the facts of this case make reference to Planet Earth, they have been produced. These are predominantly invoices generated by Plaintiff, sent to "Planet Earth" but paid by National Plastics. Planet Earth has no documents responsive to any of Plaintiff's requests or otherwise subject to disclosure.

As to Request No. 9, Planet Earth did not sell any products and/or services or transact any business in Rhode Island. There are no documents responsive to this request.

Request No. 10 demands Planet Earth's "yearly total sales figures." As discussed above, Planet Earth's sales do not in any way involved or related to Excess Material removed from Plaintiff's facilities. The request seeks information not relevant to the claims and defenses of this case.

## V. CONCLUSION

Planet Earth should be dismissed from this action for lack of personal jurisdiction, as set for in its motion to dismiss. Planet Earth responded fully to Plaintiff's discovery, particularly in light of the fact Planet Earth never transacted any business and never established any contacts in Rhode Island. Planet Earth's involvement in this action is a fiction devised by Plaintiff's accounting department for its own reasons, none of which subject Planet Earth to the personal jurisdiction of the Court. There is no basis to compel production of documents and information from a business unrelated to Plaintiff's claims and National Plastics' counterclaims. All claims against Planet Earth should be dismissed and the Motion to Compel denied as moot.

Defendant,
PLANET EARTH RECYCLING INC.
By its attorneys,

/s/ Perry L. Glantz
Perry L. Glantz, Esq. (*Pro Hac Vice*)
R. Kirk Mueller, Esq. (*Pro Hac Vice*)
Fognani & Faught, PLLC
1700 Lincoln Street, Suite 2222
Denver, CO 80203
Telephone: 303-382-6200
Facsimile: 303-382-6210

Ronald W. Del Sesto, Esq. (#0242)
DEL SESTO LAW
49 Weybosset Street,
Providence, Rhode Island 02903
Telephone: 401.421.1492
Facsimile: 401.421.9080

Dated: April 2, 2007

**CERTIFICATION**

I hereby certify that on the 2nd day of April, 2007, a true and accurate copy of the foregoing was electronically filed with the U.S. District Court for the District of Rhode Island and served electronically via the Court's ECF system and served upon Jeffrey S. Brenner, Esq. Nixon Peabody LLP, Suite 500, One Citizens Plaza, Providence, RI 02903.

/s/ Perry L. Glantz, Esq.