UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. | : | |
| | : | |
| V. | : | C.A. No. 06-219/ML |
| | : | |
| T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO. and PLANET EARTH RECYCLING INC. | : | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE A PRIVILEGE LOG WHICH COMPLIES WITH THE RULES OF CIVIL PROCEDURE OR TO PRODUCE DOCUMENTS WITHHELD AS PRIVILEGED**

Plaintiff Toray Plastics (America), Inc. moves for an Order compelling Defendant T G Plastics Trading Co. d/b/a National Plastics and Defendant Planet Earth Recycling Inc. to produce a privilege log which complies with the Rules of Civil Procedure or to produce documents withheld as privileged. Plaintiff relies upon the attached Memorandum in Support of its Motion.

Plaintiff,
Toray Plastics (America), Inc.,
By its Attorney,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
E-mail: JBrenner@nixonpeabody.com

Dated: April 19, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, Ronald W. Del Sesto, Esq., at litigation@in-ri.net, and Perry L. Glantz, Esq., at PGlantz@fornanilaw.com, identified on the Notice of Electronic filing (NEF), on this 19th day of April, 2007.

/s/ Jeffrey S. Brenner

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. | : | |
| | : | |
| V. | : | C.A. No. 06-219/ML |
| | : | |
| T G PLASTICS TRADING CO. INC. d/b/a NATIONAL PLASTICS TRADING CO. and PLANET EARTH RECYCLING INC. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE A PRIVILEGE LOG WHICH COMPLIES WITH THE RULES OF CIVIL PROCEDURE OR TO PRODUCE DOCUMENTS WITHHELD AS PRIVILEGED**

Plaintiff Toray Plastics (America), Inc. ("Toray") submits this Memorandum in support of its Motion to Compel Defendant T G Plastics Trading Co. d/b/a National Plastics ("National Plastics") and Defendant Planet Earth Recycling Inc. ("Planet Earth") to produce a privilege log which complies with the Rules of Civil Procedure or to produce documents withheld as privileged.

I. FACTUAL AND PROCEDURAL BACKGROUND OF THE CASE

Toray manufactures oriented polyester ("PET") and oriented polypropylene ("OPP") film products for consumer packaging and industrial applications. See Verified Complaint ¶6. In connection with PET and OPP manufacturing, Toray has material that does not meet its specifications for its manufacturing process (the "Excess Material"). Id. ¶8. The Excess Material for PET is material that does not meet specification. See Answer to Counterclaim ¶6. The Excess Material for OPP is material that does not meet specification and includes material that is aged, defined as over twelve (12) months old, or obsolete. Id.

Since the early 1990's, Toray contracted with National Plastics, Planet Earth, and/or their predecessor business entities to remove the Excess Material from Toray's manufacturing facility. See Verified Complaint ¶10. After National Plastics and Planet Earth removed the Excess

Material from Toray, they processed the Excess Material at their facilities in Rhode Island and elsewhere, and they sold the processed Excess Material to their customers, primarily outside of the United States. See Verified Complaint ¶11. Toray invoiced National Plastics and Planet Earth for the Excess Material on a regular basis. Id. ¶12. The invoices are based upon the classification and weight of the Excess Material multiplied by the price per pound which has been previously agreed upon between the parties. Id.

National Plastics and Planet Earth did not fully perform under the agreement because they did not remain within the agreed upon payment terms and they did not substantiate their claims in the agreed upon manner or timeframe. See Answer to Counterclaim ¶13. See also Verified Complaint. Moreover, in February 2006, National Plastics and Planet Earth belatedly asserted undefined claims for product received from Toray in 2005 after Toray had decided to reduce the product provided to National Plastics and Planet Earth from 100% to 75% of the total Excess Material.

National Plastics owes Toray $483,831.29 for unpaid invoices, and Planet Earth owes Toray $999,841.69 for unpaid invoices. These unpaid invoices total $1,483,672.98. See Verified Complaint ¶¶19-27. Toray's Verified Complaint seeks damages pursuant to breach of contract, book account, and quantum meruit/unjust enrichment causes of action. National Plastics has filed a Counterclaim against Toray for breach of contract, breach of the covenant of good faith and fair dealing, breach of the implied warranty of merchantability, and tortious interference with advantageous and prospective relationships. National Plastics alleges damages ranging from $1M to $5M depending on the pleading.

The parties exchanged their Rule 26(a) initial disclosures before commencing discovery. Thereafter, Toray served Defendants with Interrogatories and Requests for Production of Documents. Defendants' responses to Toray's discovery requests asserted inappropriate objections, were incomplete, and were otherwise deficient. Toray has submitted motions to compel Defendants to produce additional documents and more responsive answers to interrogatories. These motions are pending before the Court.

