UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TORAY PLASTICS (AMERICA), INC. | : | |
| | : | |
| v. | : | C.A. No. 06-219ML |
| | : | |
| TG PLASTICS TRADING CO., INC., et al. | : | |
| | : | |

**DISCOVERY MANAGEMENT ORDER**

Before this Court are Plaintiff's Motions to Compel Production of Additional Documents and More Responsive Interrogatory Answers from Defendants. (Document Nos. 32 and 33). Defendants have objected to both Motions. (Document Nos. 37 and 38). Both of these Motions have been referred to me for determination by Chief Judge Lisi. A hearing was scheduled for April 25, 2007 on the Motions, but it was continued at Defendants' request (with Plaintiff's assent) purportedly "to conserve the resources of the parties and the Court." Plaintiff recently filed a third Motion to Compel Defendants to Produce a Privilege Log (Document No. 40) which is not yet ripe for determination.

This is a contract dispute. Plaintiff claims that it has not been paid for materials provided under an excess materials agreement. Defendant National Plastics contends that it is excused from payment by Plaintiff's material breaches and counterclaims for its claimed damages. Defendant Planet Earth disputes personal jurisdiction. While this Court does not underestimate the importance of this case to the parties, it appears to be a rather straight-forward commercial dispute. The parties are represented by experienced commercial lawyers who are zealously representing their respective client's interests. However, despite the experience of the lawyers involved in this case, the parties

appear unable to conduct and complete pretrial discovery without significant intervention by the Court.

Plaintiff's Motions to Compel are directed at a total of twenty-two interrogatories and its "entire" document requests which consist of over forty specific requests not including subparts. In other words, there is a disagreement over the adequacy of Defendants' responses to most of Plaintiff's written discovery requests. This is not the first contract case of this type ever litigated and this Court seriously doubts that the attorneys in this case have never before been involved in a case involving at least similar allegations. Thus, it is unlikely that the type of discovery issues presented in this case have never been confronted by the attorneys in past cases.

In Plaintiff's Memoranda of Law, Plaintiff's counsel certifies "Counsel have conferred in good faith to discuss this discovery dispute." Other than citation to an exchange of strongly worded letters (see Document Nos. 32 and 33, Exs. 10 and 11), Plaintiff's counsel does not describe these efforts in any way – i.e., Were the efforts by phone? Face to face? How long was spent? Was anything resolved? etc. Under Fed. R. Civ. P. 37(a)(2)(B), Plaintiff is required to "confer" in good faith "in an effort to secure the information or material without court action." This Court firmly believes that the system is more efficient and the parties better served by taking a reasonable and cooperative approach to discovery. As counsel know, most discovery disputes are not case dispositive and simply add delay and increased expenses to the case. The attorneys, with their experience in the subject matter and detailed knowledge of this case, are in a much better position to address these issues than is this Court who has had only sporadic involvement with this matter.

Confer has been defined as "to hold conversation or conference," Webster's Third New Int'l Dictionary (1967), "to hold a conference; consult together," Webster's II New Riverside Univ. Dictionary (1984), and "to hold a conference; compare views; consult together." The American

Heritage Dictionary (1971). However defined, the duty to confer is surely not met by a single exchange of strongly-worded letters. See, e.g., Payless Shoesource Worldwide, Inc. v. Target Corp., 237 F.R.D. 666 (D. Kan. 2006); and Hoelzel v. First Select Corp., 214 F.R.D. 634 (D. Colo. 2003). The concept is to discuss the issues of disagreement and "attempt to reach an agreement, including by compromise if appropriate." Hoelzel, 214 F.R.D. at 636. From Plaintiff's Motions and Defendants' Objections, there is no indication that any discussion, beyond a single exchange of letters, ever took place regarding this discovery dispute.

Thus, pursuant to Fed. R. Civ. P. 37(a)(2)(B), Plaintiff's counsel and Defendants' counsel are ordered to hold a discovery conference and to confer in good faith in an effort to resolve all of the disputes presented in Plaintiff's pending discovery Motions (Documents Nos. 32, 33 and 40). Following this conference, counsel are directed to submit a joint report (not exceeding five pages) to the Court detailing the efforts to resolve each of the disputes (including the length and form of the conference) and to advise the Court as to the remaining items (if any) in dispute after the conference. After reviewing the report, the Court will take the matter under advisement and take further action on the Motions as deemed appropriate. The joint report shall be submitted to the Court by May 18, 2007.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 27, 2007