On February 22, 2007, Toray received Defendants' Privilege Log. As explained below, Defendants' Privilege Log is deficient as a matter of law because it does not comply with the Rules of Civil Procedure and it fails to provide sufficient information to permit Toray to evaluate the basis for withholding the purportedly privileged documents. See Exhibit 1 (Privilege Log). Counsel have conferred in good faith to discuss this discovery dispute.

## II. STANDARDS GOVERNING THE ADEQUACY OF A PRIVILEGE LOG

The Rule 26(b)(5) of the Federal Rules of Civil Procedure require that when a party withholds otherwise relevant information by claiming it is privileged or subject to protection as trial preparation material, that party "shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that. . . will enable other parties to assess the applicability of the privilege or protection." See also Fed. R. Civ. P. 45(d)(2) (When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim). Moore's Federal Practice also provides guidance as to the requisite detail a privilege log should contain to permit a party to determine whether each document or communication is potentially protected from disclosure. According to Moore's, for each document or communication, the privilege log should contain:

1. A brief description or summary of the content of the document or communication
2. The date the document was prepared
3. The name(s) of the person(s) who prepared the document
4. The person to whom the document was directed, or for whom it was prepared
5. The purpose for preparing the document or communication
6. The privilege or privileges asserted for the document or communication, and
7. How the document or communication satisfies the asserted privilege or privileges

MOORE'S FEDERAL PRACTICE ¶ 26.90 [2] (6th ed. 2005).

Rhode Island law mandates similar benchmarks with respect to the adequacy of privilege logs. For example, in Donegan v. Jackson, 2005 R.I. Super. LEXIS 9, *6 (March 4, 2005), the Rhode Island Superior Court found the defendant's privilege log to be "woefully inadequate" where it presented a list of 47 documents by title and asserted the peer review privilege for most of the entries. As for other withheld documents, the defendant merely stated that portions were redacted "on grounds of confidentiality." Id. The Court held that most of the document titles were not self-explanatory and thus failed to provide any description that could "enable other parties to assess the applicability of the privilege or protections" pursuant to Rhode Island Rule of Civil Procedure 26(b)(5). The Court granted the plaintiff's motion to compel the withheld documents. Id. See also Ordner v. K-H Corp., 1999 U.S. Dist. LEXIS 20887, ** 4-5 (March 12, 1999) (holding that privilege log was not an exemplar for future privilege logs, but adequately described withheld documents where it listed a description of the document, its date, the sender, the receiver, and the privileges claimed).

## III. DEFENDANTS' PRIVILEGE LOG IS DEFICIENT UNDER THE STANDARDS GOVERNING PRIVILEGE LOGS

Defendants' privilege log falls far short of the detail that Fed.R.Civ.P. 26(b)(5) requires. Defendants have withheld every document on their privilege log on the grounds that the documents contain protected work product and/or are privileged attorney-client communications. However, Defendants have failed to describe the withheld documents at issue in sufficient detail for Toray or this Court to conclude whether the withheld documents contain confidential communications, mental impressions, conclusions, opinions or legal theories properly encompassed by the attorney client privilege and work product doctrine.

Specifically, Defendants' privilege log does not indicate who created the document and who received the document. Additionally, the summary manner in which Defendants describe the withheld documents fails to provide any basis for application of

the asserted privileges. Defendants have also withheld materials from T&T Group, a non-party and a "non-retained expert" in this case, that could not possibly be privileged and should be produced. Therefore, Defendants should be directed to provide a more responsive privilege log to Toray that complies with the standard for privilege logs described above. At a minimum, the privilege log must set forth the identities, titles, and roles of the authors, recipients, and individuals copied on these purportedly privileged documents, and the purpose of the communications and documents. Defendants should further explain the reason the documents are being withheld, with sufficient detail for Toray to evaluate the basis for the privilege assertion.

## IV. CONCLUSION

For the reasons stated above, Toray requests an Order compelling Defendants to provide a more responsive privilege log or to produce the withheld documents within thirty (30) days from the date of the hearing of this Motion.

Plaintiff,
Toray Plastics (America), Inc.,
By its Attorney,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
E-mail: JBrenner@nixonpeabody.com

Dated: April 19, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, Ronald W. Del Sesto, Esq., at litigation@in-ri.net, and Perry L. Glantz, Esq., at PGlantz@fornanilaw.com, identified on the Notice of Electronic filing (NEF), on this 19th day of April, 2007.

/s/ Jeffrey S. Brenner